# EXHIBIT E

## TO REQUEST FOR JUDICIAL NOTICE

## Case Information

A-14-711099-C | Motorola Solutions Inc, Plaintiff(s) vs. Harold Pick, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-14-711099-C | Department 26 | Sturman, Gloria |
| File Date | Case Type | Case Status |
| 12/12/2014 | Other Civil Matters | Dismissed |

## Party

**Plaintiff**
Motorola Solutions Inc

   Aliases
   *FKA* Motorola Inc

Active Attorneys ▾
Lead Attorney
Mazur, Michael D.,
ESQ
Retained

**Defendant**
Pick, Harold

Active Attorneys ▾
Lead Attorney
Olsen, Eric R.
Retained

Attorney
Lee, Michael B.
Retained

Attorney
Ciciliano, Dylan T.
Retained

99

Assignee (Participant)
Francis, Jay

Active Attorneys ▾

Lead Attorney
Lee, Michael B.
Retained

Attorney
Matthis, Michael N.
Retained

# Disposition Events

05/08/2017 Judgment ▾

Judicial Officer
Sturman, Gloria

Judgment Type
Order

Monetary Judgment

    Debtors: **Harold Pick (Defendant)**

    Creditors: **Motorola Solutions Inc (Plaintiff)**

    Judgment: **05/08/2017** Docketed: **05/09/2017**

    Total Judgment: **$300.00**

05/08/2017 Judgment ▾

Judicial Officer
Sturman, Gloria

Judgment Type
Sanctions

Monetary Judgment

    Debtors: Harold Pick (Defendant)

    Creditors: Motorola Solutions Inc (Plaintiff)

    Judgment: 05/08/2017 Docketed: 05/09/2017

    Total Judgment: $2,500.00

---

05/08/2017 Judgment ▾

---

Judicial Officer
Sturman, Gloria

Judgment Type
Sanctions

---

Monetary Judgment

    Debtors: Harold Pick (Defendant)

    Creditors: Motorola Solutions Inc (Plaintiff)

    Judgment: 05/08/2017 Docketed: 05/15/2017

    Total Judgment: $2,800.00

---

09/01/2017 Judgment ▾

---

Judicial Officer
Sturman, Gloria

Judgment Type
Order of Dismissal Without Prejudice

---

Monetary Judgment

    Debtors: Motorola Solutions Inc (Plaintiff)

    Creditors: Mercy M Abraham (Defendant)

    Judgment: 09/01/2017 Docketed: 09/01/2017

---

06/13/2018 Judgment ▾

101

Judicial Officer
Sturman, Gloria

Judgment Type
Order of Dismissal

---

Monetary Judgment

    Debtors: Motorola Solutions Inc (Plaintiff)

    Creditors: Harold Pick (Defendant)

    Judgment: 06/13/2018 Docketed: 06/13/2018

---

09/28/2018 Judgment ⌄

---

Judicial Officer
Sturman, Gloria

Judgment Type
Order

---

Monetary Judgment

    Debtors: Motorola Solutions Inc (Plaintiff)

    Creditors: Harold Pick (Defendant)

    Judgment: 09/28/2018 Docketed: 09/28/2018

    Total Judgment: $30,507.49

---

04/16/2019 Judgment ⌄

---

Judicial Officer
Sturman, Gloria

Judgment Type
Order

---

Monetary Judgment

    Debtors: Motorola Solutions Inc (Plaintiff)

    Creditors: Mercy M Abraham (Defendant)

    Judgment: 04/16/2019 Docketed: 04/16/2019

102

Total Judgment: $45,500.00

    Comment: Brent Bryson

Monetary Judgment

    Debtors: Motorola Solutions Inc (Plaintiff)

    Creditors: Mercy M Abraham (Defendant)

    Judgment: 04/16/2019 Docketed: 04/16/2019

    Total Judgment: $6,512.50

    Comment: For Michael Lee

---

## Events and Hearings

12/12/2014 Case Opened

12/12/2014 Complaint ▾

    Comment
    Complaint

12/12/2014 Initial Appearance Fee Disclosure ▾

    Comment
    Initial Appearance Fee Disclosure

12/12/2014 Disclosure Statement ▾

    Comment
    Plaintiff Motorola Solutions, Inc., f/k/a Motorola, Inc.'s NRCP 7.1
    Disclosure Statement

12/15/2014 Notice of Lis Pendens ▾

    Comment
    Notice of Lis Pendens

01/21/2015 Summons Issued ▾

Comment
Summons Civil Harold Pick

01/27/2015 Summons ▾

Comment
Summons - Civil Mercy M. Abraham

02/05/2015 Application for Entry of Default ▾

Comment
Application for Entry of Default on Harold Pick

02/09/2015 Default ▾

Comment
Default of Defendant Harold Pick

02/10/2015 Application for Entry of Default ▾

Comment
Application for Entry of Default of Mercy M. Abraham

02/20/2015 Default ▾

Comment
(Set Aside 8/12/16) Default of Defendant Mercy M. Abraham

03/30/2015 Notice ▾

Comment
Notice of Removal of State Court Civil Action to Federal District Court
Pursuant to 28 U.S.C. Section 1332, 1441 and 1446

10/13/2015 Order of Remand from Federal Court ▾

Comment
Order Remanding Plaintiff's Motion to Remand (Dkt. no. 13)

12/21/2015 Application for Default Judgment ▾

Comment
Application for Entry of Default Judgment of Harold Pick

12/21/2015 Application for Default Judgment ▾

Comment
Application for Entry of Default Judgment of Mercy M. Abraham

01/13/2016 Substitution of Attorney ▼

Comment

Substitution of Attorney

01/15/2016 Stipulation and Order ▼

Comment

Stipulation and Order

01/19/2016 Motion to Set Aside ▼

Comment

Deft. Harold Pick's Motion to Set Aside Default on Shortened Time

01/19/2016 Opposition ▼

Comment

Opposition To "Application For Entry Of Default Judgment Of Harold
Pick"; And Memorandum Of Points And Authorities In Support
Thereof

01/19/2016 Opposition ▼

Comment

Opposition to Application for Entry of Default Judgment

01/20/2016 Initial Appearance Fee Disclosure ▼

Comment

Initial Appearance Fee

01/21/2016 Initial Appearance Fee Disclosure ▼

Comment

Initial Appearance Fee Disclosure (NRS Chapter 19)

01/21/2016 Errata ▼

Comment

Errata

01/28/2016 Joinder To Motion ▼

Comment

Defendant Mercy M. Abraham's Joinder to Defendant Harold Pick's
Motion to Set Aside Default on Order Shortening Time

02/08/2016 Opposition ▼

Comment

Opposition to Defendant Harold Pick's Motion to Set Aside Default

02/16/2016 Reply in Support ▾

Comment
Reply In Support Of Motion To Set Aside Default

02/18/2016 Reply to Opposition ▾

Comment
Reply to Mercy M. Abraham's Opposition to Application for Entry of
Default Judgment

02/18/2016 Reply to Opposition ▾

Comment
Reply to Opposition to Application for Entry of Default Judgment of
Harold Pick

02/23/2016 Motion for Default Judgment ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Moot

Comment
Application for Entry of Default Judgment of Harold Pick

02/23/2016 Motion for Default Judgment ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Moot

Comment
Application for Entry of Default Judgment of Mercy M. Abraham

02/23/2016 Motion to Set Aside ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Moot

02/23/2016 Joinder ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Moot

Comment
Defendant Mercy M. Abraham's Joinder to Defendant Harold Pick's Motion to Set Aside Default on Order Shortening Time

02/23/2016 All Pending Motions ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Moot

02/24/2016 Stipulation and Order ▾

Comment
Stipulation and Order to Continue Hearings

02/25/2016 Notice of Entry of Stipulation and Order ▾

Comment
Notice of Entry of Stipulation and Order to Continue Hearing

03/29/2016 All Pending Motions ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Matter Heard

Parties Present ▲
Defendant

Attorney: Olsen, Eric R.

107

04/05/2016 Stipulation and Order ▾

Comment
Stipulation and Order to Continue Hearing

04/06/2016 Evidentiary Hearing ▾

Judicial Officer
Sturman, Gloria

Hearing Time
1:30 PM

Cancel Reason
Vacated - per Stipulation and Order

Comment
Evidentiary Hearing Re: Abraham's Joinder to Set Aside Default; Pick's Motion to Set Aside

04/13/2016 Notice of Entry of Stipulation and Order ▾

Comment
Notice of Entry of Stipulation and Order to Continue Hearing

06/17/2016 Exhibits ▾

Comment
Defendant Abraham Evidentiary Hearing Exhibits 1 and 2

06/17/2016 Exhibits ▾

Comment
Plaintiff's Evidentiary Hearing Exhibits

06/20/2016 Motion to Set Aside ▾

Judicial Officer
Sturman, Gloria

Hearing Time
1:30 PM

Result
Matter Continued

06/20/2016 Joinder ▾

Judicial Officer
Sturman, Gloria

Hearing Time
1:30 PM

108

Result
Motion Granted

Comment
Joinder to Motion to Set Aside

06/20/2016 All Pending Motions ▾

Judicial Officer
Sturman, Gloria

Hearing Time
1:30 PM

Result
Matter Heard

Parties Present▲
Defendant

Attorney: Olsen, Eric R.

07/12/2016 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings Motion to Set Aside; Joinder to Motion to Set Aside Monday, June 20, 2016

07/18/2016 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings Deft's Motion to Set Aside Default on Shortened Time Defendant Mercy M. Abraham's Joinder to Defendant Harold Pick's Motion to Set Aside Default on Order Shortening Time Tuesday, March 29, 2016

07/28/2016 Stipulation and Order ▾

Comment
Stipulation and Order to Extend Briefing and Continue Hearing

07/28/2016 Notice of Entry ▾

Comment
Notice of Entry of Stipulation and Order to Extend Briefing and Continue Hearing

08/12/2016 Order Granting Motion ▾

Comment
Order Granting Defendant Mercy M. Abraham's Joinder in Motion to Set Aside Default

08/18/2016 Notice of Entry of Order ▾

Comment

Notice of Entry of Order Granting Defendant Mercy M. Abraham's Joinder in Motion to Set Aside Default

---

08/25/2016 Motion for Sanctions ▾

Comment

Motion for Sanctions Against Raymond H. Aver, Esq., and to Partially Modify Order Regarding Plaintiff's Motion to Remand

---

08/26/2016 Receipt of Copy ▾

Comment

Receipt of Copy for Motion for Sanctions Against Raymond H. Aver, Esq., and to Partially Modify Order Regarding Plaintiff's Motion to Remand

---

08/29/2016 Stipulation and Order ▾

Comment

Stipulation and Order to Continue Hearing

---

08/30/2016 Notice of Entry of Stipulation and Order ▾

Comment

Notice of Entry of Stipulation and Order to Continue Hearing

---

09/01/2016 Answer ▾

Comment

Defendant Mercy M. Abraham's Answer to Complaint

---

09/13/2016 Opposition to Motion ▾

Comment

Opposition to "Motion for Sanctions Against Raymond H. Aver, Esq., and to Partially Modify Order Regarding Plaintiff's Motion to Remand"; Memorandum of Points and Authorities and Declaration(s) in Support Thereof

---

09/16/2016 Supplement to Opposition ▾

Comment

Supplemental Opposition to Defendant Harold Pick's Motion to Set Aside Default

---

09/22/2016 Supplemental Brief ▾

Comment

Defendant Pick's Supplemental Brief in Support of the Motion to Set Aside Default Judgment

---

09/23/2016 Reply in Support ▾

110

Comment
Reply in Support of Motion for Sanctions Against Raymond H. Aver, Esq., and to Partially Modify Order Regarding Plaintiff's Motion to Remand

09/27/2016 Motion for Sanctions ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Motion Denied

Comment
Motion for Sanctions Against Raymond H. Aver, Esq., and to Partially Modify Order Regarding Plaintiff's Motion to Remand

Parties Present ▲
  Defendant

      Attorney: Olsen, Eric R.

10/06/2016 Motion to Compel ▼

Comment
Defendant Mercy M. Abraham's Motion to Compel Motorola Solutions, Inc. to Demonstrate That Pursuant to NRCP 17A That Motorola Solutions, Inc. is a Real Party in Interest and Has Standing to Bring and Maintain the Instant Action

10/13/2016 Stipulation and Order ▼

Comment
Stipulation and Order to Continue Hearing

10/14/2016 Notice of Entry of Stipulation and Order ▼

Comment
Notice of Entry of Stipulation and Order to Continue Hearing

11/14/2016 Stipulation and Order ▼

Comment
Stipulation and Order to Vacate Hearing

11/18/2016 Notice of Entry of Stipulation and Order ▼

Comment
Notice of Entry of Stipulation and Order to Vacate Hearing

11/22/2016 Motion to Set Aside Default Judgment ▼ 111

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Granted

Comment
Defendant Harold Pick s Motion to Set Aside Default

Parties Present ▲
Defendant

Attorney: Ciciliano, Dylan T.

---

11/22/2016 Motion to Compel ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Cancel Reason
Vacated - per Stipulation and Order

Comment
Defendant Mercy M. Abraham's Motion to Compel Motorola Solutions, Inc.
to Demonstrate That Pursuant to NRCP 17A That Motorola Solutions, Inc.
is a Real Party in Interest and Has Standing to Bring and Maintain the
Instant Action

---

12/22/2016 Re-Notice ▾

Comment
Re-Notice of Hearing of Defendant Mercy M. Abraham's Motion to
Compel Motorola Solutions, Inc. to Demonstrate That Pursuant to
NRCP 17A That Motorola Solutions, Inc. is a Real Party in Interest
and Has Standing to Bring and Maintain the Instant Action

---

01/20/2017 Motion for Attorney Fees and Costs ▾

Comment
Motion for Attorney Fees and Costs

---

01/31/2017 Motion to Compel ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Motion Granted

112

Comment
Hearing of Defendant Mercy M. Abraham's Motion to Compel Motorola Solutions, Inc. to Demonstrate That Pursuant to NRCP 17A That Motorola Solutions, Inc. is a Real Party in Interest and Has Standing to Bring and Maintain the Instant Action

01/31/2017 Case Conference Report ▼

Comment
Plaintiff's Individual Case Conference Report

02/07/2017 Opposition to Motion ▼

Comment
Opposition to Motion for Attorney Fees and Costs

02/21/2017 Reply in Support ▼

Comment
Reply in Support of Motion for Attorney Fees and Costs

02/28/2017 Motion for Attorney Fees and Costs ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Granted in Part

Comment
Plaintiff's Motion for Attorney Fees and Costs

Parties Present ▲
Defendant: Pick, Harold

Attorney: Olsen, Eric R.

03/06/2017 Notice to Appear for Discovery Conference ▼

Comment
Notice to Appear for Discovery Conference

03/20/2017 Substitution of Attorney ▼

Comment
Substitution of Attorneys

03/21/2017 Minute Order ▼

Judicial Officer
Bulla, Bonnie

113

Hearing Time
9:30 AM

Result
Matter Heard

Comment
Minute Order: Discovery Conference on 3-21-17

---

04/04/2017 Discovery Conference ▾

Judicial Officer
Bulla, Bonnie

Hearing Time
9:00 AM

Result
Scheduling Order Will Issue

Parties Present ▴
   Plaintiff

      Attorney: Mazur, Michael D., ESQ

---

04/21/2017 Motion ▾

   Comment
   Motion to Dismiss Pursuant to NRCP 12(B)(5)

---

04/26/2017 Discovery Scheduling Order ▾

   Comment
   Discovery Scheduling Order

---

04/27/2017 Order Setting Civil Bench Trial ▾

   Comment
   Order Setting Civil Bench Trial

---

05/02/2017 Notice of Taking Deposition ▾

   Comment
   Notice of Taking of Deposition

---

05/05/2017 Case Conference Report ▾

   Comment
   Defendant Mercy Abraham's Individual Case Conference Report

---

05/08/2017 Order Granting ▾

   Comment
   Order Re: Motion for Attorney Fees and Costs

114

05/08/2017 Order ▼

Comment
Order Re Motion for Attorney Fees and Costs

05/08/2017 Opposition to Motion ▼

Comment
Opposition to Motion to Dismiss Pursuant to NRCP 12(b)(5)

05/09/2017 Order ▼

Comment
Order

05/09/2017 Notice of Entry ▼

Comment
Notice of Entry of Order

05/16/2017 Reply to Opposition ▼

Comment
Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to
Dismiss Pursuant to NRCP 12(B)(5)

05/22/2017 Request for Judicial Notice ▼

Comment
Plaintiff's Request for Judicial Notice

05/23/2017 Motion to Dismiss ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:30 AM

Result
Matter Continued

Comment
Motion to Dismiss Pursuant to NRCP 12(B)(5)

Parties Present ▲
Plaintiff

Attorney: Mazur, Michael D., ESQ

Defendant

Attorney: Olsen, Eric R.

05/24/2017 Notice ▼

115

Comment
Notice of Continuance of Taking of Deposition

05/25/2017 Discovery Commissioners Report and Recommendations ▾

Comment
Discovery Commissioner's Report & Recommendations

06/01/2017 Status Check: Compliance ▾

Judicial Officer
Bulla, Bonnie

Hearing Time
3:00 AM

Cancel Reason
Vacated - per Commissioner

06/02/2017 Opposition ▾

Comment
Opposition to Plaintiff's Request for Judicial Notice and Supplemental Points and Authorities in Support of Defendant's Motion to Dismiss for Lack of Standing and Lack of being the Real Party in Interest

06/03/2017 Supplement ▾

Comment
Plaintiff's Supplemental Brief RE: Defendant's Motion to Dismiss Pursuant to NRCP 12(B)(5)

06/03/2017 Request for Judicial Notice ▾

Comment
Plaintiff's Request for Judicial Notice

09/01/2017 Order ▾

Comment
Order

09/01/2017 Notice of Entry ▾

Comment
Notice of Entry of Order

04/20/2018 Notice of Rescheduling ▾

Comment
Notice of Rescheduling Date for Calendar Call

04/21/2018 Notice of Appearance ▾

116

Comment
Notice of Appearance for Mercy M. Abraham

04/23/2018 Motion for Clarification ▾

Comment
Defendant Mercy Abraham s Emergency Motion for Clarification, to
Add Defendant Harold Pick to Dismissal, or, in the Alternative, for
Judicial Notice and to Move Trial Date

04/26/2018 Motion for Clarification ▾

Comment
Defendant Mercy Abraham s Emergency Motion for Clarification, to
add Defendant Harold Pick to Dismissal, or, in the Alternative, for
Judicial Notice and to Move Trial Date

05/07/2018 Motion for Clarification ▾

Judicial Officer
Sturman, Gloria

Hearing Time
10:00 AM

Result
Case Dismissed

Comment
Defendant Mercy Abraham s Emergency Motion for Clarification, to Add
Defendant Harold Pick to Dismissal, or, in the Alternative, for Judicial
Notice and to Move Trial Date

Parties Present▴
Plaintiff

Attorney: Mazur, Michael D., ESQ

Defendant

Attorney: Olsen, Eric R.

Attorney: Lee, Michael B.

Assignee

Attorney: Lee, Michael B.

05/10/2018 Calendar Call ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Cancel Reason
Vacated - per Judge

117

05/29/2018 Bench Trial ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Cancel Reason
Vacated - per Judge

06/07/2018 Motion for Fees ▼

Comment
Defendant Mercy Abraham s Motion for Attorneys Fees and Costs

06/13/2018 Order of Dismissal ▼

Comment
Order Granting Defendant Harold Pick's Motion to Dismiss

06/13/2018 Notice of Entry of Order ▼

Comment
Notice of Entry of Order Granting Defendant Harold Pick's Motion to Dismiss

07/03/2018 Motion for Attorney Fees ▼

Comment
Harold Pick's Motion for Attorney Fees

07/06/2018 Minute Order ▼

Judicial Officer
Sturman, Gloria

Hearing Time
4:00 PM

Result
Minute Order - No Hearing Held

07/06/2018 Certificate of Service ▼

Comment
Certificate of Service of Harold's Pick's Motion for Attorney Fees

07/10/2018 Motion for Attorney Fees and Costs ▼

Judicial Officer
Sturman, Gloria

118

Hearing Time
9:00 AM

Cancel Reason
Vacated

Comment
Defendant Mercy Abraham's Motion for Attorney's Fees and Costs

---

07/25/2018 Opposition to Motion ▾

Comment
Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees

---

08/07/2018 Reply in Support ▾

Comment
Reply in Support of Harold Pick's Motion for Attorney Fees

---

08/14/2018 Motion for Attorney Fees ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Granted in Part

Comment
Defendant Harold Pick's Motion for Attorney's Fees

Parties Present ▴
    Plaintiff

        Attorney: Mazur, Michael D., ESQ

    Defendant

        Attorney: Olsen, Eric R.

---

08/15/2018 Memorandum of Costs and Disbursements ▾

Comment
Memorandum of Costs and Disbursements

---

08/31/2018 Status Check ▾

Judicial Officer
Sturman, Gloria

Hearing Time
3:00 AM

Result
Matter Continued

119

Comment
Re: Memorandum of Costs

09/28/2018 Order ▼

Comment
Order re Motion for Attorney Fees and Costs

10/01/2018 Notice of Entry ▼

Comment
Notice of Entry of Order re Attorney Fees and Costs

03/15/2019 Motion ▼

Comment
Motion for Status Check on Order

03/15/2019 Clerk's Notice of Hearing ▼

Comment
Notice of Hearing

04/16/2019 Motion ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Matter Heard

Comment
Motion for Status Check on Outstanding Order Granting Defendant Mercy Abraham's Motion for Attorney's Fees and Costs

Parties Present ▲
  Plaintiff

    Attorney: Mazur, Michael D., ESQ

04/16/2019 Order Granting Motion ▼

Comment
Order Granting Mercy Abraham's Motion for Attorneys' Fees and Costs

04/16/2019 Notice of Entry of Order ▼

Comment
NEOJ Granting Abraham's Mot. for Attorneys' Fees and Costs

04/26/2019 Motion ▼

Comment
Motion for Reconsideration on Order Granting Counter-Claimant
Mercy Abraham's Motion for Attorneys' Fees and Costs

04/26/2019 Notice of Hearing ▼

Comment
Notice of Hearing on Motion for Reconsideration

04/29/2019 Application ▼

Comment
Application to Reduce Fees Award to Judgment

04/29/2019 Motion ▼

Comment
Motion for Reconsideration on Order Granting Counter-Claimant
Mercy Abraham's Motion for Attorneys' Fees and Costs Motion

04/30/2019 Clerk's Notice of Hearing ▼

Comment
Notice of Hearing

05/10/2019 Opposition to Motion ▼

Comment
Opposition to Motion for Reconsideration

06/04/2019 Motion For Reconsideration ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Granted

Comment
Plaintiff's Motion for Reconsideration on Order Granting Counter Claimant
Mercy Abraham's Motion for Attorney's Fees and Costs Motion

Parties Present▲
Plaintiff

Attorney: Mazur, Michael D., ESQ

06/18/2019 Brief ▼

121

Comment
Plaintiff's Brief for Reconsideration on Order Granting Counter-
Claimant Mercy Abraham's Motion for Attorneys' Fees and Costs

---

06/21/2019 Clerk's Notice of Hearing ▼

Comment
Notice of Hearing

---

07/02/2019 Opposition ▼

Comment
Opposition to Plaintiff's Brief for Reconsideration of Attorneys Fees
Awarded to Abraham

---

07/29/2019 Assignment of Judgment ▼

Comment
Notice of Assignment and Association of Counsel

---

08/06/2019 Motion For Reconsideration ▼

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Denied

Comment
Plaintiff's Brief for Reconsideration on Order Granting Counter-Claimant
Mercy Abraham's Motion for Attorneys' Fees and Costs

Parties Present▲
Plaintiff

    Attorney: Mazur, Michael D., ESQ

Defendant

    Attorney: Lee, Michael B.

Assignee

    Attorney: Lee, Michael B.

---

09/25/2019 Motion to Withdraw As Counsel ▼

Comment
Michael B. Lee, P.C.'s Motion to Withdraw as Counsel

---

09/25/2019 Notice of Hearing ▼

Comment
Notice of Hearing Request for Michael B. Lee, P.C.'s Motion to Withdraw

---

09/26/2019 Clerk's Notice of Hearing ▾

Comment
Notice of Hearing

---

09/26/2019 Motion to Withdraw As Counsel ▾

Comment
Michael B. Lee, P.C.'s Motion to Withdraw as Counsel

---

10/28/2019 Motion to Withdraw as Counsel ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Result
Granted

Comment
Michael B. Lee, P.C.'s Motion to Withdraw as Counsel

---

12/03/2019 Status Check ▾

Judicial Officer
Sturman, Gloria

Hearing Time
9:00 AM

Comment
Re: Confirmation of Counsel

---

# Financial

Motorola Solutions Inc
Total Financial Assessment            $275.00
Total Payments and Credits            $275.00

123

| | | | | |
|---|---|---|---|---|
| 12/15/2014 | Transaction Assessment | | | $270.00 |
| 12/15/2014 | Efile Payment | Receipt # 2014-138819-CCCLK | Motorola Solutions Inc | ($270.00) |
| 12/16/2014 | Transaction Assessment | | | $5.00 |
| 12/16/2014 | Payment (Window) | Receipt # 2014-139557-CCCLK | Sorokac Law Office | ($5.00) |

Pick, Harold

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $223.00 |
| | Total Payments and Credits | | | $223.00 |
| 1/20/2016 | Transaction Assessment | | | $223.00 |
| 1/20/2016 | Efile Payment | Receipt # 2016-05889-CCCLK | Pick, Harold | ($223.00) |

Abraham, Mercy M

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $223.00 |
| | Total Payments and Credits | | | $223.00 |
| 1/21/2016 | Transaction Assessment | | | $223.00 |
| 1/21/2016 | Efile Payment | Receipt # 2016-06403-CCCLK | Abraham, Mercy M | ($223.00) |

# EXHIBIT F

## TO REQUEST FOR JUDICIAL NOTICE

# DISTRICT COURT CIVIL COVER SHEET

Clark .......................... County, Nevada

Case No. __A- 14- 711099- C__  Dept __XXVI__
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Motorola Solutions, Inc., f/k/a Motorola, Inc., a Delaware corporation | Harold Pick, an Individual; Mercy M. Abraham, |
| | an individual; Doe Individuals 1 through 10; and |
| | Roe Entities 11 through 20, inclusive |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| Joshua H. Reisman, Esq., Nevada Bar No. 7152 | |
| Robert R. Warns III, Esq., Nevada Bar No. 12123 | |
| Reisman Sorokac, 8965 South Eastern, Ste., 382 | |
| Las Vegas, NV 89123, (702) 727-6258 | |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☑ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

__12/12/14__   _____ 8570
Date                    Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
12/12/2014 04:34:15 PM

*[signature]*

**CLERK OF THE COURT**

**COMP**
Joshua H. Reisman, Esq.
Nevada Bar No. 7152
Robert R. Warns III, Esq.
Nevada Bar No. 12123
REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Telephone: (702) 727-6258
Facsimile: (702) 446-6756
Email: jreisman@rsnvlaw.com
Email: rwarns@rsnvlaw.com

*Attorneys for Plaintiff*
*Motorola Solutions, Inc.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., a Delaware corporation, | CASE NO. A- 14- 711099- C |
| | DEPT.     XXVI |
| Plaintiffs, | **COMPLAINT** |
| vs. | **Exempt from Arbitration Pursuant to NAR 3A: Action Concerning Title to Real Estate and Seeking Declaratory Relief** |
| HAROLD PICK, an individual; MERCY M. ABRAHAM, an individual; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive, | |
| Defendants. | |

Plaintiff MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., by and through its

attorneys, Joshua H. Reisman, Esq., and Robert R. Warns III, Esq., of the law firm Reisman

Sorokac, hereby complains against Defendants HAROLD PICK, MERCY M. ABRAHAM, Doe

Individuals 1 through 10, and Roe Entities 11 through 20, as follows:

**PARTIES**

1.      Plaintiff Motorola Solutions, Inc. ("Plaintiff"), is, and at all relevant times was, a

Delaware corporation with its principal place of business in Schaumberg, Illinois, and is registered

and authorized to do business in Nevada.  Plaintiff was formerly known as Motorola, Inc.

*[left margin, vertical text]* REISMAN·SOROKAC   8965 South Eastern Avenue, Suite 382   Las Vegas, Nevada 89123   Phone: (702) 727-6258 Fax: (702) 446-6756

2.     On information and belief, Defendant Harold Pick ("Pick") is, and at all relevant times was, a resident of Los Angeles County, California, and is currently residing at 2493 South Bundy Drive, Los Angeles, California 90064.

3.     On information and belief, Defendant Mercy M. Abraham ("Abraham") is, and at all relevant times was, a resident of San Bernardino County, and is currently residing at 7079 Pleasant View Lane, Highland, California 92346.

4.     The real property at issue herein is located at 10275 La Cienega Street, Clark County, Nevada, presently bearing Assessor Parcel Number 177-28-703-002 (the "Property").

5.     The Property is approximately 1.99 acres and is improved by a single family residence.

6.     The true names and capacities, whether individual, corporate, associate, governmental, or otherwise, of Defendants Doe Individuals 1 through 10 and Roe Entities 11 through 20 ("Doe/Roe Defendants"), inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

7.     On information and belief, Doe/Roe Defendants participated in the making, incurring, transfer, disposition, sale, and/or assignment of the Property and/or the Obligation (as those terms are defined herein); Doe/Roe Defendants include, but are not limited to, makers, creditors, debtors, trustors, beneficiaries, transferors, transferees, buyers, sellers, successors, subsidiaries, family members, lenders, investors, brokers, principals, partners, members, joint venturers, shareholders, members, employees, and their agents, servants, representatives, employees, partners, joint venturers, related companies, affiliates, predecessors, assignees, and/or successors in interest.

8.     On information and belief, Doe/Roe Defendants are responsible, in some actionable manner, for the events and/or happenings hereinafter referred to, and caused the injuries and damages proximately thereby to Plaintiffs, as hereinafter alleged.

REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone (702) 727-6258 Fax (702) 446-6756

128     2

9.     On information and belief, Doe/Roe Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware.

10.    On information and belief, each of the Defendants, including the Doe/Roe Defendants, was the agent of each of the remaining Defendants, and was acting both individually and within the course and scope of the agency.

## GENERAL ALLEGATIONS

11.    On or about November 17, 2005, Plaintiff obtained a Judgment (the "Judgment") against Pick in the amount of $1,200,000, plus costs in the sum of $131,344.86, in an action entitled *Motorola, Inc. v. Pick, et al.*, U.S. District Court for the Central District of California, Case No. CV04-2655 ABC(SHx).

12.    True and correct copies of the Judgment and Cost Bill as taxed are attached hereto as Exhibits "1" and "2" and are incorporated herein by this reference.

13.    The Judgment became final on or about December 17, 2005.

14.    The Judgment has never been appealed and the time for appealing has expired.

15.    Plaintiff is the owner of the Judgment, of which no part has been satisfied.

16.    Accordingly, pursuant to NRS 112.150(4), Plaintiff is a creditor of Pick.

17.    Pick is liable on Plaintiff's claim against Pick and, accordingly, pursuant to NRS § 112.150(6), Pick is a "debtor."

18.    On information and belief, the Judgment, and interest accruing thereon, rendered Pick insolvent at all relevant times.

19.    The Judgment was recorded with the Los Angeles County Recorder's Office on February 7, 2006.

20.    Joy N. Francis and Bini Francis, husband and wife, as joint tenants, conveyed the Property to Pick, as evidenced by that certain Grant, Bargain, Sale Deed dated as of September 9, 2013 and recorded in the Official Records of Clark County, Nevada on September 16, 2013 as Instrument No. 201309160000655.

REISMAN·SOROKAC
8965 SOUTH EASTERN AVENUE, SUITE 382
LAS VEGAS, NEVADA 89123
PHONE: (702) 727-6258 FAX: (702) 446-6756

21.     On or about September 16, 2013, Pick, as trustor, encumbered the Property with a Short Form Deed of Trust and Assignment of Rents (the "Deed of Trust") in favor of Abraham, as beneficiary, to purportedly secure the repayment of a promissory note in the initial principal amount of $263,000 made by Pick in favor of Abraham (the "Obligation").

22.     The Deed of Trust was recorded in the Official Records of Clark County Nevada on September 16, 2013 as Instrument No. 201309160000656.

23.     A true and correct copy of the Deed of Trust is attached hereto as Exhibit "3" and incorporated herein by this reference.

24.     On September 5, 2014, Pick transferred the Property by Quitclaim Deed ("Deed") to Abraham for a stated consideration of $100.00 (the "Transfer").

25.     The Deed was recorded in the Official Records of Clark County Nevada on September 5, 2014 as Instrument No. 20140905-0000956.

26.     A true and correct copy of the Deed is attached hereto as Exhibit "4" and is incorporated herein by this reference.

27.     On information and belief, Pick and Abraham knew each other prior to Pick incurring the Obligation and making the Transfer, though at this time the type and extent of Pick and Abraham's relationship is unknown.

28.     The Judgment was registered with the U.S. District Court for the District of Nevada on October 2, 2014.

29.     An Affidavit of Judgment and the Judgment (as registered with U.S. District Court for the District of Nevada) were recorded in the Official Records of Clark County Nevada on November 20, 2014, as Instrument Numbers 20141120-0002161 and 20141120-0002162, respectively,

30.     True and correct copies of the documents identified in the preceding paragraph are attached hereto as Exhibits "5" and "6" and are incorporated herein by this reference.

31.     On information and belief, Pick did not receive value for incurring the Obligation.

32.     On information and belief, Pick did not receive value for the Property transferred to Abraham via the Transfer.

REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727-6258 Fax: (702) 446-6756

33.     On information and belief, Pick incurred the Obligation and subsequently transferred the Property to Abraham with the intent of removing the Property from Plaintiff's reach.

34.     On information and belief, Pick was insolvent: (1) at the time he incurred the Obligation and/or at the time he made Transfer; or (2) as a result of incurring the Obligation and/or making the Transfer.

## FIRST CAUSE OF ACTION

### (FRAUDULENT TRANSFER – NRS 112.180(1)(a))

35.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as though fully set forth herein.

36.     Pick incurred the Obligation after Plaintiff's claim against Pick arose

37.     Pick transferred the Property to Abraham after Plaintiff's claim against Pick arose.

38.     On information and belief, Pick incurred the Obligation and/or made the Transfer with the actual intent to hinder, delay or defraud Plaintiff.

39.     Therefore, under NRS 112.180(1)(a), Pick made one or more fraudulent transfers.

40.     As a result of such fraudulent transfers, Plaintiff has suffered damages in excess of $10,000 and is entitled to the relief provided in NRS chapter 112 and such relief as otherwise available in law or at equity.

41.     Plaintiff has been required to retain the services of counsel to prosecute this matter and, accordingly is entitled to an award of its costs and attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

### (FRAUDULENT TRANSFER – NRS 112.180(1(b))

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as though fully set forth herein.

43.     Pick incurred the Obligation after Plaintiff's claim against Pick arose

44.     Pick transferred the Property to Abraham after Plaintiff's claim against Pick arose.

45.     On information and belief, Pick did not receive from Abraham a reasonably equivalent value in exchange for incurring the Obligation or for the Transfer, and Pick: (1) was

REISMAN·SOROKAC
8965 SOUTH EASTERN AVENUE, SUITE 382
LAS VEGAS, NEVADA 89123
PHONE (702) 727-6258 FAX (702) 446-6756

131     5

1   engaged or was about to engage in a business or a transaction for which Pick's remaining assets

2   were unreasonably small in relation to the business or transaction; or (2) intended to incur, or

3   believed or reasonably should have believed that Pick would incur, debts beyond his ability to pay

4   as they became due

5       46.     Therefore, under 112.180(1)(b), Pick made one or more fraudulent transfers.

6       47.     As a result of such fraudulent transfers, Plaintiff has suffered damages in excess of

7   $10,000 and is entitled to the relief provided in NRS chapter 112 and such relief as otherwise

8   available in law or at equity.

9       48.     Plaintiff has been required to retain the services of counsel to prosecute this matter

10  and, accordingly is entitled to an award of its costs and attorney's fees incurred herein.

11                          **THIRD CAUSE OF ACTION**

12                  **(FRAUDULENT TRANSFER – NRS 112.190(1))**

13      49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

14  through 48 as though fully set forth herein.

15      50.     Pick incurred the Obligation after Plaintiff's claim against Pick arose.

16      51.     Pick transferred the Property to Abraham after Plaintiff's claim against Pick arose.

17      52.     On information and belief, Pick did not receive from Abraham a reasonably

18  equivalent value in exchange for incurring the Obligation or for the Transfer.

19      53.     On information and belief, Pick was insolvent at the time of he incurred the

20  Obligation and at the time he made Transfer, or incurring the Obligation or making the Transfer

21  made him insolvent.

22      54.     Therefore, under NRS 112.190(1), Pick made one or more fraudulent transfers.

23      55.     As a result of such fraudulent transfer, Plaintiff is entitled to the relief provided in

24  NRS chapter 112 and such relief as otherwise available in law or at equity.

25      56.     Plaintiff has been required to retain the services of counsel to prosecute this matter

26  and, accordingly is entitled to an award of its costs and attorney's fees incurred herein.

27

28

REISMAN·SOROKAC
8965 SOUTH EASTERN AVENUE, SUITE 382
LAS VEGAS, NEVADA 89123
PHONE: (702) 727-6258 FAX: (702) 446-6756

## FOURTH CAUSE OF ACTION

### (DECLARATORY RELIEF)

57.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 56 as though fully set forth herein.

58.   Under NRS 30.010 et seq., the Uniform Declaratory Judgments Act, any person whose rights, status or other legal relations are affected by a statute, may have determined any question of construction or validity arising under the statute and obtain a declaration of rights, status or other legal relations thereunder.

59.   A dispute has arisen and an actual controversy now exists between Plaintiff and Defendants.

60.   Plaintiff's interests are adverse to those of Defendants.

61.   Plaintiff has a legally protectable interest in the controversy.

62.   The issues involved in this controversy are ripe for judicial determination.

63.   Pursuant to NRS 30.030, this Court has the power to declare the rights, status and other legal relationships between Plaintiff and Defendant.

64.   Pursuant to NRS 30.040, Plaintiff is entitled to seek a determination of the parties' rights and status, specifically a declaration of the parties rights with respect to the Obligation, Transfer, and Property and proceeds of any sale thereof, and otherwise available at law and in equity.

65.   Accordingly, Plaintiff requests a declaratory judgment that: (1) Plaintiff is a creditor of Pick within the meaning of NRS chapter 112; (2) Pick is a debtor of Plaintiff within the meaning of NRS chapter 112; and (3) the Obligation and/or the Transfer constituted fraudulent transfers under NRS chapter 112.

66.   Plaintiff has been required to retain the services of counsel to prosecute this matter and, as such, is entitled to an award of his reasonable costs and attorney's fees incurred herein.

WHEREFORE, Plaintiffs prays for relief against Defendants, and the Doe/Roe Defendants, as follows:

1.   For avoidance of the Obligation and Transfer pursuant to NRS 112.210(1)(a);

REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727-6258 Fax: (702) 446-6756

2.    That the Property, or other property of Abraham, be attached pursuant to NRS 112.210(1)(b);

3.    For injunctive relief pursuant to NRS 112.210(1)(c);

4.    For a judgment against Defendant Abraham for the value of the Property, pursuant to NRS 112.220(2);

5.    For any other relief provided for under NRS chapter 112;

6.    For a declaration of the parties' relationship and rights with respect to the Property, the Obligation and the Transfer;

7.    For an award of pre and post-judgment interest;

8.    For an award of Plaintiff's attorney's fees, costs and expenses; and

9.    For any such further relief as the Court may deem proper.

Dated this *12* day of December, 2014.

REISMAN·SOROKAC

8570

Joshua H. Reisman, Esq.
Nevada Bar No. 7152
Robert R. Warns III, Esq.
Nevada Bar No. 12123
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Telephone: (702) 727-6258
Facsimile: (702) 446-6756
Email: jreisman@rsnvlaw.com
Email: rwarns@rsnvlaw.com

*Attorneys for Plaintiff*
*Motorola Solutions, Inc.*

REISMAN·SOROKAC
8965 SOUTH EASTERN AVENUE, SUITE 382
LAS VEGAS, NEVADA 89123
PHONE: (702) 727-6258 FAX: (702) 446-6756

EXHIBIT 1

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 1 of 7   Page ID #:257



LODGED

MANATT, PHELPS & PHILLIPS, LLP
1 MARK S. LEE (Bar No. CA 94103)
2 SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
CRAIG S. RUTENBERG (Bar No. CA 205309)
3 11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
4 Telephone: (310) 312-4000
Facsimile: (310) 312-4224
5
Attorneys for Plaintiff
6 MOTOROLA, INC.

FILED
CLERK, U.S DISTRICT COURT
NOV 1 6 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                   DEPU

___ Scan
___ Priority
___ Send
___ Clsd
___ Enter
___ JS(5)/JS-6
___ JS-2/JS-3

ENTERED
CLERK, U.S. DISTRICT COURT
NOV 1 7 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                   DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 MOTOROLA, INC., a Delaware
Corporation,
12
                    Plaintiff,
13
          v.
14
HAROLD PICK, an individual, HAROLD
15 PICK dba RADIO DESIGN, HAROLD
PICK dba DONNELLY
16 COMMUNICATIONS RADIO DESIGN, an
entity of unknown type, C. DONNELLY
17 COMMUNICATIONS, INC., a California
corporation, ERNEST LINDSEY, an
18 individual, ALDO R. INTERIANO, an
individual, COVERT SERVICES, INC., a
19 California corporation, COVERT
SERVICES, INC. dba RADIO DESIGN
20 AND ENGINEERING, RADIO DESIGN
AND ENGINEERING aka RADIO DESIGN
21 & ENGINEERING, an entity of unknown
type, DALE KETCHERSID, an individual,
22 DALE KETCHERSID dba RADIO DESIGN
& ENGINEERING,
23 VIDEO/COMMUNICATIONS SYSTEMS
DESIGN, an entity of unknown type, THE
24 DELUCA GROUP CORPORATION, a
California corporation, TODD DAVIS, an
25 individual, RADIO HUT CORPORATION,
a California corporation, RADIO
26 COMMUNICATIONS SYSTEM, INC., an
entity of unknown type, ROBERT SHARP,
27 an individual, JIM HARRIS, an individual,
INSTACOM INDUSTRIES, an entity of
28 unknown type; PAUL MENDLE, an

No. CV04 – 2655 ABC (SHx)

[~~PROPOSED~~] JUDGMENT
AND PERMANENT
INJUNCTION
(Unopposed)

Hon. Audrey B. Collins

DOCKETED ON CM
NOV 1 7 2005
BY                   001

350

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

THIS CONSTITUTES NOTICE OF ENTRY

136

Ex. 1-001

SCANNED

1 | individual, EPW COMMUNICATIONS,
INC., an entity of unknown type, ERIC P.
2 | WINKLE, an individual, SHADOW TEAM
CORPORATION, a Nevada corporation, and
3 | PAUL NORTON, an individual,

4 |           Defendants.

5

6

7          The jury, having rendered verdicts on liability and damages in favor of

8   Plaintiff Motorola, Inc.("Motorola") and against defendants Harold Pick ("Pick"),

9   Dale Ketchersid ("Ketchersid") and Covert Services, Inc. ("CSI") (collectively,

10  "Defendants"), judgment is entered as follows:

11  **I.    JUDGMENT**

12         1.    Judgment is entered in favor of Motorola and against Defendants on

13  Motorola's claim for copyright infringement.

14         2.    Judgment of one million two hundred thousand dollars

15  ($1,200,000.00) is entered in favor of Motorola and against Pick on Motorola's

16  claim for copyright infringement.  Pick is found to have willfully infringed

17  Motorola's copyrights.

18         3.    Judgment of one hundred twenty thousand dollars ($120.000.00) is

19  entered in favor of Motorola and against Ketchersid on Motorola's claim for

20  copyright infringement.

21         4.    Judgment of one hundred twenty thousand dollars ($120.000.00) is

22  entered in favor of Motorola and against CSI on Motorola's claim for copyright

23  infringement.

24         5.    Judgment is entered in favor of Defendants and against Motorola on

25  Motorola's claims for trademark infringement and false designation of origin under

26  the Lanham Act pursuant to 15 U.S.C. § 1114 et seq.

27         6.    Judgment is entered in favor of Motorola and against Defendants on

28  Pick and CSI's claim for conversion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

2

Ex. 1-002

7. Judgment is entered in favor of Motorola and against Defendant CSI on CSI's claim for intentional interference with contract.

8. Motorola's state law claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition and conspiracy are dismissed with prejudice.

9. Defendants' claim for breach of contract is dismissed with prejudice.

## II. PERMANENT INJUNCTION

Defendants Pick, Ketchersid and CSI, and their officers, directors, principals, agents, representatives, shareholders, partners, employees, successors and assigns, and all those in active concert or participation with them who receive notice of this Order are hereby, PERMANENTLY ENJOINED from:

a. copying, duplicating, reproducing, posting, circulating, transmitting (electronically or otherwise), selling, offering for sale, distributing, transferring, renting, lending, exchanging, trading, using, adapting, modifying, altering, or otherwise making unauthorized use of the following software programs: Motorola Astro Tuner R01.00.00 (Txu 1-011-511); XTS 3500 RSS R01.00.00 (TX 4-953-825); MCS2000 RSS R05.00.00 (TX 5-610-204); MaxTrac Conventional (RSS) R07.02.00 (TX 5-122-610); Quantar Base Station RSS R09.03.00 (TX 4-646-138); MTX-900S Radio Service Software (version R02.03.00) (TX 4-013-823); Radio Service Software for the Radius GP300/P110 (version R03.00.00) (TX 3 545-723); GP300/GP350 RSS R08.02.00 (TX 4-416-951); Motorola Professional Radio CPS R01.00.02 (Txu 880-345); Motorola Professional Radio CPS R05.00.00 (Txu 1-013-436); Motorola Professional Radio R01.00.00 (Txu 882-166); Motorola Professional Radio R02.00.00 (Txu 1-015-189) (the "Motorola Copyrighted Software"), as well as Motorola Saber Series, XTS Series, MTS Series, Depot Tool, Lab Tools, and System Key Generators, and any prior or

1  subsequent versions or derivatives that are substantially similar thereto, and any

2  other proprietary software owned or developed by or for Motorola that is licensed

3  by Motorola for use with Motorola products, and any other software programs

4  protected by any Motorola Certificate of Copyright Registration; and

5          b.      assisting, aiding, or abetting any other person or entity from

6  engaging in any of the acts set forth in (a) above.

7

## III.    IMPOUNDMENT AND INSPECTION

9          1.      Defendants are ordered to deliver up to Motorola within ten (10) days

10  of entry of this Judgment for destruction or other reasonable disposition, any and all

11  copies of Motorola software made or used  by Defendants.

12          2.      Within ten (10) days of entry of this Judgment, Defendants shall

13  themselves destroy any and all copies of Motorola software on their computer hard

14  drives or electronic storage devices or elsewhere, to the extent not practical to

15  deliver up such copies to Motorola.  Defendants shall, within five (5) days

16  thereafter, provide to counsel for Motorola a certificate signed under penalty of

17  perjury by all Defendants confirming that they are no longer in possession of any

18  copies of Motorola software, nor is any such software under their custody or

19  control.

20          3.      Motorola shall be permitted to conduct one (1) inspection per month to

21  examine Defendants' computers and electronic storage devices to confirm that

22  Defendants are not in possession of any copies of Motorola software in violation of

23  this Injunction.  Defendants shall permit Motorola to conduct such inspection at

24  Defendants' places of business, _____ and any other locations at which such data

25  may be stored, immediately upon request within the hours of 8:00 a.m. and 6:00

26  p.m.  If necessary to complete its inspection, Motorola may retain custody of

27  Defendants' computer hard drives and electronic storage devices for a period not to

28  exceed forty-eight (48) hours.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

4

Ex.  1-004

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 5 of 7   Page ID #:261

1      4.     Motorola may make copies of any Motorola software found during

2 such inspection. If notified by Motorola that its software has been found during

3 any such inspection, Defendants are prohibited, by this Order, from altering,

4 concealing, modifying, deleting, transferring, destroying, removing or otherwise

5 tampering with such software pending resolution of the dispute by this Court.

6      5.     Should Motorola find copies of its software during an inspection, it

7 shall immediately so notify the Court by way of *Ex parte* application for seizure

8 order and order to show cause re: contempt, with notice to the Defendants.

9

10 **IV.   COSTS, FUNDS ON DEPOSIT AND JURISDICTION**

11      1. .  Motorola is awarded costs in the amount of $ *( to be determined by Clerk of court )*

12      2.     The Clerk of the Court is directed to release to Motorola the seventeen

13 thousand dollars ($17,000.00) which is currently on deposit with the Court in this

14 action, together with any interest that has accrued thereon, in partial satisfaction of

15 the above $120,000.00 judgment against CSI.

16      3.     The Court shall retain jurisdiction to enforce this Judgment and the

17 permanent injunction included herein, as well as to consider any post trial motions

18 to increase damages or award attorneys' fees.

19

20

21 Dated: November 16, 2005

22                         Hon. Audrey B. Collins

23                         United States District Judge

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

5

Ex. 1-005

1    Respectfully submitted,

2

3    MANATT, PHELPS & PHILLIPS, LLP
MARK S. LEE (Bar No. CA 94103)
SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
4    CRAIG S. RUTENBERG (Bar No. CA 205309)
11355 West Olympic Boulevard
5    Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
6    Facsimile: (310) 312-4224

7

8    Mark S. Lee

9    Attorneys for Plaintiff

10    MOTOROLA, INC.

11    40938243.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

6



Ex. 1-006

## PROOF OF SERVICE

I, Rebecca Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On **November 2, 2005,** I served a copy of the within document(s):

### [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard Gibson, Esq.
Law Offices of Richard Gibson
1801 Avenue of the Stars, Suite 406
Los Angeles, California 90067
Fax No. (310) 277-6035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 2, 2005, at Los Angeles, California.

_Rebecca Weaver_
Rebecca Weaver

40938829.1

MANATT, PHELPS &
PHILLIPS, LLP

Ex. 1-007

EXHIBIT 2

Case 2:04-cv-02655-ABC-SH   Document 353   Filed 12/08/05   Page 1 of 216   Page ID #:264

ORIGINAL

# UNITED STATES DISTRICT COURT
Central District of California

## BILL OF COSTS

MOTOROLA, INC.

Case Number: CV 04-2655 ABC (SHx)

HAROLD PICK, et al.

(Doc #350)

Judgment having been entered in the above entitled action on   11/17/05   against Defendants
                                                                Date

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk | Priority | $ 300.00 |
| Fees for service of summons and subpoena | Send / Enter | 17,189.68 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case (Expedited or daily transcripts require prior Court Order.) | Closed JS-2/JS-3 | |
| 1. Trial Transcripts, if requested by the Court or prepared pursuant to stipulation only | JS-2/JS-3 | 0 |
| 2. Deposition Transcripts (includes non-expedited transcripts, the reporter's appearance fee, fees for binding, bates stamping, non-expedited shipping & handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges). | | 9,398.41 / 10,126.41 |
| Fees and disbursements for printing | | 23,012.00 |
| (The costs of copies of an exhibit attached to a document necessarily filed and served.) | | |
| Fees for witnesses (itemize on page 2 of 3) | | 43,347.94 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | | 158.64 |
| Docket fees under 28 U.S.C. 1923 | | 32.50 |
| Costs as shown on Mandate of Court of Appeals | | 0 |
| Compensation of court-appointed experts | | 0 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | | 0 |
| Other costs to be taxed pursuant to prior Court approval (please itemize) | | 37,905.69 |
| | TOTAL $ | 131,344.86 / 132,072.86 |

DOCKETED ON CM
DEC - 8 2005
BY _____ 112

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was personally served on Richard Gibson, Esq., 1801 Avenue of the Stars, #406, Los Angeles, CA 90067 on 11/18/05.

Signature of Attorney: _____   Mark S. Lee   Name of Attorney
For: Motorola   Date: November 18, 2005
Name of Claiming Party

Costs are taxed in the amount of   $131,344.86   and included in the judgment.

SHERRI R. CARTER   By: _____   12/8/05
Clerk of Court   Deputy Clerk   JUDY A. MATTI...   Date

CV-59 (12/03)   BILL OF COSTS   Page 1 of 3
Ex. 2-001

144

EXHIBIT 3

Inst #: 201309160000656
Fees: $23.00
N/C Fee: $25.00
09/16/2013 09:53:58 AM
Receipt #: 1771829
Requestor:
CHICAGO TITLE LAS VEGAS
Recorded By: COJ   Pgs: 7
DEBBIE CONWAY
CLARK COUNTY RECORDER

ESCROW NO: 12040150-148-SAB
APN: 177-28-703-002
WHEN RECORDED MAIL TO:
MAIL TAX STATEMENT TO:

MERCY M. ABRAHAM
7079 PLEASANT VIEW LANE
HIGHLAND, CA 92346

ESCROW NO: 12040150-148-SAB

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this September 8, 2013 between Harold Pick, a single man, herein called TRUSTOR, whose address is: 10275 La Cienega Street, Las Vegas, NV 89183 ,

and  Mercy M. Abraham, a married woman, herein called BENEFICIARY,

and  Chicago Title of Nevada, Inc., A NEVADA CORPORATION herein called TRUSTEE,

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Clark  County, Nevada described as:
        See Exhibit A attached hereto and made a part hereof.

Additional provisions are attached hereto as Exhibit B.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING:  1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $263,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such additional sums as may hereafter be borrowed from beneficiary by the then record owner of said property, when evidenced by another promissory note (or notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:  By  the execution and delivery of the Deed of Trust and the Note secured hereby, that provisions (1) to (16) inclusive of the Deed of Trust recorded in the Book and at the Page, or Document No. of Official records in the Office of the County Recorder of the County where said property is located, noted below opposite the name of such county, viz:

Ex.  3-001

| COUNTY | DOC # | BOOK | PAGE | COUNTY | DOC # | BOOK | PAGE | COUNTY | DOC # | BOOK | PAGE |
|--------|-------|------|------|--------|-------|------|------|--------|-------|------|------|
| Clark | 413987 | 514 | | Humboldt | 116966 | 3 | 83 | Nye | 47157 | 67 | 163 |
| Churchill | 104132 | 34 mtgs | 591 | Lander | 41172 | 3 | 758 | Ormsby | 72637 | 19 | 102 |
| Douglas | 24496 | 22 | 415 | Lincoln | 41292 | 0 mtgs | 467 | Pershing | 57488 | 28 | 58 |
| Elko | 14831 | 43 | 343 | Washoe | 407205 | 734 | 221 | Storey | 28573 | R mtgs | 112 |
| Esmer. | 26291 | 3H deeds | 138-141 | Lyon | 55488 | 31 mtgs | 449 | Wht. Pine | 28124 | 261 | 341-344 |
| Eureka | 39602 | 3 | 263 | Mineral | 78848 | 10 mtgs | 534-537 | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

STATE OF NEVADA        )
                              )ss

COUNTY OF CLARK       )

_____
Harold Pick

On _SepTember 9, 2013_
personally appeared before me, a Notary Public,
Harold Pick

personally known or proven to me to be the person(s)
whose name(s) is/are subscribed to the above instrument
who acknowledged that he/she/they executed this instrument
for the purposes therein contained

_____
Notary Public    SANDRA BiANCO

My commission expires: _4-29-17_

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
SANDRA BIANCO
Appt. No. 93-2073-1
My Appt. Expires April 29, 2017

93-2073-1

Ex. 3-002

LEGAL DESCRIPTION

EXHIBIT "A"

Assessor's Parcel No:  177-28-703-002

THE SOUTHEAST QUARTER (SE 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHEAST QUARTER (SE 1/4) OF SECTION 28, TOWNSHIP 22 SOUTH, RANGE 61 EAST, M.D.B. & M.

EXCEPT THE INTEREST IN THE SOUTH 30 FEET AND THE EAST 30 FEET OF SAID LAND, TOGETHER WITH THAT SPANDREL AREA IN THE SOUTHEAST CORNER THEREOF, AS DESCRIBED IN DEED TO CLARK COUNTY RECORDED JANUARY 4, 1979 IN BOOK 992 AS DOCUMENT NO. 951010, OFFICIAL RECORDS.

TOGETHER WITH THAT PORTION AS VACATED BY THAT CERTAIN ORDER OF VACATION RECORDED OCTOBER 12, 1998 IN BOOK 981012 AS DOCUMENT NO. 00660, OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

Ex. 3-003

EXHIBIT B

## ADDITIONAL PROVISIONS

**LATE CHARGE:** If any installment is not received by Payee or Payee's designated servicing agent within ten 10 days following the scheduled due date, a late charge of five per cent (5%) of the payment amount shall be assessed. The late charge shall be payable in addition to and at the same time as the regularly scheduled installment.

**DUE ON SALE:** In the event the Trustor shall sell, transfer, convey or otherwise become divested of his right, title or interest in and to the subject property or any portion thereof, without the prior, written consent of the beneficiary hereunder, the entire unpaid principal balance of the note secured hereby, together with any interest accrued thereon shall, at the option of the holder thereof, and without demand or notice, become immediately due and payable in full.

**NO PREPAYMENT PENALTY:** Payor under promissory note reserves the right to prepay the note at any time, either in whole or in part, without penalty.

Ex. 3-004

~~DO NOT RECORD~~

The following is a copy of provisions (1) to (16) inclusive, of the Deed of Trust, recorded in each county in Nevada, as stated in the foregoing Deed of Trust and Incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

1.   To properly care for and keep the property in good condition and repair, not to remove or demolish any building thereon; to complete in a good and workmanlike manner any building which may be constructed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws, ordinances and regulations requiring any alterations or improvements to be made thereon; not to commit or permit any waste thereof; not to commit, suffer or permit any act to be done in or upon the property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and/or do any other act or acts, all in a timely and proper manner, which, from the character or use of the property, may be reasonably necessary, the specific enumerations herein not excluding the general.

2.   To pay and discharge all costs, fees and expenses of these Trusts, including cost of evidence of title and Trustee's fees in connection with sale, whether completed or not, which amounts shall become due upon delivery to Trustee of a Declaration of Default and Demand for Sale, as hereinafter provided.

3.   The amount collected under any fire insurance policy shall be credited first, to accrued interest, next to expenditures hereunder, and any remainder upon the principal.  Interest shall then  cease upon the amount so credited upon principal; provided, however, that at the option of the Beneficiary, the entire amount collected under the policies or any part thereof may be released to the Trustor, without liability upon the Trustee for such release.

4.   That if, during the existence of the Trust there be commenced or pending any suit or action affecting said conveyed premises, or any part thereof, or the title thereto, or if any adverse claim for or against the premises, or any part thereof, be made or asserted, he will appear in and defend any such matter purporting to affect the security and will pay all costs and damages arising because of such action.

5.   Any award of damages in connection with any condemnation for public use of or injury to any property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same affect as herein provided for disposition of proceeds of insurance.

6.   Trustee shall be under no obligation to notify any party hereto of any pending sale hereunder or of action or proceeding of any kind in which Trustor, Beneficiary and/or Trustee shall be named as defendant, unless brought by Trustee.

7.   Acceptance by Beneficiary of any sum in payment of any indebtedness secured hereby, after the date when the same is due, shall not constitute a waiver of the right either to require prompt payment, when due, of all other sums so secured or to declare default as herein provided for failure to pay.

8.   Trustee may, at any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note(s) secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of said property; reconvey any part of said property; consent in writing to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or subordination agreement in connection herewith.

9.   Upon receipt of written request from Beneficiary reciting that all sums secured hereby have been paid and upon surrender of this Deed of Trust and said Note to Trustee for cancellation and retention and upon payment of its fees, the Trustee shall reconvey without warranty the property then held hereunder.  The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof.  The Grantee in such reconveyance may be described in general terms as "the person or persons legally entitled thereto."  Trustee is authorized to retain this Deed of Trust and the Note.

(a)   Should default be made by Trustor in payment of any indebtedness secured hereby and/or in performance of any agreement herein, the Beneficiary may declare all sums secured hereby immediately due by delivery to Trustee of a written Declaration of Default and Demand for Sale, and of written notice of default and

Ex. 3-005

election to cause said property to be sold (which notice Trustee shall cause to be recorded in the appropriate County Recorder's Office) and shall surrender to Trustee this Deed of Trust, the Note(s) and all documents evidencing any expenditure secured hereby.

10.   After three months have elapsed following recordation of any such Notice of Default, Trustee shall sell said property at such time and at such place in the State of Nevada as the Trustee, in it's sole discretion, shall deem best to accomplish the objects of these Trusts, having first given notice of such sale as then required by law. Place of sale may be either in the County in which the property to be sold, or any part thereof, is situated, or at an office of the Trustee located in the State of Nevada.

(a)   The Trustor, Pledgor and Mortgagor of the personal property herein pledged and/or mortgaged waives any and all other demands or notices as conditions precedent to sale of such personality.

(b)   Trustee may postpone sale of all, or any portion, of said property by public announcement at the time fixed by said Notice of Sale, and may thereafter postpone said sale from time to time by public announcement at the time previously appointed.

(c)   At the time of sale so fixed, Trustee may sell the property  advertised or any part thereof, either as a whole or in separate parcels at its sole discretion, at public auction, to highest bidder for cash in lawful money of the United States, payable at time of sale, and shall deliver to such purchaser a deed conveying the property so sold, but without covenant or warranty, express or implied. Trustor hereby agrees to surrender, immediately and without demand, possession of said property to such purchaser.

11.   Trustee shall apply the proceeds of any such sale to payment of expenses of sale and all charges and expenses of Trustee and of these Trusts, including cost of evidence of title and Trustee's fee in connection with sale; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate of ten percent (10%) per annum; all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

12.   The Beneficiary or assigns may, at any time, by instrument in writing, appoint a successor or successors to the Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary, and recorded in the Office of the County Recorder of the County or Counties wherein said property is situated, shall be conclusive proof of the proper substitution of such Successor Trustee, who shall have all the estate, powers, duties and trusts in the premises vested in or conferred upon the original Trustee.  If there be more than one Trustee, either may act alone and execute the Trust upon the request of the Beneficiary and his acts shall be deemed to be the acts of all Trustees, and the recital in any conveyance executed by such sole Trustee of such requests shall be conclusive evidence thereof, and of the authority of such sole Trustee to act.

13.   This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.

14.   Trustee accepts these trusts when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

15.   In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural, and the term Beneficiary shall include any future holder, including pledges, of the note secured hereby.

16.   When not inconsistent with the above the following covenants, No. 1;2 ($  );3;4 (10%) 5;6;7 (      %) of NRS 107,030 are hereby adopted and made a part of this Deed of Trust.

Ex. 3-006

REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid in full.

To: Chicago Title of Nevada, Inc., A NEVADA CORPORATION, TRUSTEE;   Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and are satisfied. You are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness secured by the Deed of Trust, delivered to you herewith together with the Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

_____          _____

_____          _____

_____          BY _____

_____          BY _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.  Both must be
delivered to the Trustee for cancellation before reconveyance will be made.

Ex. 3-007

EXHIBIT 4

RECORDING REQUESTED BY
**MERCY M. ABRAHAM**
AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME        MERCY M. ABRAHAM

STREET
ADDRESS     7079 PLEASANT VIEW LANE

CITY, STATE &
ZIP CODE    HIGHLAND, CA 92346

(C2-1

Inst #: 20140905-0000956
Fees: $18.00 N/C Fee: $25.00
RPTT: $1568.25 Ex: #
09/05/2014 10:40:26 AM
Receipt #: 2143560
Requestor:
MERCY ABRAHAM
Recorded By: RYUD   Pgs: 3
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

TITLE ORDER NO.          ESCROW NO.          SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

APN: 177-28-703-002

The undersigned grantor(s) declare(s):
DOCUMENTARY TRANSFER TAX $
☒ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area   ☒ City of  LAS VEGAS

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)
Harold Pick
hereby remise, release and quitclaim to
MERCY M. ABRAHAM
the following described real property in the City of  LAS VEGAS          ,County of  CLARK
State of NEVADA with the following legal description:  SEE  EXIBIT  "A"
10275 LA CIENEGA ST.

09/04/2014
Date

_____
Signature of Grantor
Harold Pick
Typed or Printed Name of Grantor

_____
Signature of Grantor
_____
Typed or Printed Name of Grantor

STATE OF  NEVADA

COUNTY OF  CLARK

On        09/04/2014        before   me,   Saray Rivera
          (Date)                              (Name and title of the officer)
personally appeared  Harold Pick                         , who proved to me on the basis of
                    (Name of person signing)
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of officer

```
        SARAY RIVERA
  Notary Public, State of Nevada
    Appointment No. 10-3644-1
  My Appt. Expires Oct 11, 2014
```
(Seal)

MAIL TAX STATEMENT AS DIRECTED ABOVE

*There are various types of deed forms depending on each person's legal status. Before you use this form you many want
to consult an attorney if you have questions concerning which document form is appropriate for your transaction.

Ex. 4-001

**LEGAL DESCRIPTION**

Title No. CT70-CT 12040150

**EXHIBIT "A"**

Assessor's Parcel No: 177-28-703-002

THE SOUTHEAST QUARTER (SE 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHEAST QUARTER (SE 1/4) OF SECTION 28, TOWNSHIP 22 SOUTH, RANGE 61 EAST, M.D.B & M.

EXCEPT THE INTEREST IN THE SOUTH 30 FEET AND THE EAST 30 FEET OF SAID LAND, TOGETHER WITH THAT SPANDREL AREA IN THE SOUTHEAST CORNER THEREOF, AS DESCRIBED IN DEED TO CLARD COUNTY RECORDED JANUARY 4, 1979 IN BOOK 992 AS DOCUMENT NO. 951010, OFFICIAL RECORDS.

TOGETHER WITH THAT PORTION AS VACATED BY THAT CERTAIN ORDER OF VACATION RECORDED OCTOBER 12, 1998 IN BOOK 981012 AS DOCUMENT NO.00660, OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

Ex. 4-002

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a. 177-28-703-002
   b. _____
   c. _____
   d. _____

2. Type of Property:

| | | | |
|---|---|---|---|
| a.☐ | Vacant Land | b.☑ | Single Fam. Res. |
| c.☐ | Condo/Twnhse | d.☐ | 2-4 Plex |
| e.☐ | Apt. Bldg | f.☐ | Comm'l/Ind'l |
| g.☐ | Agricultural | h.☐ | Mobile Home |
| | Other | | |

| FOR RECORDERS OPTIONAL USE ONLY |
|---|
| Book_____ Page:_____ |
| Date of Recording: _____ |
| Notes: |

3.a. Total Value/Sales Price of Property      $ 100   307 434.00
   b. Deed in Lieu of Foreclosure Only (value of property (                    )
   c. Transfer Tax Value:      $ 100
   d. Real Property Transfer Tax Due      $ 100   1568.25

**4. If Exemption Claimed:**
   a. Transfer Tax Exemption per NRS 375.090, Section_____
   b. Explain Reason for Exemption: _____
   _____

5. Partial Interest: Percentage being transferred: 100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____   Capacity: GRANTOR

Signature _____   Capacity: GRANTEE

**SELLER (GRANTOR) INFORMATION**
**(REQUIRED)**
Print Name: HAROLD PICK
Address: 10275 LA CIENEGA ST.
City: LAS VEGAS
State: NV          Zip: 89183

**BUYER (GRANTEE) INFORMATION**
**(REQUIRED)**
Print Name: MERCY ABRAHAM
Address: 7079 PLEASANT VIEW LANE
City: HIGHLAND
State: CA          Zip: 92346

**COMPANY/PERSON REQUESTING RECORDING (Required if not seller or buyer)**
Print Name: _____   Escrow # _____
Address: _____
City: _____   State: _____ Zip: _____

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED

Ex. 4-003

EXHIBIT 5



Inst #: 20141120-0002161
Fees: $33.00
N/C Fee: $0.00
11/20/2014 12:29:32 PM
Receipt #: 2226942
Requestor:
REISMAN SOROKAC
Recorded By: BGN  Pgs: 17
DEBBIE CONWAY
CLARK COUNTY RECORDER

## RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# _____
(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

### TITLE OF DOCUMENT
(DO NOT Abbreviate)

Affidavit of Judgment
_____

_____

_____

Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.

RECORDING REQUESTED BY:

Robert E. McPeak, Esq.
_____

RETURN TO: Name_ Reisman Sorokac
_____

      Address_ 8965 S. Eastern Ave., #382
_____

      City/State/Zip_ Las Vegas, Nevada 89123
_____

MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)

      Name_____

      Address_____

      City/State/Zip_____

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly, do not use page scaling.
Using this cover page does not exclude the document from assessing a noncompliance fee.
P:\Common\Forms & Notices\Cover Page Template Feb2014

Ex. 5-001

1  Robert E. McPeak, Esq.
   Nevada Bar No. 8570
2  REISMAN·SOROKAC
   8965 South Eastern Avenue, Suite 382
3  Las Vegas, Nevada 89123
   Telephone: (702) 727-6258
4  Facsimile: (702) 446-6756
   Email: rmcpeak@rsnvlaw.com
5
   *Attorneys for Plaintiff*
6  *Motorola, Inc.*

7              UNITED STATES DISTRICT COURT

8                 DISTRICT OF NEVADA

9  Motorola, Inc., a Delaware corporation,

10                                          2:14-ms-00071-JAD-PAL

11           Plaintiff,              AFFIDAVIT OF JUDGMENT

12  vs.

13  Harold Pick an individual, *et al.*,

14           Defendants.

15

16  State of Nevada        )
                           ) ss:
17  County of Clark        )

18       Robert E. McPeak, Esq., being first duly sworn, deposes and says:

19       1.      I am an attorney licensed to practice law in the state of Nevada and am a member

20  of Reisman Sorokac, attorneys for Plaintiff, Motorola, Inc., the Judgment Creditor, in the above-

21  captioned matter.

22       2.      A true and correct copy of the Judgment registered in the above-captioned Court,

23  consisting of the Clerk's Certification of a Judgment to be Registered in Another District,

24  Judgment and Permanent Injunction, Bill of Costs, receipt and Cover letter, is attached hereto as

25  Exhibit 1.

26       3.      The name of the Judgment Debtor is Harold Pick, a natural person, whose last known

27  address in Nevada is 10275 La Cienega Street, Las Vegas, Nevada 89183.

28

Ex. 5-002

4.    The last four digits of the Harold Pick's driver's license number are "3316." Said license was issued by the State of California.

5.    The last four digits of the Harold Pick's social security number are "1408."

6.    This Affidavit of Judgment contains a redacted or partial social security number of at least one person, pursuant to the requirements of NRS 17.150.

7.    This Affidavit of Judgment is based upon the affiant's personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
ROBERT E. McPEAK, ESQ.

SUBSCRIBED AND SWORN to before me
on this 13 day of November, 2014 by
Robert E. McPeak, Esq.



NOTARY PUBLIC
in and for said County and State

NOTARY PUBLIC
RITA SADLER
STATE OF NEVADA · COUNTY OF CLARK
MY APPOINTMENT EXP  JAN  17, 2018
No: 04-87208-1

REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727·6258 Fax: (702) 446·6756

2

Ex. 5-003

160

EXHIBIT 1

Ex. 5-004

Case 2:14-ms-00071-JAD-PAL   Document 1   Filed 10/16/14   Page 1 of 1

AO 451 (Rev. 12/12)   Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| MOTOROLA INC., A Delaware Corporation _____<br>*Plaintiff*<br>v.<br>HAROLD PICK, an individual,HAROLD PICK et,al _____<br>*Defendant* | )<br>)<br>)<br>)<br>) |

2:14-ms-00071-JAD-PAL

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ____11/17/2005____.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date:   OCT - 2 2014

CLERK OF COURT



Signature of Clerk or Deputy Clerk

1170

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

OCT   T 6

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                              DEPUTY



Ex. 5-005



1   MANATT, PHELPS & PHILLIPS, LLP
    MARK S. LEE (Bar No. CA 94103)
2   SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
    CRAIG S. RUTENBERG (Bar No. CA 205309)
3   11355 West Olympic Boulevard
    Los Angeles, CA 90064-1614
4   Telephone: (310) 312-4000
    Facsimile: (310) 312-4224
5

6   Attorneys for Plaintiff
    MOTOROLA, INC.

7

8

9              UNITED STATES DISTRICT COURT

10      FOR THE CENTRAL DISTRICT OF CALIFORNIA

11   MOTOROLA, INC., a Delaware        No. CV04 – 2655 ABC (SHx)
    Corporation,
12
            Plaintiff,
13                       [PROPOSED] JUDGMENT
      v.                       AND PERMANENT
14                       INJUNCTION
    HAROLD PICK, an individual, HAROLD    (Unopposed)
15   PICK dba RADIO DESIGN, HAROLD
    PICK dba DONNELLY
16   COMMUNICATIONS RADIO DESIGN, an
    entity of unknown type, C. DONNELLY
17   COMMUNICATIONS, INC., a California    Hon. Audrey B. Collins
    corporation, ERNEST LINDSEY, an
18   individual, ALDO R. INTERIANO, an
    individual, COVERT SERVICES, INC., a
19   California corporation, COVERT
    SERVICES, INC. dba RADIO DESIGN
20   AND ENGINEERING, RADIO DESIGN
    AND ENGINEERING aka RADIO DESIGN
21   & ENGINEERING, an entity of unknown
    type, DALE KETCHERSID, an individual,
22   DALE KETCHERSID dba RADIO DESIGN
    & ENGINEERING,
23   VIDEO/COMMUNICATIONS SYSTEMS
    DESIGN, an entity of unknown type, THE
24   DELUCA GROUP CORPORATION, a
    California corporation, TODD DAVIS, an
25   individual, RADIO HUT CORPORATION,
    a California corporation, RADIO
26   COMMUNICATIONS SYSTEM, INC., an
    entity of unknown type, ROBERT SHARP,
27   an individual, JIM HARRIS, an individual,
    INSTACOM INDUSTRIES, an entity of
28   unknown type; PAUL MENDLE, an

MANATT, PHELPS &
PHILLIPS, LLP

THIS CONSTITUTES NOTICE OF ENTRY

Ex. 5-006

1     individual, EPW COMMUNICATIONS,
    INC., an entity of unknown type, ERIC P.
2     WINKLE, an individual, SHADOW TEAM
    CORPORATION, a Nevada corporation, and
3     PAUL NORTON, an individual,

4           Defendants.

SCANNED

5

6

7      The jury, having rendered verdicts on liability and damages in favor of

8 Plaintiff Motorola, Inc.("Motorola") and against defendants Harold Pick ("Pick"),

9 Dale Ketchersid ("Ketchersid") and Covert Services, Inc. ("CSI") (collectively,

10 "Defendants"), judgment is entered as follows:

11 **I.     JUDGMENT**

12      1.     Judgment is entered in favor of Motorola and against Defendants on

13 Motorola's claim for copyright infringement.

14      2.     Judgment of one million two hundred thousand dollars

15 ($1,200,000.00) is entered in favor of Motorola and against Pick on Motorola's

16 claim for copyright infringement.  Pick is found to have willfully infringed

17 Motorola's copyrights.

18      3.     Judgment of one hundred twenty thousand dollars ($120.000.00) is

19 entered in favor of Motorola and against Ketchersid on Motorola's claim for

20 copyright infringement.

21      4.     Judgment of one hundred twenty thousand dollars ($120.000.00) is

22 entered in favor of Motorola and against CSI on Motorola's claim for copyright

23 infringement.

24      5.     Judgment is entered in favor of Defendants and against Motorola on

25 Motorola's claims for trademark infringement and false designation of origin under

26 the Lanham Act pursuant to 15 U.S.C. § 1114 et seq.

27      6.     Judgment is entered in favor of Motorola and against Defendants on

28 Pick and CSI's claim for conversion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

2

Ex. 5-007

7.      Judgment is entered in favor of Motorola and against Defendant CSI on CSI's claim for intentional interference with contract.

8.      Motorola's state law claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition and conspiracy are dismissed with prejudice.

9.      Defendants' claim for breach of contract is dismissed with prejudice.

## II.      PERMANENT INJUNCTION

Defendants Pick, Ketchersid and CSI, and their officers, directors, principals, agents, representatives, shareholders, partners, employees, successors and assigns, and all those in active concert or participation with them who receive notice of this Order are hereby, PERMANENTLY ENJOINED from:

a.      copying, duplicating, reproducing, posting, circulating, transmitting (electronically or otherwise), selling, offering for sale, distributing, transferring, renting, lending, exchanging, trading, using, adapting, modifying, altering, or otherwise making unauthorized use of the following software programs: Motorola Astro Tuner R01.00.00 (Txu 1-011-511); XTS 3500 RSS R01.00.00 (TX 4-953-825); MCS2000 RSS R05.00.00 (TX 5-610-204); MaxTrac Conventional (RSS) R07.02.00 (TX 5-122-610); Quantar Base Station RSS R09.03.00 (TX 4-646-138); MTX-900S Radio Service Software (version R02.03.00) (TX 4-013-823); Radio Service Software for the Radius GP300/P110 (version R03.00.00) (TX 3 545-723); GP300/GP350 RSS R08.02.00 (TX 4-416-951); Motorola Professional Radio CPS R01.00.02 (Txu 880-345); Motorola Professional Radio CPS R05.00.00 (Txu 1-013-436); Motorola Professional Radio R01.00.00 (Txu 882-166); Motorola Professional Radio R02.00.00 (Txu 1-015-189) (the "Motorola Copyrighted Software"), as well as Motorola Saber Series, XTS Series, MTS Series, Depot Tool, Lab Tools, and System Key Generators, and any prior or

Ex. 5-008

1  subsequent versions or derivatives that are substantially similar thereto, and any

2  other proprietary software owned or developed by or for Motorola that is licensed

3  by Motorola for use with Motorola products, and any other software programs

4  protected by any Motorola Certificate of Copyright Registration; and

5          b.      assisting, aiding, or abetting any other person or entity from

6  engaging in any of the acts set forth in (a) above.

7

8  ## III.   IMPOUNDMENT AND INSPECTION

9          1.      Defendants are ordered to deliver up to Motorola within ten (10) days

10  of entry of this Judgment for destruction or other reasonable disposition, any and all

11  copies of Motorola software made or used by Defendants.

12          2.      Within ten (10) days of entry of this Judgment, Defendants shall

13  themselves destroy any and all copies of Motorola software on their computer hard

14  drives or electronic storage devices or elsewhere, to the extent not practical to

15  deliver up such copies to Motorola.  Defendants shall, within five (5) days

16  thereafter, provide to counsel for Motorola a certificate signed under penalty of

17  perjury by all Defendants confirming that they are no longer in possession of any

18  copies of Motorola software, nor is any such software under their custody or

19  control.

20          3.      Motorola shall be permitted to conduct one (1) inspection per month to

21  examine Defendants' computers and electronic storage devices to confirm that

22  Defendants are not in possession of any copies of Motorola software in violation of

23  this Injunction.  Defendants shall permit Motorola to conduct such inspection at

24  Defendants' places of business, ~~business~~ and any other locations at which such data

25  may be stored, immediately upon request within the hours of 8:00 a.m. and 6:00

26  p.m.  If necessary to complete its inspection, Motorola may retain custody of

27  Defendants' computer hard drives and electronic storage devices for a period not to

28  exceed forty-eight (48) hours.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

4

Ex. 5-009

1    4.    Motorola may make copies of any Motorola software found during

2    such inspection. If notified by Motorola that its software has been found during

3    any such inspection, Defendants are prohibited, by this Order, from altering,

4    concealing, modifying, deleting, transferring, destroying, removing or otherwise

5    tampering with such software pending resolution of the dispute by this Court.

6    5.    Should Motorola find copies of its software during an inspection, it

7    shall immediately so notify the Court by way of *Ex parte* application for seizure

8    order and order to show cause re: contempt, with notice to the Defendants.

9

10   IV.   COSTS, FUNDS ON DEPOSIT AND JURISDICTION

11   1. .   Motorola is awarded costs in the amount of $ ( *to be determined*
                                                              *by Clerk of court* )

12   2.    The Clerk of the Court is directed to release to Motorola the seventeen

13   thousand dollars ($17,000.00) which is currently on deposit with the Court in this

14   action, together with any interest that has accrued thereon, in partial satisfaction of

15   the above $120,000.00 judgment against CSI.

16   3.    The Court shall retain jurisdiction to enforce this Judgment and the

17   permanent injunction included herein, as well as to consider any post trial motions

18   to increase damages or award attorneys' fees.

19

20

21   Dated: November 16, 2005

22

23                                    Hon. Audrey B. Collins
                                      United States District Judge

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

5

Ex 5 - 010

1   Respectfully submitted,

2

3   MANATT, PHELPS & PHILLIPS, LLP
    MARK S. LEE (Bar No. CA 94103)
    SHARI MULROONEY WOLLMAN (Bar No. CA 137142)

4   CRAIG S. RUTENBERG (Bar No. CA 205309)
    11355 West Olympic Boulevard

5   Los Angeles, CA 90064-1614
    Telephone: (310) 312-4000

6   Facsimile: (310) 312-4224

7

8   _____
    Mark S. Lee

9   Attorneys for Plaintiff

10  MOTOROLA, INC.

11  40938243.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

6

SCANNED

Ex 5-011

## PROOF OF SERVICE

I, Rebecca Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On **November 2, 2005**, I served a copy of the within document(s):

**[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard Gibson, Esq.
Law Offices of Richard Gibson
1801 Avenue of the Stars, Suite 406
Los Angeles, California 90067
Fax No. (310) 277-6035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 2, 2005**, at Los Angeles, California.

_Rebecca Weaver_ _____
Rebecca Weaver

40938829.1

MANATT, PHELPS &
PHILLIPS, LLP

169

Ex. 5-012

I hereby attest and certify on 8/20/14
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



1242

Ex. 5-013

Case 2:14-ms-00071-JAD-PAL   Document 1-2   Filed 10/16/14   Page 1 of 2

Case 2:04-cv-02655-ABC-SH   Document 353   Filed 12/08/05   Page 1 of 216   Page ID #:364

ORIGINAL

**UNITED STATES DISTRICT COURT**

Central District of California

**BILL OF COSTS**

MOTOROLA, INC.

Case Number: CV 04-2655 ABC (SHx)

HAROLD PICK, et al.

Judgment having been entered in the above entitled action on 11/17/05 against Defendants

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk .................................................... Priority | $ 300.00 |
| Fees for service of summons and subpoena ..................................... Enter | 17,189.68 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case (Expedited or daily transcripts require prior Court Order.) JS-2/JS-3 | |
| 1. Trial Transcripts, if requested by the Court or prepared pursuant to stipulation) only | Ø |
| 2. Deposition Transcripts (includes non-expedited transcripts, the reporter's appearance fee, fees for binding, bates stamping, non-expedited shipping & handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges). ................................................... | 9,398.41  10,126.41 |
| Fees and disbursements for printing ............................................. | |
| (The costs of copies of an exhibit attached to a document necessarily filed and served.) | 23,012.00 |
| Fees for witnesses (itemize on page 2 of 3) ..................................... | 43,347.94 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 158.64 |
| Docket fees under 28 U.S.C. 1923 ............................................. | 32.50 |
| Costs as shown on Mandate of Court of Appeals ................................. | Ø |
| Compensation of court-appointed experts ....................................... | Ø |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | Ø |
| Other costs to be taxed pursuant to prior Court approval (please itemize) ............... | 37,905.69 |
| TOTAL | $ 131,344.86  132,072.86 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

**DECLARATION**

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was personally served on Richard Gibson, Esq., 1801 Avenue of the Stars, #406, Los Angeles, CA 90067 on 11/18/05.

Mark S. Lee

For: Motorola

Name of Claiming Party

Name of Attorney

Date: November 18, 2005

Costs are taxed in the amount of $131,344.86 and included in the judgment.

SHERRI R. CARTER

By: _____

12/8/05

Clerk of Court

Deputy Clerk

JUDY A. MATTIS

Date

CV-59 (12/03)

BILL OF COSTS

Page 1 of 3

Ex. 5-014

171

I hereby attest and certify on 8/20/14
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1242

Ex. 5-015

172

Case 2:14-ms-00071-JAD-PAL   Document 1-3   Filed 10/16/14   Page 1 of 1

Court Name: District of Nevada
Division: 2
Receipt Number: NVLAS025968
Cashier ID: dcccciab
Transaction Date: 10/16/2014
Payer Name: SOROKAC LAW OFFICE

MISCELLANEOUS PAPERS
  For: SOROKAC LAW OFFICE
  Amount:       $46.00

CHECK/MONEY ORDER
  Remitter: SOROKAC LAW OFFICE
  Check/Money Order Num: 2685
  Amt Tendered: $46.00

Total Due:      $46.00
Total Tendered: $46.00
Change Amt:     $0.00

USDC CASE # 2:04-CV-02655

"Only when bank clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check."

2:14-ms-00071-JAD-PAL

Ex. 5-016

Case 2:14-ms-00071-JAD-PAL   Document 1-4   Filed 10/16/14   Page 1 of 1

 **REISMAN SOROKAC**

.. FILED ..    ..RECEIVED
.. ENTERED ...SERVED ON
      COUNSEL/PARTIES OF RECORD

2014 OCT 16  P 12: 32

CLERK US DISTRICT COURT
     DISTRICT OF NEVADA

BY_____ DEPUTY

**Robert E. McPeak, Esq.**
Email: rmcpeak@rsnvlaw.com

8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727-6258
Fax: (702) 446-6756

October 16, 2014                                   2:14-ms-00071-JAD-PAL

*Via Hand Delivery*

U.S. District Court Clerk
District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

           Re:    *Registration of Judgment – Motorola, Inc. v. Harold Pick, et al.*
                  *USDC Case No. 2:04-cv-02655 ABC (Shx)*

To Whom It May Concern:

        Attached is the following: 1. Check for $46.00 made payable to U.S. District Court
Clerk; 2. Certified copy of the judgment – original and two copies; 3. Certified copy of Bill of
Costs; and 4. Clerk's Certification of a Judgment to be Registered in Another District – Form
No. AO 451 – original and two copies.  Please register this judgment in the U.S. District Court,
District of Nevada.  I will be handling this judgment on behalf of my client, Motorola, Inc.

        If you have any questions or need anything further, please do not hesitate to contact our
office.  Thank you.

                                   Very truly yours,

                                   REISMAN·SOROKAC

                                   Robert E. McPeak, Esq.

REM:kll
Attachments

Ex. 5-017

EXHIBIT 6



Inst #: 20141120-0002162
Fees: $30.00
N/C Fee: $0.00
11/20/2014 12:29:32 PM
Receipt #: 2226942
Requestor:
REISMAN SOROKAC
Recorded By: BGN  Pgs: 14
DEBBIE CONWAY
CLARK COUNTY RECORDER

## RECORDING COVER PAGE
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# _____
(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

### TITLE OF DOCUMENT
(DO NOT Abbreviate)

Clerk's Certification of Judgment to be Registered in Another District

_____

_____

Document Title on cover page must appear EXACTLY as the first page of the document
to be recorded.

RECORDING REQUESTED BY:

Robert E. McPeak, Esq.

RETURN TO: Name___Reisman Sorokac_____

        Address___8965 S. Eastern Ave., #382_____

        City/State/Zip___Las Vegas, Nevada 89123_____

MAIL TAX STATEMENT TO: (Applicable to documents transferring real property)

        Name_____

        Address_____

        City/State/Zip_____

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly, do not use page scaling.
Using this cover page does not exclude the document from assessing a noncompliance fee.
P:\Common\Forms & Notices\Cover Page Template Feb2014

Ex. 6-001

Case 2:14-ms-00071-JAD-PAL Document 1 Filed 10/16/14 Page 1 of 1

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Central District of California

| MOTOROLA INC., A Delaware Corporation | ) | |
| *Plaintiff* | ) | 2:14-ms-00071-JAD-PAL |
| v. | ) | |
| HAROLD PICK, an individual, HAROLD PICK et,al | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* ___11/17/2005___ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: ___OCT - 2 2014___



CLERK OF COURT

Signature of Clerk or Deputy Clerk

1170



FILED / ENTERED

OCT T 6

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY



Ex. 6-002



Case 2:14-ms-00071-JAD-PAL   Document 1-1   Filed 10/16/14   Page 1 of 8

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 1 of 7   Page ID #:257

1   MANATT, PHELPS & PHILLIPS, LLP
    MARK S. LEE (Bar No. CA 94103)
2   SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
    CRAIG S. RUTENBERG (Bar No. CA 205309)
3   11355 West Olympic Boulevard
    Los Angeles, CA  90064-1614
4   Telephone:  (310) 312-4000
    Facsimile:  (310) 312-4224
5
    Attorneys for Plaintiff
6   MOTOROLA, INC.

10            UNITED STATES DISTRICT COURT

       FOR THE CENTRAL DISTRICT OF CALIFORNIA

11   MOTOROLA, INC., a Delaware          No.  CV04 – 2655 ABC (SHx)
     Corporation,
12
                   Plaintiff,
13                                       [PROPOSED] JUDGMENT
             v.                          AND PERMANENT
14                                       INJUNCTION
     HAROLD PICK, an individual, HAROLD  ( Unopposed )
15   PICK dba RADIO DESIGN, HAROLD
     PICK dba DONNELLY
16   COMMUNICATIONS RADIO DESIGN, an
     entity of unknown type, C. DONNELLY
17   COMMUNICATIONS, INC., a California   Hon. Audrey B. Collins
     corporation, ERNEST LINDSEY, an
18   individual, ALDO R. INTERIANO, an
     individual, COVERT SERVICES, INC., a
19   California corporation, COVERT
     SERVICES, INC. dba RADIO DESIGN
20   AND ENGINEERING, RADIO DESIGN
     AND ENGINEERING aka RADIO DESIGN
21   & ENGINEERING, an entity of unknown
     type, DALE KETCHERSID, an individual,
22   DALE KETCHERSID dba RADIO DESIGN
     & ENGINEERING,
23   VIDEO/COMMUNICATIONS SYSTEMS
     DESIGN, an entity of unknown type, THE
24   DELUCA GROUP CORPORATION, a
     California corporation, TODD DAVIS, an
25   individual, RADIO HUT CORPORATION,
     a California corporation, RADIO
26   COMMUNICATIONS SYSTEM, INC., an
     entity of unknown type, ROBERT SHARP,
27   an individual, JIM HARRIS, an individual,
     INSTACOM INDUSTRIES, an entity of
28   unknown type; PAUL MENDLE, an

MANATT, PHELPS &
PHILLIPS, LLP

THIS CONSTITUTES NOTICE OF ENTRY

178

350

Ex. 6-003

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 2 of 7   Page ID #:258

1   individual, EPW COMMUNICATIONS,
    INC., an entity of unknown type, ERIC P.
2   WINKLE, an individual, SHADOW TEAM
    CORPORATION, a Nevada corporation, and
3   PAUL NORTON, an individual,

4           Defendants.

5

6

7           The jury, having rendered verdicts on liability and damages in favor of

8   Plaintiff Motorola, Inc.("Motorola") and against defendants Harold Pick ("Pick"),

9   Dale Ketchersid ("Ketchersid") and Covert Services, Inc. ("CSI") (collectively,

10  "Defendants"), judgment is entered as follows:

11  I.      JUDGMENT

12          1.      Judgment is entered in favor of Motorola and against Defendants on

13  Motorola's claim for copyright infringement.

14          2.      Judgment of one million two hundred thousand dollars

15  ($1,200,000.00) is entered in favor of Motorola and against Pick on Motorola's

16  claim for copyright infringement.  Pick is found to have willfully infringed

17  Motorola's copyrights.

18          3.      Judgment of one hundred twenty thousand dollars ($120,000.00) is

19  entered in favor of Motorola and against Ketchersid on Motorola's claim for

20  copyright infringement.

21          4.      Judgment of one hundred twenty thousand dollars ($120,000.00) is

22  entered in favor of Motorola and against CSI on Motorola's claim for copyright

23  infringement.

24          5.      Judgment is entered in favor of Defendants and against Motorola on

25  Motorola's claims for trademark infringement and false designation of origin under

26  the Lanham Act pursuant to 15 U.S.C. § 1114 et seq.

27          6.      Judgment is entered in favor of Motorola and against Defendants on

28  Pick and CSI's claim for conversion.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

2

Ex. 6-004

Case 2:14-ms-00071-JAD-PAL   Document 1-1   Filed 10/16/14   Page 3 of 8

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 3 of 7   Page ID #:259

1    7.    Judgment is entered in favor of Motorola and against Defendant CSI

2    on CSI's claim for intentional interference with contract.

3    8.    Motorola's state law claims for fraud, breach of contract, breach of the

4    implied covenant of good faith and fair dealing, unfair competition and conspiracy

5    are dismissed with prejudice.

6    9.    Defendants' claim for breach of contract is dismissed with prejudice.

7

8    II.    PERMANENT INJUNCTION

9    Defendants Pick, Ketchersid and CSI, and their officers, directors, principals,

10   agents, representatives, shareholders, partners, employees, successors and assigns,

11   and all those in active concert or participation with them who receive notice of this

12   Order are hereby, PERMANENTLY ENJOINED from:

13

14   a.    copying, duplicating, reproducing, posting, circulating,

15   transmitting (electronically or otherwise), selling, offering for sale, distributing,

16   transferring, renting, lending, exchanging, trading, using, adapting, modifying,

17   altering, or otherwise making unauthorized use of the following software programs:

18   Motorola Astro Tuner R01.00.00 (Txu 1-011-511); XTS 3500 RSS R01.00.00 (TX

19   4-953-825); MCS2000 RSS R05.00.00 (TX 5-610-204); MaxTrac Conventional

20   (RSS) R07.02.00 (TX 5-122-610); Quantar Base Station RSS R09.03.00 (TX 4-

21   646-138); MTX-900S Radio Service Software (version R02.03.00) (TX 4-013-

22   823); Radio Service Software for the Radius GP300/P110 (version R03.00.00) (TX

23   3 545-723); GP300/GP350 RSS R08.02.00 (TX 4-416-951); Motorola Professional

24   Radio CPS R01.00.02 (Txu 880-345); Motorola Professional Radio CPS R05.00.00

25   (Txu 1-013-436); Motorola Professional Radio R01.00.00 (Txu 882-166);

26   Motorola Professional Radio R02.00.00 (Txu 1-015-189) (the "Motorola

27   Copyrighted Software"), as well as Motorola Saber Series, XTS Series, MTS

28   Series, Depot Tool, Lab Tools, and System Key Generators, and any prior or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

3

Ex. 6-005

Case 2:14-ms-00071-JAD-PAL   Document 1-1   Filed 10/16/14   Page 4 of 8

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 4 of 7   Page ID #:260

1  subsequent versions or derivatives that are substantially similar thereto, and any
2  other proprietary software owned or developed by or for Motorola that is licensed
3  by Motorola for use with Motorola products, and any other software programs
4  protected by any Motorola Certificate of Copyright Registration; and

5       b.    assisting, aiding, or abetting any other person or entity from
6  engaging in any of the acts set forth in (a) above.

7

8  **III.  IMPOUNDMENT AND INSPECTION**

9      1.    Defendants are ordered to deliver up to Motorola within ten (10) days
10  of entry of this Judgment for destruction or other reasonable disposition, any and all
11  copies of Motorola software made or used by Defendants.

12      2.    Within ten (10) days of entry of this Judgment, Defendants shall
13  themselves destroy any and all copies of Motorola software on their computer hard
14  drives or electronic storage devices or elsewhere, to the extent not practical to
15  deliver up such copies to Motorola.  Defendants shall, within five (5) days
16  thereafter, provide to counsel for Motorola a certificate signed under penalty of
17  perjury by all Defendants confirming that they are no longer in possession of any
18  copies of Motorola software, nor is any such software under their custody or
19  control.

20      3.    Motorola shall be permitted to conduct one (1) inspection per month to
21  examine Defendants' computers and electronic storage devices to confirm that
22  Defendants are not in possession of any copies of Motorola software in violation of
23  this Injunction.  Defendants shall permit Motorola to conduct such inspection at
24  Defendants' places of business, and any other locations at which such data
25  may be stored, immediately upon request within the hours of 8:00 a.m. and 6:00
26  p.m.  If necessary to complete its inspection, Motorola may retain custody of
27  Defendants' computer hard drives and electronic storage devices for a period not to
28  exceed forty-eight (48) hours.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

4

Ex. 6-006

1     4.    Motorola may make copies of any Motorola software found during

2 such inspection. If notified by Motorola that its software has been found during

3 any such inspection, Defendants are prohibited, by this Order, from altering,

4 concealing, modifying, deleting, transferring, destroying, removing or otherwise

5 tampering with such software pending resolution of the dispute by this Court.

6     5.    Should Motorola find copies of its software during an inspection, it

7 shall immediately so notify the Court by way of *Ex parte* application for seizure

8 order and order to show cause re: contempt, with notice to the Defendants.

9

10 **IV.   COSTS, FUNDS ON DEPOSIT AND JURISDICTION**

11     1.    Motorola is awarded costs in the amount of $ ___(to be determined by Clerk of court)___

12     2.    The Clerk of the Court is directed to release to Motorola the seventeen

13 thousand dollars ($17,000.00) which is currently on deposit with the Court in this

14 action, together with any interest that has accrued thereon, in partial satisfaction of

15 the above $120,000.00 judgment against CSI.

16     3.    The Court shall retain jurisdiction to enforce this Judgment and the

17 permanent injunction included herein, as well as to consider any post trial motions

18 to increase damages or award attorneys' fees.

19

20

21 Dated: November 16, 2005

22                      Hon. Audrey B. Collins

23                      United States District Judge

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

5

Ex. 6-007

1    Respectfully submitted,

2

3    MANATT, PHELPS & PHILLIPS, LLP
     MARK S. LEE (Bar No. CA 94103)
4    SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
     CRAIG S. RUTENBERG (Bar No. CA 205309)
5    11355 West Olympic Boulevard
     Los Angeles, CA  90064-1614
6    Telephone:   (310) 312-4000
     Facsimile:   (310) 312-4224

7

8    _____
     Mark S. Lee

9    Attorneys for Plaintiff

10   MOTOROLA, INC.

11   40938243.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

                                    6

## PROOF OF SERVICE

I, Rebecca Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 2, 2005, I served a copy of the within document(s):

### [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard Gibson, Esq.
Law Offices of Richard Gibson
1801 Avenue of the Stars, Suite 406
Los Angeles, California 90067
Fax No. (310) 277-6035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 2, 2005, at Los Angeles, California.

_Rebecca Weaver_
Rebecca Weaver

40938829.1

MANATT, PHELPS &
PHILLIPS, LLP

Ex. 6-009

Case 2:14-ms-00071-JAD-PAL   Document 1-1   Filed 10/16/14   Page 8 of 8

I hereby attest and certify on 8/20/14
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



1242

Ex. 6-010

Case 2:14-ms-00071-JAD-PAL   Document 1-2   Filed 10/16/14   Page 1 of 2

Case 2:04-cv-02655-ABC-SH   Document 353   Filed 12/08/05   Page 1 of 216   Page ID #:254

**UNITED STATES DISTRICT COURT**

Central District of California

ORIGINAL

2014 OCT 16 P 12:3

CLERK US DISTRICT COURT
DISTRICT OF

**BILL OF COSTS**

MOTOROLA, INC.

FILED
CLERK, U.S. DISTRICT COURT

DEC - 8 2005

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Case Number: CV 04-2655 ABC (SHx)

HAROLD PICK, et al.

Judgment having been entered in the above entitled action on  11/17/05  against Defendants

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Priority. . . . . . . | S | 300.00 |
| | Send | |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . Enter . . . . . . . | | 17,189.68 |
| | Closed | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case (Expedited or daily transcripts require prior Court Order.)  JS-2/JS-3 | | |
| 1.   Trial Transcripts, if requested by the Court or prepared pursuant to stipulation only . . . . . | | 0 |
| 2.   Deposition Transcripts (includes non-expedited transcripts, the reporter's appearance fee, fees for binding, bates stamping, non-expedited shipping & handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges). | | 9,398.44  10,126.41 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (The costs of copies of an exhibit attached to a document necessarily filed and served.) | | 23,012.00 |
| Fees for witnesses (itemize on page 2 of 3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 43,347.94 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . | | 158.64 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 32.50 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 0 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . | | 0 |
| Other costs to be taxed pursuant to prior Court approval (please itemize) . . . . . . . . . . . . . . | | 37,905.69 |
| | TOTAL    S | 131,344.86  132,072.86 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

**DECLARATION**

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was  personally served on Richard Gibson 1801 Avenue of the Stars, #406, Los Angeles, CA 90067 on 11/18/05.

Mark S. Lee

For: Motorola

Name of Attorney

Date:  November 18, 2005

Name of Claiming Party

Costs are taxed in the amount of  $131,384.86  and included in the judgment.

SHERRI R. CARTER                    By:                                    12/8/05

Clerk of Court                    Deputy Clerk                    Date

JUDY A. MATTI

CV-59 (12/03)                    BILL OF COSTS                    Page 1 of 3

Ex. 6-011

Case 2:14-ms-00071-JAD-PAL   Document 1-2   Filed 10/16/14   Page 2 of 2

I hereby attest and certify on 8/20/14
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

1242

Ex. 6-012

Court Name: District of Nevada
Division: 2
Receipt Number: NVLA3625766
Cashier ID: drccsleb
Transaction Date: 10/16/2014
Payer Name: SOROKAC LAW OFFICE

MISCELLANEOUS PAPERS
  For: SOROKAC LAW OFFICE
  Amount:    $46.00
----------------------------------
CHECK/MONEY ORDER
  Remitter: SOROKAC LAW OFFICE
  Check/Money Order Num: 2686
  Amt Tendered: $46.00
----------------------------------
Total Due:    $46.00
Total Tendered: $46.00
Change Amt:    $0.00

USDC CASE # 2:14-CV-02655

"Only when cash clears the check,
money order, or verifies credit of
funds is the fee or debt officially
paid or discharged.  A $53 fee will
be charged for a returned check."

2:14-ms-00071-JAD-PAL

Ex. 6-013

Case 2:14-ms-00071-JAD-PAL   Document 1-4   Filed 10/16/14   Page 1 of 1



**Robert E. McPeak, Esq.**
Email: rmcpeak@rsnvlaw.com

8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Phone: (702) 727-6258
Fax: (702) 446-6756

October 16, 2014

_**Via Hand Delivery**_

2:14-ms-00071-JAD-PAL

U.S. District Court Clerk
District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

       Re:     _Registration of Judgment – Motorola, Inc. v. Harold Pick, et al._
                _USDC Case No. 2:04-cv-02655 ABC (Shx)_

To Whom It May Concern:

      Attached is the following: 1. Check for $46.00 made payable to U.S. District Court Clerk; 2. Certified copy of the judgment – original and two copies; 3. Certified copy of Bill of Costs; and 4. Clerk's Certification of a Judgment to be Registered in Another District – Form No. AO 451 – original and two copies. Please register this judgment in the U.S. District Court, District of Nevada. I will be handling this judgment on behalf of my client, Motorola, Inc.

      If you have any questions or need anything further, please do not hesitate to contact our office. Thank you.

                                Very truly yours,

                                REISMAN·SOROKAC

                                Robert E. McPeak, Esq.

REM:kll
Attachments

Ex. 6-014