# EXHIBIT G

## TO REQUEST FOR JUDICIAL NOTICE

Electronically Filed
9/1/2017 2:30 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ORDR**
E. BRENT BRYSON, P.C.
2  E. BRENT BRYSON, ESQ.
Nevada Bar No. 4933
3  7730 West Sahara Ave., Suite 109
Las Vegas, Nevada 89117
4  P: 702-364-1234
F: 702-364-1442
5  ebbesqltd@yahoo.com
6  Attorney For Defendant
Mercy M. Abraham
7

8                        **DISTRICT COURT**

9                   **CLARK COUNTY, NEVADA**

10

11  MOTOROLA SOLUTIONS, INC. fka          CASE NO.:   A-14-711099-C
MOTOROLA, INC., a Delaware corporation,
12                                         DEPT NO.:   XXVI
            Plaintiff,
13  vs.                                              **ORDER**

14  HAROLD PICK, an individual; MERCY M.
15  ABRAHAM, an individual; DOE
INDIVIDUALS 1 through 10; and ROE
16  ENTITIES 11 through 20, inclusive,

17            Defendants.

18

19        This matter having come on for Hearing on the 6TH day of June, 2017, on Defendant Mercy

20  M. Abraham's Motion to Dismiss Motorola Solutions Incorporated Pursuant to N.R.C.P. 17A or

21  alternatively N.R.C.P. 12 (b)(5),  as a result of Motorola Solutions Inc. failing to demonstrate it is the

22  Real Party In Interest and Has Standing to Bring and Maintain the Instant Action.  Plaintiff Motorola

23  Solutions, Inc., appearing by and through its Counsel Michael D. Mazur Esq. of Mazur & Brooks, A

24  PLC; Defendant Harold Pick appearing by and through his Counsel, Eric R. Olsen, Esq. of Garman

25  Turner Gordon, LLP; and Defendant Mercy M. Abraham appearing by and through her counsel,

26  E. Brent Bryson, Esq. of the law firm of E. Brent Bryson, P.C.; the Court having reviewed the papers

27

28

- 1 -

and pleadings on file herein, and having heard the argument of counsel, and good cause appearing

therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

Defendant Mercy M. Abraham's Motion to Dismiss pursuant to N.R.C.P. 17A, N.R.C.P.

12 (b)(5) is GRANTED without prejudice for failing to demonstrate that Motorola Solutions, Inc. Is

the Real Party In Interest and Has Standing to Bring and Maintain the Instant

Action.

Dated this 12th day of, June, 2017.

IT IS HEREBY ORDERED ON THIS ___31st___ DAY OF ___August___, 2017.

_____
HONORABLE GLORIA STURMAN

RESPECTFULLY SUBMITTED BY AND
APPROVED AS TO FORM AND CONTENT:

E. BRENT BRYSON, P.C.

By_____
E. Brent Bryson, Esq.
Nevada Bar No. 004933
7730 West Sahara Ave., Suite 109
Las Vegas, Nevada  89117
Attorney for Defendant Mercy M. Abraham

MAZUR & BROOKS, A PLC

By_____
Michael D. Mazur Esq.
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146
Attorney for Plaintiff

GARMAN TURNER GORDON, LLC

By_____
Eric R. Olsen, Esq
650 White Drive #100
Las Vegas, Nevada 89119
Attorney for Defendant Harold Pick

- 2 -

# EXHIBIT H

## TO REQUEST FOR JUDICIAL NOTICE

## Case Information

A-17-757091-B | Motorola Solutions, Inc, Plaintiff(s) vs. Harold Pick, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-17-757091-B | Department 27 | Allf, Nancy |
| File Date | Case Type | Case Status |
| 06/19/2017 | Other Business Court Matters | Open |

## Party

**Plaintiff**
Motorola Solutions, Inc

  Aliases
  *FKA* Motorola Inc

Active Attorneys ▾
Lead Attorney
Mazur, Michael D., ESQ
Retained

---

**Counter Defendant**
Motorola Solutions, Inc

  Aliases
  *FKA* Motorola Inc

Active Attorneys ▾
Lead Attorney
Mazur, Michael D., ESQ
Retained

---

**Counter Defendant**
Motorola Solutions, Inc

  Aliases
  *FKA* Motorola Inc

Active Attorneys ▾
Lead Attorney
Mazur, Michael D., ESQ
Retained

194

**Defendant**
Pick, Harold

Active Attorneys ▾

Pro Se

**Counter Claimant**
Pick, Harold

Active Attorneys ▾

Pro Se

**Defendant**
Abraham, Mercy M

Active Attorneys ▾

Lead Attorney
Lee, Michael B.
Retained

Attorney
Matthis, Michael N.
Retained

Inactive Attorneys ▾

Pro Se

**Counter Claimant**
Abraham, Mercy M

Active Attorneys ▾

Lead Attorney
Lee, Michael B.
Retained

Attorney
Matthis, Michael N.
Retained

Inactive Attorneys ▾

Pro Se

## Disposition Events

03/21/2018 Judgment ⌄

Judicial Officer
Allf, Nancy

Judgment Type
Summary Judgment

Monetary Judgment

Debtors: Motorola Solutions, Inc (Plaintiff)

Creditors: Harold Pick (Defendant), Mercy M Abraham (Defendant)

Judgment: 03/21/2018 Docketed: 03/21/2018

07/11/2018 Judgment ⌄

Judicial Officer
Allf, Nancy

Judgment Type
Sanctions

Monetary Judgment

Debtors: Motorola Solutions, Inc (Plaintiff)

Creditors: Mercy M Abraham (Defendant)

Judgment: 07/11/2018 Docketed: 07/12/2018

Total Judgment: $5,045.00

09/11/2018 Judgment ⌄

Judicial Officer
Allf, Nancy

Judgment Type
Summary Judgment

Monetary Judgment

>   Debtors: Motorola Solutions, Inc (Counter Defendant)
>
>   Creditors: Mercy M Abraham (Counter Claimant)
>
>   Judgment: 09/11/2018 Docketed: 09/12/2018

---

05/06/2019 Judgment ⌄

---

Judicial Officer
Allf, Nancy

Judgment Type
Judgment Plus Legal Interest

---

Monetary Judgment

>   Debtors: Motorola Solutions, Inc (Counter Defendant)
>
>   Creditors: Mercy M Abraham (Counter Claimant)
>
>   Judgment: 05/06/2019 Docketed: 05/07/2019
>
>   Total Judgment: $91,130.25

---

05/16/2019 Judgment ⌄

---

Judicial Officer
Allf, Nancy

Judgment Type
Judgment Plus Legal Interest

---

Monetary Judgment

>   Debtors: Motorola Solutions, Inc (Counter Defendant)
>
>   Creditors: Mercy M Abraham (Counter Claimant)
>
>   Judgment: 05/16/2019 Docketed: 05/07/2019
>
>   Total Judgment: $91,130.25

---

06/21/2019 Judgment ▾

Judicial Officer
Allf, Nancy

Judgment Type
Judgment Plus Legal Interest

---

Monetary Judgment

Debtors: **Motorola Solutions, Inc (Counter Defendant)**

Creditors: **Mercy M Abraham (Counter Claimant)**

Judgment: **06/21/2019** Docketed: **05/07/2019**

Total Judgment: **$90,576.25**

---

## Events and Hearings

06/19/2017 Initial Appearance Fee Disclosure ▾

Comment
Initial Appearance Fee Disclosure

06/19/2017 Notice of Intent to Take Default ▾

Comment
Notice of Intent to Take Default

06/19/2017 Complaint (Business Court) ▾

Comment
Complaint

06/20/2017 Notice of Lis Pendens ▾

Comment
Notice of Lis Pendens

198

06/20/2017 Summons Electronically Issued - Service Pending ▼

Comment
Summons

---

06/20/2017 Summons Electronically Issued - Service Pending ▼

Comment
Summons

---

07/10/2017 Motion to Dismiss ▼

Comment
Defendant Mercy Abraham's Motion to Dismiss Motorola Solution Inc.'s Complaint Pursuant to NRCP 17 A, NRCP 12 B (5) and for Want of Standing

---

07/11/2017 Affidavit of Service ▼

Comment
Affidavit of Service

---

07/11/2017 Affidavit of Service ▼

Comment
Affidavit of Service

---

07/12/2017 Initial Appearance Fee Disclosure ▼

Comment
Initial Appearance Fee Disclosure

---

07/24/2017 Application to Proceed in Forma Pauperis

---

07/27/2017 Opposition to Motion ▼

Comment
Plaintiff's Opposition to Defendant's Motion to Dismiss Motorola Solutions, Inc.'s Complaint Pursuant to NRCP 17A, NRCP 12B(5) and for Want of Standing

---

07/28/2017 Order to Proceed In Forma Pauperis

---

08/01/2017 Motion to Dismiss ▼

Comment
Defendant Harold Pick Motion to Dismiss Motorola Solutions Inc Complaint Purusant to NRCP 17A NRCP 12B(5) and for Want of Standing

---

08/07/2017 Opposition to Motion to Dismiss ▼

199

Comment
Defendant Mercy Abrham's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Motorola Solutions, Inc.'s Complaint Pursuant to NrCP 17 A, NRCP 12 B (5) and for Want of Standing

08/10/2017 Motion to Dismiss ▾

Judicial Officer
Allf, Nancy

Hearing Time
11:00 AM

Result
Denied

Comment
Defendant Mercy Abraham's Motion to Dismiss Motorola Solution Inc's Complaint Pursuant to NRCP 17(a), NRCP 12(b)(5) and for Want of Standing

Parties Present▲
  Plaintiff

    Attorney: Mazur, Michael D., ESQ

08/14/2017 Initial Appearance Fee Disclosure ▾

Comment
Initial Appearance Fee Disclosure

08/16/2017 Notice of Department Reassignment ▾

Comment
Notice of Department Reassignment

08/18/2017 Opposition to Motion to Dismiss ▾

Comment
Plaintiff's Opposition to Defendant's Motion to Dismiss Motorola Solutions, Inc's Complaint Pursuant to NRCP 17A, NRCP 12B(5) and for Want of Standing

08/29/2017 Supplement to Response and Opposition ▾

Comment
Responce to motioin to dismiss by Harold PIck to Motorola Solutions Inc

09/04/2017 Request for Judicial Notice ▾

Comment
Defendant Harold Pick RJN to Support Motion to Dismiss NRCP 17A N.R.C.P. 12 B (5) and for Want of Standing

200

09/06/2017 Motion to Dismiss ▼

Judicial Officer
Hardy, Joe

Hearing Time
9:00 AM

Result
Matter Transferred

Comment
Defendant Harold Pick Motion to Dismiss Motorola Solutions Inc Complaint
Purusant to NRCP 17A NRCP 12B(5) and for Want of Standing

Parties Present▲
  Plaintiff

      Attorney: Mazur, Michael D., ESQ

    Defendant: Pick, Harold

09/06/2017 Notice of Department Reassignment ▼

  Comment
  Notice of Department Reassignment

09/06/2017 Notice of Department Reassignment ▼

  Comment
  Notice of Department Reassignment

09/18/2017 Notice of Withdrawal of Attorney ▼

  Comment
  Notice of Withdrawal of Counsel

09/27/2017 Order ▼

  Comment
  Order

09/28/2017 Notice of Hearing ▼

  Comment
  Notice of Hearing

10/04/2017 Substitution of Attorney ▼

  Comment
  Substitution of Counsel

10/13/2017 Order ▼

201

Comment
Order

10/19/2017 Motion to Dismiss ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:30 AM

Result
Denied

Comment
Defendant Harold Pick Motion to Dismiss Motorola Solutions Inc Complaint Purusant to NRCP 17A NRCP 12B(5) and for Want of Standing

Parties Present▲
  Plaintiff

    Attorney: Mazur, Michael D., ESQ

10/19/2017 Order Denying Motion ▾

Comment
Order on Defendant Mercy M. Abraham's Motion to Dismiss

10/25/2017 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings, Defendant Harold Pick Motion to Dismiss Motorola Solutions, Inc. Complaint Pursuant to NRCP 17A, NRCP 12B (5) and for Want of Standing, Heard on October 19, 2017

10/27/2017 Notice of Entry of Order ▾

Comment
Notice of Entry of Order

10/30/2017 Answer ▾

Comment
Answer

11/01/2017 Three Day Notice ▾

Comment
Three Day Notice ofIntent to Take Default

11/01/2017 Notice of Early Case Conference ▾

Comment
Notice of Early Case Conference

202

11/03/2017 Substitution of Attorney ▼

Comment
Substitution of Counsel

11/08/2017 Notice of Appearance ▼

Comment
Notice of Appearance for Defendant Mercy M. Abraham

11/15/2017 Order Denying Motion ▼

Comment
Order on Defendant Harold Pick's Motion to Dismiss

11/16/2017 Notice of Entry of Order ▼

Comment
Notice of Entry of Order

11/17/2017 Motion to Dismiss ▼

Comment
Defendant Abraham s Motion to Dismiss and for Leave to Amend

11/21/2017 Disclosure of Documents and Witnesses Pursuant to NRCP
16.1 ▼

Comment
Defendant Mercy M. Abraham's Initial 16.1 Disclosure of List of
Witnesses and Documents

11/24/2017 Motion for More Definite Statement ▼

Comment
New Motion

12/08/2017 Business Court Order ▼

Comment
Business Court Order

12/08/2017 Opposition to Motion ▼

Comment
Plaintiff's Opposition to Defendant Abraham's Motion to Dismiss and
For Leave to Amend

12/09/2017 NRCP 16.1 Initial List of Witnesses and Documents ▼

Comment

Defendant Harold Pick Initial 16.1 Disclosure of List of Witnesses and Documents

---

12/14/2017 Reply to Opposition ▾

Comment

Reply to Plaintiff's Opposition to Mercy Abraham's Motion to Dismiss

---

12/21/2017 Motion to Dismiss ▾

Judicial Officer

Allf, Nancy

Hearing Time

11:00 AM

Result

Denied in Part

Comment

Defendant Abraham's Motion to Dismiss and for Leave to Amend

---

12/21/2017 Mandatory Rule 16 Conference ▾

Judicial Officer

Allf, Nancy

Hearing Time

11:00 AM

Result

Matter Heard

---

12/21/2017 All Pending Motions ▾

Judicial Officer

Allf, Nancy

Hearing Time

11:00 AM

Result

Matter Heard

Parties Present▴
Plaintiff

Attorney: Mazur, Michael D., ESQ

Defendant: Pick, Harold

Defendant

Attorney: Matthis, Michael N.

---

12/26/2017 Opposition to Motion ▾

204

Comment
Plaintiff's Opposition to Defendant Harold Pick's Motion for More
Definite Statement; or in the Alternative; To Dismiss

12/27/2017 Motion ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:30 AM

Result
Denied

Comment
Defendant Harold Picks Motion for More Definite Statement or in the
Alternative to Dismiss

Parties Present▲
Plaintiff

Attorney: Mazur, Michael D., ESQ

Defendant: Pick, Harold

Defendant

Attorney: Matthis, Michael N.

01/04/2018 Miscellaneous Filing ▾

Comment
Defendant Harold Pick Responce to Mercy Request for Admissions

01/04/2018 Demand for Jury Trial ▾

Comment
Defendant Harold Pick's Demand for Jury Trial

01/11/2018 Order Denying ▾

Comment
Order Denying In Part and Granting In Part Defendant Abraham's
Motion to Dismiss and for Leave to Amend

01/11/2018 Notice of Entry of Order ▾

Comment
NEOJ Order RE: Abraham MtD and Leave to Amend

01/12/2018 Amended Answer ▾

Comment
Defendant Abraham's First Amended Answer to Complaint and
Counterclaims

01/23/2018 Summary Judgment ▼

Comment
Mercy Abraham's Motion for Summary Judgment

01/25/2018 Initial Appearance Fee Disclosure ▼

Comment
Initial Appearance Fee Disclosure for Summary Judgment Motion

01/31/2018 Answer to Counterclaim ▼

Comment
Plaintiff's Answer to Defendant Abraham's Counterclaims

02/09/2018 Opposition to Motion ▼

Comment
Plaintiff's Opposition to Defendant Abraham's Motion for Summary Judgment

02/28/2018 Reply to Opposition ▼

Comment
Reply to Opp to Abraham's MSJ

03/02/2018 Answer and Counterclaim ▼

Comment
Answer and Counterclaim Against Motorola Solutions Inc

03/02/2018 Joinder To Motion ▼

Comment
Joinder to Motions for summery judgment

03/07/2018 Opposition to Motion For Summary Judgment ▼

Comment
Plaintiff's Opposition to Defendant Pick's Joinder to Defendant Abraham's Motion for summary Judgment

03/08/2018 Motion for Summary Judgment ▼

Judicial Officer
Allf, Nancy

Hearing Time
11:00 AM

Result
Granted

Comment
Defendant Mercy Abraham's Motion for Summary Judgment

03/08/2018 Joinder ▾

Judicial Officer
Allf, Nancy

Hearing Time
11:00 AM

Result
Matter Heard

Comment
Defendant Harold Picks joinder in Defendant Mercy Abraham's Motion for Summary Judgment

03/08/2018 All Pending Motions ▾

Judicial Officer
Allf, Nancy

Hearing Time
11:00 AM

Result
Matter Heard

Parties Present▴
  Plaintiff

    Attorney: Mazur, Michael D., ESQ

  Defendant: Pick, Harold

  Defendant

    Attorney: Lee, Michael B.

03/21/2018 Order Granting Summary Judgment ▾

  Comment
  Order Granting Defendant Mercy M. Abraham's Motion for Summary Judgment

03/21/2018 Notice of Entry of Order ▾

  Comment
  Notice of Entry of Order Granting Defendant Mercy M. Abraham's Motion for Summary Judgment

04/10/2018 Default ▾

  Comment
  Default on Motorola Solutios Inc

05/01/2018 Order Setting Civil Bench Trial ▾

Comment
Order Setting Civil Bench Trial, Pre-Trial and Calendar Call

05/10/2018 Motion ▾

Comment
Counterclaimant's Motion to Extinguish Lis Pendens on an Order
Shortening Time

05/16/2018 Motion to Expunge Lis Pendens ▾

Comment
Counterclaimant's Motion to Extinguish Lis Pendens on an Order
Shortening Time

05/18/2018 Motion to Compel ▾

Comment
Counterclaimant's Motion to Compel and Enlarge Disco

05/30/2018 Motion to Expunge Lis Pendens ▾

Judicial Officer
Allf, Nancy

Hearing Time
9:30 AM

Result
Granted

Comment
Counterclaimant's Motion to Extinguish Lis Pendens on an Order
Shortening Time

Parties Present▴
Plaintiff

Attorney: Mazur, Michael D., ESQ

Defendant

Attorney: Matthis, Michael N.

06/13/2018 Order Cancelling Lis Pendens ▾

Comment
Order Granting Counterclaimant s Motion to Extinguish Lis Pendens
on an Order Shortening Time

06/13/2018 Notice of Entry of Order ▾

Comment
Notice of Entry of Order Granting Counterclaimant's Motion to Extinguish Lis Pendens on an Order Shortening Time

---

06/15/2018 Minute Order ▾

Judicial Officer
Allf, Nancy

Hearing Time
3:00 AM

Result
Minute Order - No Hearing Held

Comment
Minute Order: Motion to Compel and Enlarge set 6/21/2018 GRANTED and VACATED

---

06/21/2018 Motion ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:00 AM

Cancel Reason
Vacated

Comment
Counterclaimant's Motion to Compel and Enlarge Disco

---

06/21/2018 Order Granting ▾

Comment
Order Granting Counterclaimant Mercy M. Abraham's Motion to Enlarge Discovery (First Request) and to Compel Plaintiff/Counter-Defendant's Responses to Discovery

---

06/21/2018 Notice of Entry of Order ▾

Comment
Notice of Entry of Order Granting Counterclaimant s Mercy M. Abraham s Motion to Enlarge Discovery (First Request) and to Compel Plaintiff / Counter-Defendant s Responses to Discovery

---

06/28/2018 Supplement ▾

Comment
Supplement to Counterclaimant Mercy Abraham s Motion to Enlarge Discovery (First Request) and to Compel Plaintiff/Counter-Defendant s Responses to Discovery

---

07/05/2018 Motion for Summary Judgment ▾

Comment
Counterclaimant Mercy Abraham s Motion for Summary Judgment
on Counterclaims

07/05/2018 Motion to Strike ▼

Comment
Counterclaimant Mercy Abraham s Motion to Strike Plaintiff/Counter-
Defendant s Pleadings and/or for Other Sanctions

07/11/2018 Amended Order ▼

Comment
Amended Order Granting Counterclaimant Mercy Abraham s Motion
to Enlarge Discovery (First Request) and to Compel Plaintiff/Counter-
Defendant s Responses to Discovery

07/11/2018 Notice of Entry of Order ▼

Comment
Notice of Entry of Amended Order Granting Counterclaimant Mercy
Abraham s Motion to Enlarge Discovery (First Request) and to
Compel Plaintiff/Counter-Defendant s Responses to Discovery

08/03/2018 Supplement ▼

Comment
Supplement to Counterclaimant Mercy Abraham's Motion to Strike
Plantiff/Counter-Defendant's Pleadings and/or for Other Sanctions

08/07/2018 Opposition ▼

Comment
Opposition to Counterclaimant Mercy Abraham's Motion for
Summary Judgment on Counterclaims

08/08/2018 Motion for Summary Judgment ▼

Judicial Officer
Allf, Nancy

Hearing Time
10:30 AM

Result
Granted in Part

Comment
Counterclaimant Mercy Abraham s Motion for Summary Judgment on
Counterclaims

08/08/2018 Motion to Strike ▼

210

Judicial Officer
Allf, Nancy

Hearing Time
10:30 AM

Result
Denied

Comment
Counterclaimant Mercy Abraham s Motion to Strike Plaintiff/Counter-
Defendant s Pleadings and/or for Other Sanctions

08/08/2018 All Pending Motions ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:30 AM

Result
Matter Heard

Parties Present▲
   Plaintiff

      Attorney: Mazur, Michael D., ESQ

   Defendant

      Attorney: Lee, Michael B.

09/11/2018 Order Granting Motion ▾

   Comment
   Order Granting Motion for Summary Judgment on Liability only;
   Denying Sanctions

09/11/2018 Notice of Entry of Order ▾

   Comment
   NEOJ Granting SJ for Liability; Denying Sanctions

11/05/2018 Pre-trial Memorandum ▾

   Comment
   Pre-Trial Memorandum

11/08/2018 Calendar Call ▾

Judicial Officer
Allf, Nancy

Hearing Time
9:31 AM

211

Result
Matter Heard

**Parties Present▲**
 Plaintiff

  Attorney: Mazur, Michael D., ESQ

 Defendant

  Attorney: Matthis, Michael N.

---

11/13/2018 Bench Trial ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:30 AM

Cancel Reason
Vacated

---

02/04/2019 Evidentiary Hearing ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:00 AM

Cancel Reason
Vacated - per Judge

---

04/15/2019 Evidentiary Hearing ▾

Judicial Officer
Allf, Nancy

Hearing Time
10:00 AM

Result
Matter Heard

**Parties Present▲**
 Plaintiff

  Attorney: Mazur, Michael D., ESQ

 Defendant: Pick, Harold

 Defendant: Abraham, Mercy M

  Attorney: Matthis, Michael N.

---

04/22/2019 Memorandum of Costs and Disbursements ▾

212

Comment
Counterclaimant's Memo of Costs

04/22/2019 Affidavit in Support of Attorney Fees ▾

Comment
Affidavit Supplementing Attorneys' Fees for Counterclaimant Mercy Abraham

04/25/2019 Motion to Retax ▾

Comment
PLAINTIFF'S MOTION TO TAX COSTS AND OPPOSITION TO COUNTERCLAIMANT'S AFFIDAVIT OF MICHAEL B. LEE IN SUPPORT OF COUNTERCLAIMANT MERCY ABRAHAM'S SUPPLEMENT TO ATTORNEYS' FEES AND COSTS

04/29/2019 Motion ▾

Comment
Plaintiff's Motion to Tax Costs and Opposition to Counterclaimant's Affidavit of Michael B. Lee, Esq. in Support ofCounterclaimant Mercy Abraham's Supplement to Attorneys' Fees and Costs

04/30/2019 Clerk's Notice of Hearing ▾

Comment
Notice of Hearing

05/06/2019 Judgment ▾

Comment
Judgment in Favor of Counterclaimant Mercy M. Abraham

05/06/2019 Notice of Entry of Order ▾

Comment
NEOJ Judgment in favor of Counterclaimant Mercy M. Abraham

05/08/2019 Opposition to Motion ▾

Comment
Opposition to Motion to Tax Costs

05/16/2019 Amended Judgment ▾

Comment
Amended Judgment

06/04/2019 Case Appeal Statement ▾

Comment
Case Appeal Statement

213

06/04/2019 Notice of Appeal ▾

Comment
Notice of Appeal

06/05/2019 Motion ▾

Judicial Officer
Allf, Nancy

Hearing Time
9:30 AM

Result
Granted in Part

Comment
Plaintiff's Motion to Tax Costs and Opposition to Counterclaimant's Affidavit of Michael B. Lee, Esq. in Support of Counterclaimant Mercy Abraham's Supplement to Attorneys' Fees and Costs

Parties Present▴
Plaintiff

Attorney: Mazur, Michael D., ESQ

Defendant

Attorney: Matthis, Michael N.

06/05/2019 Exhibits ▾

Comment
Exhibits to Notice of Appeal

06/21/2019 Judgment ▾

Comment
Second Amended Judgment

06/21/2019 Notice of Entry of Order ▾

Comment
Notice of Entry of Sec. Am. Judgment

08/02/2019 Notice ▾

Comment
Notice of Filing Stay of Execution Pending Appeal [Cash Deposit in Lieu of Bond]

09/25/2019 Motion to Withdraw As Counsel ▾

Comment
Michael B. Lee, P.C.'s Motion to Withdraw as Counsel

09/25/2019 Notice of Attorney Lien ▾

Comment
Notice of Retaining Lien pursuant to NRS 18.015

09/25/2019 Notice of Hearing ▾

Comment
Notice of Hearing Request for Michael B. Lee, P.C.'s Motion to Withdraw

09/26/2019 Motion to Withdraw As Counsel ▾

Comment
Michael B. Lee, P.C.'s Motion to Withdraw as Counsel of Record for Defendant/Counterclaimant Mercy M. Abraham

09/26/2019 Clerk's Notice of Hearing ▾

Comment
Notice of Hearing

10/08/2019 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings, Defendant Mercy Abraham's Motion to Dismiss Motorola Solution, Inc.'s Complaint Pursuant to NRCP 17(a), NRCP 12(b)(5), and for Want of Standing, Heard on August 10, 2017

10/08/2019 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings, Defendant Abraham's Motion to Dismiss and for Leave to Amend; Mandatory Rule 16 Conference, Heard on December 21, 2017

10/08/2019 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings, Defendant Harold Pick's Motion for More Definite Statement or in the Alternative to Dismiss, Heard on December 27, 2017

10/08/2019 Recorders Transcript of Hearing ▾

Comment
Transcript of Proceedings, All Pending Motions, Heard on March 8, 2018

10/08/2019 Recorders Transcript of Hearing ▾

215

Comment
Transcript of Proceedings, Counterclaimants's Motion to Extinguish
Lis Pendens on an Order Shortening Time, Heard on May 30, 2018

10/08/2019 Recorders Transcript of Hearing  ▾

Comment
Transcript of Proceedings, All Pending Motions, Heard on August 8,
2018

10/08/2019 Recorders Transcript of Hearing  ▾

Comment
Transcript of Proceedings, Calendar Call, Heard on November 8,
2018

10/08/2019 Recorders Transcript of Hearing  ▾

Comment
Transcript of Proceedings, Evidentiary Hearing, Heard on April 15,
2019

10/08/2019 Recorders Transcript of Hearing  ▾

Comment
Transcript of Proceedings, Plaintiff's Motion to Tax Costs and
Opposition to Counterclaimant's Affidavit of Michael B. Lee, Esq., in
Support of Counterclaimant Mercy Abraham's Supplement to
Attorneys' Fees. and Costs, Heard on June 5, 2019

10/29/2019 Motion to Withdraw as Counsel  ▾

Judicial Officer
Allf, Nancy

Hearing Time
3:00 AM

Result
Granted

Comment
Michael B. Lee, P.C.'s Motion to Withdraw as Counsel of Record for
Defendant/Counterclaimant Mercy M. Abraham

11/05/2019 Release  ▾

Comment
Release of Attorney Retaining Lien Under NRS 18.015

216

## Financial

Motorola Solutions, Inc

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $1,554.00 |
| | Total Payments and Credits | | | $1,554.00 |
| 6/20/2017 | Transaction Assessment | | | $1,530.00 |
| 6/20/2017 | Efile Payment | Receipt # 2017-51674-CCCLK | Motorola Solutions, Inc., f/k/a Motorola, Inc. | ($1,530.00) |
| 6/4/2019 | Transaction Assessment | | | $24.00 |
| 6/4/2019 | Efile Payment | Receipt # 2019-33870-CCCLK | Motorola Solutions, Inc | ($24.00) |

Pick, Harold

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $450.00 |
| | Total Payments and Credits | | | $450.00 |
| 8/15/2017 | Transaction Assessment | | | $450.00 |
| 8/15/2017 | Efile Payment | Receipt # 2017-64781-CCCLK | Pick, Harold | ($450.00) |

Abraham, Mercy M

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $1,883.00 |
| | Total Payments and Credits | | | $1,883.00 |
| 7/12/2017 | Transaction Assessment | | | $1,483.00 |
| 7/12/2017 | Efile Payment | Receipt # 2017-56692-CCCLK | Abraham, Mercy M | ($1,483.00) |
| 1/25/2018 | Transaction Assessment | | | $200.00 |
| 1/25/2018 | Efile Payment | Receipt # 2018-05924-CCCLK | Abraham, Mercy M | ($200.00) |
| 7/5/2018 | Transaction Assessment | | | $200.00 |
| 7/5/2018 | Efile Payment | Receipt # 2018-44634-CCCLK | Abraham, Mercy M | ($200.00) |

217

# EXHIBIT I

## REQUEST FOR JUDICIAL NOTICE

Electronically Filed
6/19/2017 11:26 PM
Steven D. Grierson
CLERK OF THE COURT

1   COMP
2   MICHAEL D. MAZUR, ESQ.
    Nevada Bar No.  011202
3   MAZUR & BROOKS, A PLC
    2355 Red Rock Street, Suite 100
4   Las Vegas, Nevada 89146
5   Telephone:   (702) 564-3128
    complaint@mazurbrooks.com
6
7   Attorney for Plaintiff,
    MOTOROLA SOLUTIONS, INC.,
8   f/k/a MOTOROLA, INC.
9

10              **EIGHTH JUDICIAL DISTRICT COURT**

11                 **CLARK COUNTY, NEVADA**

12   MOTOROLA SOLUTIONS, INC., f/k/a          )   CASE NO.:   A-17-757091-B
13   MOTOROLA, INC., a Delaware corporation,  )   DEPT. NO.:  Department 27
                                              )
14              Plaintiff,                    )   **COMPLAINT**
                                              )
15      vs.                                   )   **[Exempt from Arbitration Pursuant to**
                                              )   **NAR 3A:  Action Concerning Title to**
16                                            )   **Real Estate and Seeking Declaratory**
     HAROLD PICK, an individual; MERCY M.     )   **Relief]**
17   ABRAHAM, an individual; DOE              )
     INDIVIDUALS 1 through 10; and ROE        )
18   ENTITIES 11 through 20, inclusive,       )
                                              )
19              Defendants.                   )
                                              )
20                                            )
                                              )
21   _____ )

22                        **COMPLAINT**

23      Plaintiff MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., by and through its
24
25   attorneys of record Michael D. Mazur, Esq. of MAZUR & BROOKS, A Professional Law
26   Corporation, hereby complains against Defendants HAROLD PICK, MERCY M. ABRAHAM,
27   DOE INDIVIDUALS 1 through 10, and ROE ENTITIES 11 through 20, as follows:
28

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

1

# I.   **PARTIES**

1.     Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein and hereby incorporates herein by this reference.

2.     Plaintiff, Motorola Solutions, Inc., formerly known as Motorola, Inc, ("Plaintiff"), is, and at all relevant times was a Delaware corporation with its principal place of business in Schaumberg, Illinois.  Plaintiff's name was changed on January 4, 2011 pursuant to a corporate transaction wherein Motorola, Inc. acquired its wholly owned subsidiary Motorola Name Change Corp. and changed its name from Motorola, Inc. to Motorola Solutions, Inc.

3.     On information and belief, Defendant Harold Pick ("Pick") is, and at all relevant times was, a resident of Los Angeles County, California, and is currently residing at 2493 South Bundy Drive, Los Angeles, California 90064.

4.     On information and belief, Defendant Mercy M. Abraham ("Abraham") is, and at all relevant times was, a resident of San Bernardino County, California and is currently residing at 7079 Pleasant View Lane, Highland, California 92346.

5.     That to the Plaintiff's knowledge and belief, the true names or capacities, whether individual, corporate, associates or otherwise of Defendant(s) Pick and/or Abraham to Plaintiff, who therefore sues said Defendant by such names.  Plaintiff is informed and believes and on such information and belief alleges that each of the fictitiously named Defendants is in some way responsible for the damages sustained by Plaintiff in this action, whether governmental, or otherwise, of Defendants Doe Individuals 1 through 10 and Roe Entities 11 through 20 ("Doe/Roe Defendants"), inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

6.     On information and belief, Doe/Roe Defendants are responsible, in some actionable manner, for the events and/or happenings hereinafter referred to, and caused the injuries and damages proximately thereby to Plaintiffs, as hereinafter alleged. On information and belief, each of the Defendants, including the Doe/Roe Defendants, was the agent of each of the remaining Defendants and was acting both individually and within the course and scope of the agency.

2

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

## II.    JURISDICTION AND VENUE

7.     Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein and hereby incorporates herein by this reference.

8.     Jurisdiction and venue are proper in this Court because the acts, events and omissions giving rise to this lawsuit occurred in Las Vegas, Nevada, Clark County.

9.     The real property, which is the subject matter of this litigation, is located in Clark County, Nevada, with a description as 10275 La Cienega Street, Clark County, Nevada, Assessor Parcel Number 177-28-703-002 (the "Property").

10.     The issues raised in this lawsuit are complex matters dealing with fraudulent conveyances and General Corporate Law of the State of Delaware relating to mergers, ownerships and name changes.

## III.    GENERAL ALLEGATIONS

11.     Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein and hereby incorporates herein by this reference.

12.     The Property at issue herein is located at 10275 La Cienega Street, Clark County, Nevada.

13.     The Property is approximately 1.99 acres and is improved by a single-family residence.

14.     On or about November 17, 2005, Plaintiff obtained a Judgment (the "Judgment") against Pick in the amount of $1,200,000.00, plus costs in the sum of $131,344.86, in an action entitled *Motorola, Inc. v. Pick, et al*, U.S. District Court for the Central District of California, Case No. CV04-2655 ABC(SHx). A true and correct copy of the Judgment is attached hereto as Exhibit "1" and is incorporated herein by this reference.

15.     The Judgment became final on or about December 17, 2005.

16.     The Judgment has never been appealed and the time for appealing has expired.

3

17. In October 2014, the Judgment was registered in U.S. District Court, Southern District of Nevada, Case No. 2:14-ms-00071-JAD-PAL and reassigned Case No. 2:17-cv-01116-JAD-PAL.

18. On December 12, 2015, Plaintiff filed a lawsuit seeking for fraudulent conveyance against Pick and Abraham in Clark County District Court, Case No. A-14-711099-C entitled *Motorola Solutions, Inc v. Pick, Abrahams et al* (the "Case No. A-14-711099-C").

19. In 2015, Plaintiff, Motorola Solutions, Inc. filed to renew the Judgment in the U.S. District Court in California. The court renewed the Judgment and the clerk served notice upon Defendant Pick.

20. Thereafter, Defendant Harold Pick filed a Motion to Vacate Renewal of the Judgment claiming that Motorola Solutions, Inc. lacked standing since the name had changed from Motorola, Inc. to Motorola Solutions, Inc.

21. On January 21, 2016, the U.S. District Court, Central District of California ruled that "Plaintiff had standing to renew the judgment and that Plaintiff followed the correct procedure for obtaining renewal of the judgment."

22. On September 1, 2016, in Case No. A-14-711099-C, Defendant Abraham filed a Motion to Compel Plaintiff to Demonstrate that it had standing. Defendant claimed that Plaintiff had "stopped doing business under its old corporate structure and merged with and changed its name." ("Motion to Compel"). Attached hereto as Exhibit "2" and incorporated herein by this reference.

23. On April 21, 2017, Defendant Abraham filed a Motion to Dismiss regarding claims of lack of standing. On June 6, 2017, at the hearing on Defendant Abraham's Motion to Dismiss, the Court dismissed Case No. A-14-711099-C without prejudice.

24. Plaintiff is the owner of the Judgment, of which no part has been satisfied and pursuant to NRS 112.150(4), Plaintiff is a creditor of Pick.

25. Pick is liable on Plaintiffs claim against Pick and, accordingly, pursuant to NRS 112.150(6), Pick is a "debtor."

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

4

26.     On information and belief, the Judgment, and interest accruing thereon, rendered Pick insolvent at all relevant times.

27.     Joy N. Francis and Bini Francis, husband and wife, as joint tenants, conveyed the Property to Pick, as evidenced by a Grant, Bargain, Sale Deed dated as of September 9, 2013 and recorded in the Official Records of Clark County, Nevada on September 16, 2013 as instrument No. 201309160000655.

28.     On or about September 16, 2013, Pick, as trustor, encumbered the Property with a Short Form Deed of Trust and Assignment of Rents (the "Deed of Trust") in favor of Abraham, as beneficiary, to purportedly secure the repayment of a promissory note in the initial principal amount of $261,000 made by Pick in favor of Abraham (the "Obligation").

29.     The Deed of Trust was recorded in the Official Records of Clark County Nevada on September 16, 2013 as Instrument No. 201309160000656.

30.     On September 5, 2014, Pick transferred the Property by Quitclaim Deed ("Deed") (the "Transferred Asset") to Abraham for a stated consideration of $100.00 (the "Transfer").

31.     The Deed was recorded in the Official Records of Clark County Nevada on September 5, 2014 as Instrument No. 20140905-0000956.

32.     On information and belief, Pick and Abraham knew each other prior to Pick incurring the Obligation and making the Transfer, though at this time the type and extent of Pick and Abraham's relationship is unknown.

33.     On information and belief, Pick did not receive value for incurring the Obligation.

34.     On information and belief, Pick did not receive equivalent value for the transfer of the Property to Abraham.

35.     On information and belief, Pick incurred the Obligation and subsequently transferred the Property to Abraham with the intent of removing the Property from Plaintiffs reach, with the actual intent to hinder, delay or defraud Plaintiff as a creditor of debtor, Defendant Pick.

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

5

36.    On information and belief, Pick was insolvent at the time he incurred the Obligation and/or at the time he made Transfer; or (2) as a result of incurring the Obligation and/or making the Transfer.

37.    Prior to the transfer, Defendant Pick had already been sued and a judgment rendered against him in excess of $1.2 Million.

## FIRST CAUSE OF ACTION
### (FRAUDULENT TRANSFER — NRS 112.180(1)(a)

38.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs above as though fully set forth herein.

39.    Pick incurred the Obligation after Plaintiffs claim against Pick arose.

40.    Pick transferred the Property to Abraham after Plaintiffs claim against Pick arose.

41.    On information and belief, Pick incurred the Obligation and/or made the Transfer with the actual intent to hinder, delay or defraud Plaintiff.

42.    Therefore, under NRS 112.180(1)(a), Pick made one or more fraudulent transfers.

43.    As a result of such fraudulent transfers, Plaintiff has suffered damages in excess of $15,000 and is entitled to the relief provided in NRS chapter 112 and such relief as otherwise available in law or at equity.

44.    Plaintiff has been required to retain the services of counsel to prosecute this matter and, accordingly is entitled to an award of its costs and attorney's fees incurred herein.

## SECOND CAUSE OF ACTION
### (FRAUDULENT TRANSFER — NRS 112.180(1)(b)

45.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs above as though fully set forth herein.

46.    Pick incurred the Obligation after Plaintiffs claim against Pick arose

47.    Pick transferred the Property to Abraham after Plaintiffs claim against Pick arose.

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

6

48.     On information and belief, Pick did not receive from Abraham a reasonably equivalent value in exchange for incurring the Obligation or for the Transfer, and Pick: (1) was engaged or was about to engage in a business or a transaction for which Pick's remaining assets were unreasonably small in relation to the business or transaction; or (2) intended to incur, or believed or reasonably should have believed that Pick would incur, debts beyond his ability to pay as they became due.

49.     Therefore, under 112.180(1)(b), Pick made one or more fraudulent transfers.

50.     As a result of such fraudulent transfers, Plaintiff has suffered damages in excess of $15,000 and is entitled to the relief provided in NRS chapter 112 and such relief as otherwise available in law or at equity.

51.     Plaintiff has been required to retain the services of counsel to prosecute this matter and, accordingly is entitled to an award of its costs and attorney's fees incurred herein.

### THIRD CAUSE OF ACTION
### (FRAUDULENT TRANSFER — NRS 112.190(1)

52.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs above as though fully set forth herein.

53.     Pick incurred the Obligation after Plaintiffs claim against Pick arose.

54.     Pick transferred the Property to Abraham after Plaintiffs claim against Pick arose.

55.     On information and belief, Pick did not receive from Abraham a reasonably equivalent value in exchange for incurring the Obligation or for the Transfer.

56.     On information and belief, Pick was insolvent at the time he incurred the Obligation and at the time he made Transfer, or incurring the Obligation or making the Transfer made him insolvent.

57.     Therefore, under NRS 112.190(1), Pick made one or more fraudulent transfers.

58.     As a result of such fraudulent transfer, Plaintiff is entitled to the relief provided in NRS chapter 112 and such relief as otherwise available in law or at equity.

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

7

59.     Plaintiff has been required to retain the services of counsel to prosecute this matter and, accordingly is entitled to an award of its costs and attorney's fees incurred herein.

### FOURTH CAUSE OF ACTION
### (DECLARATORY RELIEF)

60.     Plaintiff repeats and re-alleges each and every allegation contained above as though fully set forth herein.

61.     Under NRS 30.010 et seq., the Uniform Declaratory Judgments Act, any person whose rights, status or other legal relations are affected by a statute, may have determined any question of construction or validity arising under the statute and obtain a declaration of rights, status or other legal relations thereunder.

62.     A dispute has arisen and an actual controversy now exists between Plaintiff and Defendants.

63.     Plaintiffs interests are adverse to those of Defendants.

64.     Plaintiff has a legally protectable interest in the controversy.

65.     The issues involved in this controversy are ripe for judicial determination.

66.     Pursuant to NRS 30.030, this Court has the power to declare the rights, status and other legal relationships between Plaintiff and Defendant.

67.     Pursuant to NRS 30.040, Plaintiff is entitled to seek a determination of the parties' rights and status, specifically a declaration of the parties' rights with respect to the Obligation, Transfer, and Property and proceeds of any sale thereof, and otherwise available at law and in equity.

68.     Accordingly, Plaintiff requests a declaratory judgment that: (1) Plaintiff is a creditor of Pick within the meaning of NRS chapter 112; (2) Pick is a debtor of Plaintiff within the meaning of NRS chapter 112; and (3) the Obligation and/or the Transfer constituted fraudulent transfers under NRS chapter 112.

69.     Plaintiff has been required to retain the services of counsel to prosecute this matter and, as such, is entitled to an award of his reasonable costs and attorney's fees incurred herein.

8

## IV.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs prays for relief against Defendants, and the Doe/Roe Defendants, as follows:

1.    For a temporary restraining order, order of preliminary injunction, and permanent injunctive relief against defendants, ABRAHAM and PICK their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with her according to the terms and conditions as prayed for herein and as is just, reasonable and necessary to afford complete relief to Plaintiffs and each of them.

2.    For the sum in excess of $15,000.00, to be determined at trial;

3.    For punitive damages to be determined at trial;

4.    For a constructive trust and equitable lien upon the Transferred Assets and proceeds therefrom;

5.    That the fraudulent transfers be set aside and declared void;

6.    For attachment and levy of execution upon the Transferred Assets and proceeds therefrom;

7.    For a judgment against Defendant Abraham for the value of the Property, pursuant to NRS 112.220(2);

8.    For a declaration of the parties' relationship and rights with respect to the Property, the Obligation and the Transfer;

9.    For reasonable attorneys' fees;

10.   For costs incurred or to be incurred; and

11.   For such other and further relief as this Court may deem just and proper.

DATED this 19TH day of June, 2017.

MAZUR & BROOKS
A Professional Law Corporation

_/s/ Michael D. Mazur_
MICHAEL D. MAZUR, Esq.
*Attorneys for Plaintiff*

9

# Exhibit 1



Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 1 of 7   Page ID #:257

1  MANATT, PHELPS & PHILLIPS, LLP
   MARK S. LEE (Bar No. CA 94103)
2  SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
   CRAIG S. RUTENBERG (Bar No. CA 205309)
3  11355 West Olympic Boulevard
   Los Angeles, CA 90064-1614
4  Telephone: (310) 312-4000
   Facsimile: (310) 312-4224
5
   Attorneys for Plaintiff
6  MOTOROLA, INC.
7
8
9
10              UNITED STATES DISTRICT COURT

        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  MOTOROLA, INC., a Delaware          No. CV04-2655 ABC (SHx)
    Corporation,
12
13              Plaintiff,
                                        [PROPOSED] JUDGMENT
14      v.                              AND PERMANENT
                                        INJUNCTION
15  HAROLD PICK, an individual, HAROLD  (Unopposed)
    PICK dba RADIO DESIGN, HAROLD
16  PICK dba DONNELLY
    COMMUNICATIONS RADIO DESIGN, an
17  entity of unknown type, C. DONNELLY
    COMMUNICATIONS, INC., a California  Hon. Audrey B. Collins
18  corporation, ERNEST LINDSLY, an
    individual, ALDO R. INTERIANO, an
19  individual, COVERT SERVICES, INC., a
    California corporation, COVERT
20  SERVICES, INC. dba RADIO DESIGN
    AND ENGINEERING, RADIO DESIGN
21  AND ENGINEERING aka RADIO DESIGN
    & ENGINEERING, an entity of unknown
22  type, DALE KETCHERSID, an individual,
    DALE KETCHERSID dba RADIO DESIGN
23  & ENGINEERING,
    VIDEO/COMMUNICATIONS SYSTEMS
24  DESIGN, an entity of unknown type, THE
    DELUCA GROUP CORPORATION, a
25  California corporation, TODD DAVIS, an
    individual, RADIO HUT CORPORATION,
26  a California corporation, RADIO
    COMMUNICATIONS SYSTEM, INC., an
27  entity of unknown type, ROBERT SHARP,
    an individual, JIM HARRIS, an individual,
28  INSTACOM INDUSTRIES, an entity of
    unknown type, PAUL MENDLE, an

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW        THIS CONSTITUTES NOTICE OF ENTRY

350

Ex. 1-001

230



individual, EPW COMMUNICATIONS, INC., an entity of unknown type, ERIC P. WINKLE, an individual, SHADOW TEAM CORPORATION, a Nevada corporation, and PAUL NORTON, an individual,

Defendants.

The jury, having rendered verdicts on liability and damages in favor of Plaintiff Motorola, Inc.("Motorola") and against defendants Harold Pick ("Pick"), Dale Ketchersid ("Ketchersid") and Covert Services, Inc. ("CSI") (collectively, "Defendants"), judgment is entered as follows:

I.    JUDGMENT

1.    Judgment is entered in favor of Motorola and against Defendants on Motorola's claim for copyright infringement.

2.    Judgment of one million two hundred thousand dollars ($1,200,000.00) is entered in favor of Motorola and against Pick on Motorola's claim for copyright infringement.  Pick is found to have willfully infringed Motorola's copyrights.

3.    Judgment of one hundred twenty thousand dollars ($120,000.00) is entered in favor of Motorola and against Ketchersid on Motorola's claim for copyright infringement.

4.    Judgment of one hundred twenty thousand dollars ($120,000.00) is entered in favor of Motorola and against CSI on Motorola's claim for copyright infringement.

5.    Judgment is entered in favor of Defendants and against Motorola on Motorola's claims for trademark infringement and false designation of origin under the Lanham Act pursuant to 15 U.S.C. § 1114 et seq.

6.    Judgment is entered in favor of Motorola and against Defendants on Pick and CSI's claim for conversion.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW

2

Ex. 1-002

7.      Judgment is entered in favor of Motorola and against Defendant CSI on CSI's claim for intentional interference with contract.

8.      Motorola's state law claims for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition and conspiracy are dismissed with prejudice.

9.      Defendants' claim for breach of contract is dismissed with prejudice.

## II.   PERMANENT INJUNCTION

Defendants Pick, Ketchersid and CSI, and their officers, directors, principals, agents, representatives, shareholders, partners, employees, successors and assigns, and all those in active concert or participation with them who receive notice of this Order are hereby, PERMANENTLY ENJOINED from:

a.      copying, duplicating, reproducing, posting, circulating, transmitting (electronically or otherwise), selling, offering for sale, distributing, transferring, renting, lending, exchanging, trading, using, adapting, modifying, altering, or otherwise making unauthorized use of the following software programs: Motorola Astro Tuner R01.00.00 (Txu 1-011-511); XTS 3500 RSS R01.00.00 (TX 4-953-825); MCS2000 RSS R05.00.00 (TX 5-610-204); MaxTrac Conventional (RSS) R07.02.00 (TX 5-122-610); Quantar Base Station RSS R09.03.00 (TX 4-646-138); MTX-900S Radio Service Software (version R02.03.00) (TX 4-013-823); Radio Service Software for the Radius GP300/P110 (version R03.00.00) (TX 3 545-723); GP300/GP350 RSS R08.02.00 (TX 4-416-951); Motorola Professional Radio CPS R01.00.02 (Txu 880-345); Motorola Professional Radio CPS R05.00.00 (Txu 1-013-436); Motorola Professional Radio R01.00.00 (Txu 882-166); Motorola Professional Radio R02.00.00 (Txu 1-015-189) (the "Motorola Copyrighted Software"), as well as Motorola Saber Series, XTS Series, MTS Series, Depot Tool, Lab Tools, and System Key Generators, and any prior or

Ex. 1-003

1  subsequent versions or derivatives that are substantially similar thereto, and any

2  other proprietary software owned or developed by or for Motorola that is licensed

3  by Motorola for use with Motorola products, and any other software programs

4  protected by any Motorola Certificate of Copyright Registration; and

5       b.    assisting, aiding, or abetting any other person or entity from

6  engaging in any of the acts set forth in (a) above.

7

8  III.   IMPOUNDMENT AND INSPECTION

9       1.   Defendants are ordered to deliver up to Motorola within ten (10) days

10  of entry of this Judgment for destruction or other reasonable disposition, any and all

11  copies of Motorola software made or used by Defendants.

12       2.   Within ten (10) days of entry of this Judgment, Defendants shall

13  themselves destroy any and all copies of Motorola software on their computer hard

14  drives or electronic storage devices or elsewhere, to the extent not practical to

15  deliver up such copies to Motorola. Defendants shall, within five (5) days

16  thereafter, provide to counsel for Motorola a certificate signed under penalty of

17  perjury by all Defendants confirming that they are no longer in possession of any

18  copies of Motorola software, nor is any such software under their custody or

19  control.

20       3.   Motorola shall be permitted to conduct one (1) inspection per month to

21  examine Defendants' computers and electronic storage devices to confirm that

22  Defendants are not in possession of any copies of Motorola software in violation of

23  this Injunction. Defendants shall permit Motorola to conduct such inspection at

24  Defendants' places of business, homes and any other locations at which such data

25  may be stored, immediately upon request within the hours of 8:00 a.m. and 6:00

26  p.m. If necessary to complete its inspection, Motorola may retain custody of

27  Defendants' computer hard drives and electronic storage devices for a period not to

28  exceed forty-eight (48) hours.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

4

1         4.     Motorola may make copies of any Motorola software found during

2  such inspection.  If notified by Motorola that its software has been found during

3  any such inspection, Defendants are prohibited, by this Order, from altering,

4  concealing, modifying, deleting, transferring, destroying, removing or otherwise

5  tampering with such software pending resolution of the dispute by this Court.

6         5.     Should Motorola find copies of its software during an inspection, it

7  shall immediately so notify the Court by way of *Ex parte* application for seizure

8  order and order to show cause re: contempt, with notice to the Defendants.

9

10  IV.   COSTS, FUNDS ON DEPOSIT AND JURISDICTION

11        1.    Motorola is awarded costs in the amount of $ _( to be determined_

_by Clerk of court_

12        2.    The Clerk of the Court is directed to release to Motorola the seventeen

13  thousand dollars ($17,000.00) which is currently on deposit with the Court in this

14  action, together with any interest that has accrued thereon, in partial satisfaction of

15  the above $120,000.00 judgment against CSI.

16        3.    The Court shall retain jurisdiction to enforce this Judgment and the

17  permanent injunction included herein, as well as to consider any post trial motions

18  to increase damages or award attorneys' fees.

19

20

21  Dated: November 16, 2005

22

                           Hon. Audrey B. Collins

23                     United States District Judge

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

5

1    Respectfully submitted,

2

3    MANATT, PHELPS & PHILLIPS, LLP
     MARK S. LEE (Bar No. CA 94103)

4    SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
     CRAIG S. RUTENBERG (Bar No. CA 205309)

5    11355 West Olympic Boulevard
     Los Angeles, CA 90064-1614

6    Telephone: (310) 312-4000
     Facsimile: (310) 312-4224

7

8    
     Mark S. Lee

9    Attorneys for Plaintiff

10   MOTOROLA, INC.

11   40938243.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

6

Ex. 1 - 006

Case 2:04-cv-02655-ABC-SH   Document 350   Filed 11/16/05   Page 2 of 7   Page ID #:263

## PROOF OF SERVICE

I, Rebecca Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 2, 2005, I served a copy of the within document(s):

### [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐  by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard Gibson, Esq.
Law Offices of Richard Gibson
1801 Avenue of the Stars, Suite 406
Los Angeles, California 90067
Fax No. (310) 277-6035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 2, 2005, at Los Angeles, California.

Rebecca Weaver
Rebecca Weaver

40038829.1

MANATT, PHELPS &
PHILLIPS, LLP

Ex. 1-007

# Exhibit 2

Electronically Filed
10/06/2016 04:40:30 PM

*signature*

CLERK OF THE COURT

1  MCOM
E. BRENT BRYSON, P.C.
2  E. BRENT BRYSON, ESQ.
Nevada Bar No. 4933
3  7730 West Sahara Ave., Suite 109
Las Vegas, Nevada 89117
4  P: 702-364-1234
5  F: 702-364-1442
ebbesqltd@yahoo.com
6  Attorney For Defendant
Mercy M. Abraham
7

8

9  **DISTRICT COURT**

10  **CLARK COUNTY, NEVADA**

11  MOTOROLA SOLUTIONS, INC. fka
MOTOROLA, INC., a Delaware corporation,
12
Plaintiff,
13
vs.
14
HAROLD PICK, an individual; MERCY M.
15  ABRAHAM, an individual; DOE
INDIVIDUALS 1 through 10; and ROE
16  ENTITIES 11 through 20, inclusive,
17
Defendants.
18

CASE NO.:   A-14-711099-C

DEPT NO.:   XXVI

DEFENDANT MERCY M. ABRAHAM'S
MOTION TO COMPEL MOTOROLA
SOLUTIONS, INC. TO DEMONSTRATE
THAT PURSUANT TO NRCP 17A THAT
MOTOROLA SOLUTIONS, INC. IS A REAL
PARTY IN INTEREST AND HAS
STANDING TO BRING AND MAINTAIN
THE INSTANT ACTION

Hearing Date: _____

Hearing Time: _____

19

20

21

22

23    COMES NOW Defendant MERCY M. ABRAHAM (hereinafter "Abraham"), by and

24  through her attorney, E. Brent Bryson, Esq., of the law office of E. Brent Bryson, P.C. and hereby

25  files her Motion to Compel Motorola Solutions, Inc. to Demonstrate That Pursuant to NRCP 17A

26  That Motorola Solutions, Inc. is a Real Party in Interest and Has Standing to Bring and Maintain

27  the Instant Action.  This Motion is made and based upon the Points and Authorities contained

28

- 1 -

herein, the pleadings and papers on file, and the Affidavit of E. Brent Bryson, Esq. and the attached

Exhibits, along with any oral argument heard at the time of hearing.

DATED this 6th day of October, 2016.

E. BRENT BRYSON, P.C.

By _____
E. BRENT BRYSON, ESQ.
Nevada Bar No. 004933
7730 West Sahara Ave., Suite 109
Las Vegas, Nevada 89117
Attorney for Defendant
Mercy M. Abraham

## NOTICE OF MOTION

TO:   ALL INTERESTED PARTIES:

TO:   THEIR ATTORNEYS OF RECORD:

YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned will bring the above and foregoing Motion on for hearing before the above-entitled Court on the _22_ day of _NOVEMBER_, 2016, at the hour of _9:00A_ o'clock ___.m. or as soon thereafter as counsel can be heard.

DATED this 6th day of October, 2016.

E. BRENT BRYSON, P.C.

By _____
E. BRENT BRYSON, ESQ.
Nevada Bar No. 004933
7730 West Sahara Ave., Suite 109
Las Vegas, Nevada 89117
Attorney for Defendant
Mercy M. Abraham

- 2 -

**POINTS AND AUTHORITIES**

I.    IT IS NOT CLEAR THAT MOTOROLA SOLUTIONS, INC. IS THE REAL PARTY IN INTEREST

The instant action arises out of a Complaint that was filed in US District Court for the Central District of California, Case No. CV04-2655 ABC(SHx) on or about November 17, 2005. A Judgment was obtained in that action against Harold Pick and others which did not include Defendant Mercy M. Abraham (a Defendant in the instant action). See Exhibit "A" attached hereto. Harold Pick who was one party against whom the California Judgment was entered, eight years later conveyed to Defendant Abraham, a Short Form Deed of Trust and Assignment of Rents for property here in Nevada. See Exhibit "B" attached hereto. Based upon the aforementioned Conveyance Plaintiff filed on December 12, 2014 a Complaint against Harold Pick and Mercy M. Abraham before this Court alleging that Defendant Abraham had engaged in improprieties regarding the conveyance. Prior to the instant action being commenced on December 12, 2014 Motorola, Inc. who was the Plaintiff in the California action stopped doing business under its old corporate structure and merged with and changed its name to Motorola Solutions, Inc.  Thus, Motorola, Inc. (the entity that obtained the Judgment) is no longer in business.  Upon information and belief the underlying California Judgment was not assigned to Motorola Solutions, Inc. as an asset or receivable.  Additionally it is asserted upon information and belief that the Judgment obtained by Motorola, Inc. was not amended to reflect that Motorola Solutions, Inc. is the legal holder of the Judgment.  Thus, Motorola Solutions, Inc. it is asserted upon information and belief, is not the real party in interest and has, no standing to bring or maintain the instant action.

II.   LAW

NRCP 17A provides that ". . . every action shall be prosecuted in the name of the real party in interest."  The concept of the "real party in interest" has been construed to mean that the action

- 3 -

1   should be brought by a party that has a right to enforce the claim.  See *Painter v. Anderson*, 96

2   Nev. 941 620 P.2d 1254 (1980).  The purpose of NRCP 17A is for the defendant to avail himself

3   of evidence against the real party in interest to assure the finality of a judgment if one is rendered

4   against the defendant, making sure that the defendant would be protected against another suit

5   brought by the real party in interest.  See *NAD, Inc. v. Eighth Judicial Dist. Court*, 115 Nev. 71 976

6   P.2d 994 (1999).  An objection based upon a real party in interest argument must be timely made.

7   Whether or not an objection is timely made lies with the discretion of the Court.  See *Dangberg*

8   *Holdings NV., LLC v. Douglas County*, 115 Nev. 129 (1999).  In this case the Answer by Abraham

9   was filed on September 1, 2016, thus there is no delay in the filing of Defendant Abraham's Motion

10  that would prejudice either party.  Conversely, if this suit is allowed to proceed, Defendant

11

12  Abraham will be severely prejudiced by having to defend an improper suit.

13

14  III.   **PLAINTIFF DOES NOT HAVE STANDING TO SUE**

15       The question of standing is not interchangeable with the issue of real party in interest.  See

16  *Deal v. 999 Lakeshore Association*, 94 Nev. 301 579 P.2d 775 (1978).  In order to have standing a

17  plaintiff must meet a two-prong test.  The test is as follows:  The First Prong of the test a plaintiff

18  must demonstrate is that the complaint or action caused the plaintiff "injury in fact".  The Second

19  Prong of the test is that the plaintiff's interest must arguably be within the zone of interest

20  protected or regulated by the statute or constitutional guarantee in question.  See *Association of*

21  *Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150 (1970).  The injury in fact

22  inquiry has been further broken down into two sub-parts.  Subpart 1 is the question of whether the

23  action complained of, caused or threatened to cause "injury in fact" and Subpart 2 asks would the

24  relief sought remedy the injury? See *Renni v. Geary*, 501 U.S. 312 111 S.Ct. 2331 (1991).  See

25

26

27  also *San Francisco County Democratic Central Committee v. Eu*, 826 F.2d 814 (9th Cir. 1997).

28

- 4 -

Motorola Solutions, Inc. cannot demonstrate standing because that corporation did not suffer any "injury in fact" and its claim is not within the zone of interest protected or regulated by statute or constitutional guarantee since Motorola Solutions, Inc. was not in existence at the time the Judgment was entered as against Defendant Pick and is not upon information and belief the legal Judgment holder as a result of the merger.

IV.  **MOTOROLA SOLUTIONS, INC. SHOULD BE REQUIRED TO DEMONSTRATE IT IS THE REAL PARTY IN INTEREST AND ALSO DEMONSTRATE IT HAS STANDING TO MAINTAIN THE INSTANT ACTION**

Motorola Solutions, Inc. should be required to demonstrate as part of the "real party in interest" and "standing" analysis that there was an assignment of the Judgment to Motorola Solutions, Inc. byway of the Merger and that the Judgment was amended to legally allow Motorola Solutions, Inc. to bring and maintain the instant action by enforcing the Judgment.

Without demonstration that the Judgment was assigned as an asset or receivable to Motorola Solutions, Inc. and that the Judgment was amended to reflect Motorola Solutions, Inc. as the legal Judgment holder, Motorola Solutions, Inc. cannot maintain the instant action for lack of standing.

**CONCLUSION**

Based upon the foregoing it is respectfully requested this Court grant the relief requested herein by the Defendant Mercy M. Abraham.

DATED this 6th day of October, 2016.

E. BRENT BRYSON, P.C.

By _____
E. BRENT BRYSON, ESQ.
Nevada Bar No. 004933
7730 West Sahara Ave., Suite 109
Las Vegas, Nevada 89117
Attorney for Defendant
Mercy M. Abraham

- 5 -

## AFFIDAVIT OF E. BRENT BRYSON, ESQ.

STATE OF NEVADA     )
                    ) ss:
COUNTY OF CLARK     )

I, E. Brent Bryson, Esq., declare under penalty of perjury of the laws of the State of Nevada the following:

1.      That Affiant is a licensed attorney in the State of Nevada; that your Affiant is an attorney with the law firm of E. Brent Bryson, P.C. and is the attorney for Defendant Mercy M. Abraham in Case No. A-14-711099-C or in the foregoing action; that your Affiant has personal knowledge of the facts stated herein and is competent to testify to the same and this Affidavit submitted in support of the foregoing Defendant Mercy M. Abraham's Motion to Compel Motorola Solutions, Inc. to Demonstrate that Pursuant to NRCP 17A That Motorola Solutions, Inc. is a Real Party in Interest and Has Standing to Bring and Maintain the Instant Action;

2.      Attached hereto as Exhibit "A" is a true and correct copy to the best of Affiant's knowledge of the Judgment and Permanent Injunction filed in the United States District Court for the Central District of California in Case No. CV04-2655 ABC (SIIx) on November 17, 2005.

3.      Attached hereto as Exhibit "B" is a true and correct copy to the best of Affiant's knowledge of the Short Form Deed of Trust and Assignment of Rents recorded on September 16, 2013 by the Clark County Recorder;

Further, Affiant sayeth naught.

_____
E. BRENT BRYSON, ESQ.

Subscribed and sworn to before me
this 4th day of October, 2016.

_____
Notary Public in and for Said County and State

IESHA PROFIT
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-16-18
Certificate No: 12-9573-1

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2016, I served a true and correct copy of the

foregoing DEFENDANT MERCY M. ABRAHAM'S MOTION TO COMPEL MOTOROLA

SOLUTIONS, INC. TO DEMONSTRATE THAT PURSUANT TO NRCP 17A THAT

MOTOROLA SOLUTIONS, INC. IS A REAL PARTY IN INTEREST AND HAS STANDING

TO BRING AND MAINTAIN THE INSTANT ACTION as indicated below:

    __X__    Served on all parties electronically for filing pursuant to mandatory NEFCR 4(b);

    __X__    Sending a copy via electronic e-mail;

    _____    Via Facsimile, pursuant to EDCR 7.26;

    _____    By placing the original copy in a sealed envelope, first-class, postage prepaid, and

    depositing said envelope in the U.S. Mail in Las Vegas, Nevada, addressed as

    follows:

JOSHUA H. REISMAN, ESQ.
Nevada Bar No. 7152
ROBERT R. WARNS, III, ESQ.
Nevada Bar No. 12123
REISMAN SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada   89123
P: 702-727-6258
F: 702-446-6756
EM: jreisman@rsnvlaw.com
EM: rwarns@rsnvlaw.com
Attorneys for Plaintiff
Motorola Solutions, Inc.

ERIC R. OLSEN, ESQ.
Nevada Bar No. 3127
GARMAN TURNER GORDON LLP
650 White Drive, Suite 100
Las Vegas, Nevada   89119
P: 725-777-3000
F: 725-777-3112
EM: eolsen@gtg.legal

- 7 -

1    AND

2    RAYMOND H. AVER, ESQ.
     California Bar No. 109577
3    LAW OFFICES OF RAYMOND H. AVER
     A Professional Corporation
4    1950 Sawtell Boulevard, Suite 120
     Los Angeles, California   90025
5    P: 310-571-3511
     F: No Fax Number
6    EM: ray@averlaw.com
7    Attorneys for Defendant Harold Pick

8

9

10                    _____
                      An Employee of E. Brent Bryson, P.C.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   - 8 -

# EXHIBIT "A"

Inst #: 201309160000656
Fees: $23.00
N/C Fee: $25.00
09/16/2013 09:53:58 AM
Receipt #: 1771829
Requestor:
CHICAGO TITLE LAS VEGAS
Recorded By: COJ  Pgs: 7
DEBBIE CONWAY
CLARK COUNTY RECORDER

ESCROW NO: 12040150-148-SAB
APN: 177-28-703-002
WHEN RECORDED MAIL TO:
MAIL TAX STATEMENT TO:

MERCY M. ABRAHAM
7079 PLEASANT VIEW LANE
HIGHLAND, CA 92346

ESCROW NO: 12040150-148-SAB

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made this September 8, 2013 between Harold Pick, a single man, herein called TRUSTOR, whose address is:  10275 La Cienega Street, Las Vegas, NV-89183 ,

and  Mercy M. Abraham, a married woman, .herein called BENEFICIARY,

and Chicago Title of Nevada, Inc., A NEVADA CORPORATION herein called TRUSTEE,

WITNESSETH: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Clark County, Nevada described as:
See Exhibit A attached hereto and made a part hereof.

Additional provisions are attached hereto as Exhibit B.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
FOR THE PURPOSE OF SECURING:  1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $263,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such additional sums as may hereafter be borrowed from beneficiary by the then record owner of said property, when evidenced by another promissory note (or notes) reciting it is so secured.
TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of the Deed of Trust and the Note secured hereby, that provisions (1) to (16) inclusive of the Deed of Trust recorded in the Book and at the Page, or Document No. of Official records in the Office of the County Recorder of the County where said property is located, noted below opposite the name of such county, viz:

Ex. 3-001

| COUNTY | DOC # | BOOK | PAGE | COUNTY | DOC # | BOOK | PAGE | COUNTY | DOC # | BOOK | PAGE |
|--------|-------|------|------|--------|-------|------|------|--------|-------|------|------|
| Clark | 413987 | 514 | | Humboldt | 116966 | 3 | 83 | Nye | 47157 | 67 | 163 |
| Churchill | 104132 | 34 mtgs | 591 | Lander | 41172 | 3 | 758 | Ormsby | 72637 | 19 | 102 |
| Douglas | 24496 | 22 | 415 | Lincoln | 41292 | 0 mtgs | 467 | Pershing | 57488 | 28 | 58 |
| Elko | 14831 | 43 | 343 | Washoe | 407205 | 734 | 221 | Storey | 28573 | R mtgs | 112 |
| Esmer. | 26291 | 3H deeds | 138-141 | Lyon | 55488 | 31 mtgs | 449 | White Pine | 28124 | 261 | 341-344 |
| Eureka | 39602 | 3 | 263 | Mineral | 78848 | 10 mtgs | 534-537 | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address herein before set forth.

STATE OF NEVADA )
                              )ss
COUNTY OF CLARK )

On _September 9, 2013_
personally appeared before me, a Notary Public,
Harold Pick

_Harold Pick_

personally known or proven to me to be the person(s)
whose name(s) is/are subscribed to the above instrument
who acknowledged that he/she/they executed this instrument
for the purposes therein contained

_Notary Public_   SANDRA BIANCO

My commission expires: 4-29-17

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
SANDRA BIANCO
Appt. No. 93-2073-1
My Appt. Expires April 29, 2017

93-2073-1

Ex. 3-002

LEGAL DESCRIPTION

EXHIBIT "A"

Assessor's Parcel No:  177-28-703-002

THE SOUTHEAST QUARTER (SE 1/4) OF THE SOUTHWEST QUARTER (SW 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF THE SOUTHEAST QUARTER (SE 1/4) OF SECTION 28, TOWNSHIP 22 SOUTH, RANGE 61 EAST, M.D.B. & M.

EXCEPT THE INTEREST IN THE SOUTH 30 FEET AND THE EAST 30 FEET OF SAID LAND, TOGETHER WITH THAT SPANDREL AREA IN THE SOUTHEAST CORNER THEREOF, AS DESCRIBED IN DEED TO CLARK COUNTY RECORDED JANUARY 4, 1979 IN BOOK 992 AS DOCUMENT NO. 951010, OFFICIAL RECORDS.

TOGETHER WITH THAT PORTION AS VACATED BY THAT CERTAIN ORDER OF VACATION RECORDED OCTOBER 12, 1998 IN BOOK 981012 AS DOCUMENT NO. 00660, OF OFFICIAL RECORDS, CLARK COUNTY, NEVADA.

Ex. 3-003

EXHIBIT B

ADDITIONAL PROVISIONS

LATE CHARGE: If any installment is not received by Payee or Payee's designated servicing agent within ten 10 days following the scheduled due date, a late charge of five per cent (5%) of the payment amount shall be assessed. The late charge shall be payable in addition to and at the same time as the regularly scheduled installment.

DUE ON SALE: In the event the Trustor shall sell, transfer, convey or otherwise become divested of his right, title or interest in and to the subject property or any portion thereof, without the prior, written consent of the beneficiary hereunder, the entire unpaid principal balance of the note secured hereby, together with any interest accrued thereon shall, at the option of the holder thereof, and without demand or notice, become immediately due and payable in full.

NO PREPAYMENT PENALTY: Payor under promissory note reserves the right to prepay the note at any time, either in whole or in part, without penalty.

Ex. 3-004

250

DO NOT RECORD

The following is a copy of provisions (1) to (16) inclusive, of the Deed of Trust, recorded in each county in Nevada, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

To Protect the Security of This Deed of Trust, Trustor Agrees:

1.   To properly care for and keep the property in good condition and repair, not to remove or demolish any building thereon; to complete in a good and workmanlike manner any building which may be constructed thereon, and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws, ordinances and regulations requiring any alterations or improvements to be made thereon; not to commit or permit any waste thereof; not to commit, suffer or permit any act to be done in or upon the property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and/or do any other act or acts, all in a timely and proper manner, which, from the character or use of the property, may be reasonably necessary, the specific enumerations herein not excluding the general.

2.   To pay and discharge all costs, fees and expenses of these Trusts, including cost of evidence of title and Trustee's fees in connection with sale, whether completed or not, which amounts shall become due upon delivery to Trustee of Declaration of Default and Demand for Sale, as hereinafter provided.

3.   The amount collected under any fire insurance policy shall be credited first, to accrued interest, next to expenditures hereunder, and any remainder upon the principal.  Interest shall then  cease upon the amount so credited upon principal; provided, however, that at the option of the Beneficiary, the entire amount collected under the policies or any part thereof may be released to the Trustor, without liability upon the Trustor for such release.

4.   That if, during the existence of the Trust there be commenced or pending any suit or action affecting said conveyed premises, or any part thereof, or the title thereto, or if any adverse claim for or against the premises, or any part thereof, be made or asserted, he will appear in and defend any such matter purporting to affect the security and will pay all costs and damages arising because of such action.

5.   Any award of damages in connection with any condemnation for public use of or injury to any property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as herein provided for disposition of proceeds of insurance.

6.      Trustee shall be under no obligation to notify any party hereto of any pending sale hereunder or of action or proceeding of any kind in which Trustor, Beneficiary and/or Trustee shall be named as defendant, unless brought by Trustee.

7.   Acceptance by Beneficiary of any sum in payment of any indebtedness secured hereby, after the date when the same is due, shall not constitute a waiver of the right either to require prompt payment, when due, of all other sums so secured or to declare default as herein provided for failure to pay.

8.   Trustee may, at any time, or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note(s) secured hereby for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby or the effect of this Deed of Trust upon the remainder of said property; reconvey any part of said property; consent in writing to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or subordination agreement in connection herewith.

9.   Upon receipt of written request from Beneficiary reciting that all sums secured hereby have been paid and upon surrender of this Deed of Trust and said Note to Trustee for cancellation and retention and upon payment of its fees, the Trustee shall reconvey without warranty the property then held hereunder.  The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof.  The Grantee in such reconveyance may be described in general terms as "the person or persons legally entitled thereto."  Trustee is authorized to retain this Deed of Trust and the Note.

(a)  Should default be made by Trustor in payment of any indebtedness secured hereby and/or in performance of any agreement herein, the Beneficiary may declare all sums secured hereby immediately due by delivery to Trustee of a written Declaration of Default and Demand for Sale, and of written notice of default and

election to cause said property to be sold (which notice Trustee shall cause to be recorded in the appropriate County Recorder's Office) and shall surrender to Trustee this Deed of Trust, the Note(s) and all documents evidencing any expenditure secured hereby.

10. After three months have elapsed following recordation of any such Notice of Default, Trustee shall sell said property at such time and at such place in the State of Nevada as the Trustee, in it's sole discretion, shall deem best to accomplish the objects of these Trusts, having first given notice of such sale as then required by law. Place of sale may be either in the County in which the property to be sold, or any part thereof, is situated, or at an office of the Trustee located in the State of Nevada.

    (a)  The Trustor, Pledgor and Mortgagor of the personal property herein pledged and/or mortgaged waives any and all other demands or notices as conditions precedent to sale of such personality.

    (b)  Trustee may postpone sale of all, or any portion, of said property by public announcement at the time fixed by said Notice of Sale, and may thereafter postpone said sale from time to time by public announcement at the time previously appointed.

    (c)  At the time of sale so fixed, Trustee may sell the property  advertised or any part thereof, either as a whole, or in separate parcels at its sole discretion, at public auction, to highest bidder for cash in lawful money of the United States, payable at time of sale, and shall deliver to such purchaser a deed conveying the property so sold, but without covenant or warranty, express or implied. Trustor hereby agrees to surrender, immediately and without demand, possession of said property to such purchaser.

11.  Trustee shall apply the proceeds of any such sale to payment of expenses of sale and all charges and expenses of Trustee and of these Trusts, including cost of evidence of title and Trustee's fee in connection with sale; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate of ten percent (10%) per annum; all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

12.  The Beneficiary or assigns may, at any time, by instrument in writing, appoint a successor or successors to the Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary, and recorded in the Office of the County Recorder of the County or Counties wherein said property is situated, shall be conclusive proof of the proper substitution of such Successor Trustee, who shall have all the estate, powers, duties and trusts in the premises vested in or conferred upon the original Trustee. If there be more than one Trustee, either may act alone and execute the Trust upon the request of the Beneficiary and his acts shall be deemed to be the acts of all Trustees, and the recital in any conveyance executed by such sole Trustee of such requests shall be conclusive evidence thereof, and of the authority of such sole Trustee to act.

13.  This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.

14.  Trustee accepts these trusts when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

15.  In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular includes the plural, and the term Beneficiary shall include any future holder, including pledges, of the note secured hereby.

16.  When not inconsistent with the above the following covenants, No. 1;2 ($  );3;4 (10%) 5;6;7 (     %) of NRS 107.030 are hereby adopted and made a part of this Deed of Trust.

Ex. 3 - 006

REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid in full.

To: Chicago Title of Nevada, Inc., A NEVADA CORPORATION, TRUSTEE;   Dated __ _

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and are satisfied. You are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of Indebtedness secured by the Deed of Trust, delivered to you herewith together with the Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

MAIL RECONVEYANCE TO:

_____         _____

_____         _____

_____         BY _____

_____         BY _____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

RX. 3-007

# EXHIBIT "B"



1  MANATT, PHELPS & PHILLIPS, LLP
   MARK S. LEE (Bar No. CA 94103)
2  SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
   CRAIG S. RUTENBERG (Bar No. CA 205309)
3  11355 West Olympic Boulevard
   Los Angeles, CA  90064-1614
4  Telephone:  (310) 312-4000
   Facsimile:  (310) 312-4224
5
6  Attorneys for Plaintiff
   MOTOROLA, INC.
7

**FILED**
CLERK, U.S. DISTRICT COURT
NOV 16 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Scan
Priority
Send
Clsd
Enter
JS-5/JS-6
JS-2/JS-3

**ENTERED**
CLERK, U.S. DISTRICT COURT
NOV 17 2005
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  MOTOROLA, INC., a Delaware Corporation, | No. CV04-2655 ABC (SHx) |
| 12 | |
| 13            Plaintiff, | |
| 14       v. | [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION |
| 15  HAROLD PICK, an individual, HAROLD PICK dba RADIO DESIGN, HAROLD PICK dba DONNELLY | (Unopposed) |
| 16  COMMUNICATIONS RADIO DESIGN, an entity of unknown type, C. DONNELLY | |
| 17  COMMUNICATIONS, INC., a California corporation, ERNEST LINDSLEY, an | Hon. Audrey B. Collins |
| 18  individual, ALDO R. INTERIANO, an individual, COVERT SERVICES, INC., a | |
| 19  California corporation, COVERT SERVICES, INC. dba RADIO DESIGN | |
| 20  AND ENGINEERING, RADIO DESIGN AND ENGINEERING aka RADIO DESIGN | |
| 21  & ENGINEERING, an entity of unknown type, DALE KETCHERSID, an individual, | |
| 22  DALE KETCHERSID dba RADIO DESIGN & ENGINEERING, | |
| 23  VIDEO/COMMUNICATIONS SYSTEMS DESIGN, an entity of unknown type, THE | |
| 24  DELUCA GROUP CORPORATION, a California corporation, TODD DAVIS, an | |
| 25  individual, RADIO HUT CORPORATION, a California corporation, RADIO | |
| 26  COMMUNICATIONS SYSTEM, INC., an entity of unknown type, ROBERT SHARP, | |
| 27  an individual, JIM HARRIS, an individual, INSTACOM INDUSTRIES, an entity of | |
| 28  unknown type; PAUL MENDLE, an | |

**DOCKETED ON CM**
NOV 17 2005
BY ___ 001

350

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

THIS CONSTITUTES NOTICE OF ENTRY

Ex. 1-001

individual, EPW COMMUNICATIONS, INC., an entity of unknown type, ERIC P. WINKLE, an individual, SHADOW TEAM CORPORATION, a Nevada corporation, and PAUL NORTON, an individual,

        Defendants.

The jury, having rendered verdicts on liability and damages in favor of Plaintiff Motorola, Inc.("Motorola") and against defendants Harold Pick ("Pick"), Dale Ketchersid ("Ketchersid") and Covert Services, Inc. ("CSI") (collectively, "Defendants"), judgment is entered as follows:

## I.   JUDGMENT

1.    Judgment is entered in favor of Motorola and against Defendants on Motorola's claim for copyright infringement.

2.    Judgment of one million two hundred thousand dollars ($1,200,000.00) is entered in favor of Motorola and against Pick on Motorola's claim for copyright infringement.  Pick is found to have willfully infringed Motorola's copyrights.

3.    Judgment of one hundred twenty thousand dollars ($120,000.00) is entered in favor of Motorola and against Ketchersid on Motorola's claim for copyright infringement.

4.    Judgment of one hundred twenty thousand dollars ($120,000.00) is entered in favor of Motorola and against CSI on Motorola's claim for copyright infringement.

5.    Judgment is entered in favor of Defendants and against Motorola on Motorola's claims for trademark infringement and false designation of origin under the Lanham Act pursuant to 15 U.S.C. § 1114 et seq.

6.    Judgment is entered in favor of Motorola and against Defendants on Pick and CSI's claim for conversion.

MANATT, PHELPS & PHILLIPS, LLP

2

Ex. 1 - 002

7.    Judgment is entered in favor of Motorola and against Defendant CSI
on CSI's claim for intentional interference with contract.

8.    Motorola's state law claims for fraud, breach of contract, breach of the
implied covenant of good faith and fair dealing, unfair competition and conspiracy
are dismissed with prejudice.

9.    Defendants' claim for breach of contract is dismissed with prejudice.

## II.    PERMANENT INJUNCTION

Defendants Pick, Ketchersid and CSI, and their officers, directors, principals,
agents, representatives, shareholders, partners, employees, successors and assigns,
and all those in active concert or participation with them who receive notice of this
Order are hereby, PERMANENTLY ENJOINED from:

a.    copying, duplicating, reproducing, posting, circulating,
transmitting (electronically or otherwise), selling, offering for sale, distributing,
transferring, renting, lending, exchanging, trading, using, adapting, modifying,
altering, or otherwise making unauthorized use of the following software programs:
Motorola Astro Tuner R01.00.00 (Txu 1-011-511); XTS 3500 RSS R01.00.00 (TX
4-953-825); MCS2000 RSS R05.00.00 (TX 5-610-204); MaxTrac Conventional
(RSS) R07.02.00 (TX 5-122-610); Quantar Base Station RSS R09.03.00 (TX 4-
646-138); MTX-900S Radio Service Software (version R02.03.00) (TX 4-013-
823); Radio Service Software for the Radius GP300/P110 (version R03.00.00) (TX
3 545-723); GP300/GP350 RSS R08.02.00 (TX 4-416-951); Motorola Professional
Radio CPS R01.00.02 (Txu 880-345); Motorola Professional Radio CPS R05.00.00
(Txu 1-013-436); Motorola Professional Radio R01.00.00 (Txu 882-166);
Motorola Professional Radio R02.00.00 (Txu 1-015-189) (the "Motorola
Copyrighted Software"), as well as Motorola Saber Series, XTS Series, MTS
Series, Depot Tool, Lab Tools, and System Key Generators, and any prior or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

3

Ex.  1-003

1   subsequent versions or derivatives that are substantially similar thereto, and any

2   other proprietary software owned or developed by or for Motorola that is licensed

3   by Motorola for use with Motorola products, and any other software programs

4   protected by any Motorola Certificate of Copyright Registration; and

5         b.    assisting, aiding, or abetting any other person or entity from

6   engaging in any of the acts set forth in (a) above.

7

8   **III.   IMPOUNDMENT AND INSPECTION**

9       1.   Defendants are ordered to deliver up to Motorola within ten (10) days

10   of entry of this Judgment for destruction or other reasonable disposition, any and all

11   copies of Motorola software made or used by Defendants.

12       2.   Within ten (10) days of entry of this Judgment, Defendants shall

13   themselves destroy any and all copies of Motorola software on their computer hard

14   drives or electronic storage devices or elsewhere, to the extent not practical to

15   deliver up such copies to Motorola. Defendants shall, within five (5) days

16   thereafter, provide to counsel for Motorola a certificate signed under penalty of

17   perjury by all Defendants confirming that they are no longer in possession of any

18   copies of Motorola software, nor is any such software under their custody or

19   control.

20       3.   Motorola shall be permitted to conduct one (1) inspection per month to

21   examine Defendants' computers and electronic storage devices to confirm that

22   Defendants are not in possession of any copies of Motorola software in violation of

23   this Injunction. Defendants shall permit Motorola to conduct such inspection at

24   Defendants' places of business, homes and any other locations at which such data

25   may be stored, immediately upon request within the hours of 8:00 a.m. and 6:00

26   p.m. If necessary to complete its inspection, Motorola may retain custody of

27   Defendants' computer hard drives and electronic storage devices for a period not to

28   exceed forty-eight (48) hours.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

4

Ex. 1-004

4.     Motorola may make copies of any Motorola software found during such inspection. If notified by Motorola that its software has been found during any such inspection, Defendants are prohibited, by this Order, from altering, concealing, modifying, deleting, transferring, destroying, removing or otherwise tampering with such software pending resolution of the dispute by this Court.

5.     Should Motorola find copies of its software during an inspection, it shall immediately so notify the Court by way of *Ex parte* application for seizure order and order to show cause re: contempt, with notice to the Defendants.

## IV.    COSTS, FUNDS ON DEPOSIT AND JURISDICTION

1.     Motorola is awarded costs in the amount of $ (to be determined by Clerk of court)

2.     The Clerk of the Court is directed to release to Motorola the seventeen thousand dollars ($17,000.00) which is currently on deposit with the Court in this action, together with any interest that has accrued thereon, in partial satisfaction of the above $120,000.00 judgment against CSI.

3.     The Court shall retain jurisdiction to enforce this Judgment and the permanent injunction included herein, as well as to consider any post trial motions to increase damages or award attorneys' fees.

Dated: November 16, 2005

Audrey B. Collins
Hon. Audrey B. Collins
United States District Judge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

5

Ex. 1-005



1   Respectfully submitted,

2

3   MANATT, PHELPS & PHILLIPS, LLP
      MARK S. LEE (Bar No. CA 94103)

4   SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
      CRAIG S. RUTENBERG (Bar No. CA 205309)

5   11355 West Olympic Boulevard
      Los Angeles, CA 90064-1614

6   Telephone: (310) 312-4000
      Facsimile: (310) 312-4224

7

8   Mark S. Lee

9   Attorneys for Plaintiff

10   MOTOROLA, INC.

11   40935243.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

6

## PROOF OF SERVICE

I, Rebecca Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 2, 2005, I served a copy of the within document(s):

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard Gibson, Esq.
Law Offices of Richard Gibson
1801 Avenue of the Stars, Suite 406
Los Angeles, California 90067
Fax No. (310) 277-6035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 2, 2005, at Los Angeles, California.

_Rebecca Weaver_
Rebecca Weaver

40038829.1

MANATT, PHELPS &
PHILLIPS, LLP

Ex. 1-007

# EXHIBIT J

## TO REQUEST FOR JUDICIAL NOTICE

Electronically Filed
11/15/2017 3:55 PM
Steven D. Grierson
CLERK OF THE COURT

1    **ORDR**
     MICHAEL D. MAZUR, ESQ.
2    Nevada Bar No.  011202
3    **MAZUR & BROOKS**
     **A PROFESSIONAL LAW CORPORATION**
4    2355 Red Rock Street, Suite 100
     Las Vegas, Nevada 89146
5    Telephone:    (702) 564-3128
6    Facsimile:    (702) 564-3175
     *complaint@mazurbrooks.com*
7
     *Attorneys for Plaintiff, Motorola Solutions, Inc.,*
8    *f/k/a Motorola, Inc.*
9
                    **EIGHTH JUDICIAL DISTRICT COURT**
10
                       **CLARK COUNTY, NEVADA**
11
12   MOTOROLA SOLUTIONS, INC., f/k/a    )    Case No.:    A-17-757091-B
     MOTOROLA, INC., a Delaware corporation,    )    Dept. No.:    XXVII
13                                       )
              Plaintiff,                 )    **ORDER ON DEFENDANT HAROLD**
14                                       )    **PICK'S MOTION TO DISMISS**
     vs.                                 )
15                                       )
16   HAROLD PICK, an individual; MERCY M.    )
     ABRAHAM, an individual; DOE        )
17   INDIVIDUALS 1 through 10; and ROE   )
     ENTITIES 11 through 20, inclusive,   )
18                                       )
19            Defendants.               )
20
              __ORDER ON DEFENDANT HAROLD PICK'S MOTION TO DISMISS__
21
22            Defendant Harold Pick's Motion to Dismiss Plaintiff, Motorola Solution Inc. f/k/a
23   Motorola, Inc's Complaint Pursuant to NRCP 17(A), NRCP 12B (5) and for Want of Standing
24   (the "Motion") having come before the Court on October 19, 2017, at 10:30 a.m., counsel for
     Plaintiff, Michael D. Mazur, Esq. of MAZUR & BROOKS, A PROFESSIONAL LAW
25
     CORPORATION and counsel for Defendant, Elaine Dowling, Esq. of EAD LAW GROUP, LLC.
26
     in attendance.
27
28            Upon the Courts review of the Defendant's Motion, Plaintiff's Opposition, Defendant's

**MAZUR & BROOKS**
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

1

263

Reply and hearing oral argument from counsel, the Court makes the following decision:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Defendant's Motion to Dismiss Motorola Solution Inc.'s f/k/a MOTOROLA, INC., Complaint Pursuant to NRCP 17(A), NRCP 12(B)(5) and for Want of Standing is **DENIED** without prejudice.

2.    **IT IS FURTHER ORDERED**, that after taking into consideration Judge Sturman's Order of June 20, 2017, the standing issue on Defendant's Motion to Dismiss is resolved in favor of the Plaintiff, and any defect has been remedied to the standing argument in this case.

**IT IS SO ORDERED** this __14__ day of November, 2017.

EIGHTH JUDICIAL DISTRICT JUDGE

HON. NANCY ALF
Dept. XXVII

Respectfully submitted by:

**MAZUR & BROOKS**
**A PROFESSIONAL LAW CORPORATION**

By: _____          DATED: November __1__, 2017.
MICHAEL D. MAZUR, Esq.
Nevada Bar No.  11202
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

*Attorneys for Plaintiff,*
*Motorola Solutions, Inc., f/k/a Motorola, Inc.*




MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

2

1   APPROVED AS TO FORM AND CONTENT:

2   **EAD LAW GROUP, LLC**

3

4   By: _____     DATED: November 3, 2017.

5       Elaine Dowling, Esq.
        Nevada Bar No. 8051

6       6671 S. Las Vegas Blvd., Suite 210
        Las Vegas, Nevada 89119

7

8       *Attorney for Defendant,*
        *Harold Pick*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**MAZUR & BROOKS**
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

3

# EXHIBIT K

## TO REQUEST ROR JUDICIAL NOTICE

Electronically Filed
6/4/2019 1:16 PM
Steven D. Grierson
CLERK OF THE COURT

**ASTA**
MICHAEL D. MAZUR, ESQ.
Nevada Bar No. 011202
**MAZUR & BROOKS**
**A PROFESSIONAL LAW CORPORATION**
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146
Telephone:     (702) 564-3128
Facsimile:     (702) 564-3175
*complaint@mazurbrooks.com*
*Attorneys for Plaintiff, Motorola Solutions, Inc.,*
*f/k/a Motorola, Inc.*

**IN THE EIGHTH JUDICIAL DISTRICT COURT**
**OF THE STATE OF NEVADA IN AND FOR**
**THE COUNTY OF CLARK**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., a Delaware corporation, | Case No.:   A-17-757091-B<br>Dept. No.:   XXVII |
| Plaintiff, | CASE APPEAL STATEMENT |
| vs. | |
| HAROLD PICK, an individual; MERCY M. ABRAHAM, an individual; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 11 through 20, inclusive, | |
| Defendants | |
| MERCY M. ABRAHAM, individually, | |
| Counterclaimant, | |
| MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., a Delaware corporation, | |
| Counter-Defendants. | |

1

**1   APPELLANT FILING CASE APPEAL STATEMENT:**

The Appellant filing this Case Appeal Statement is the same as the Plaintiff in the Eighth Judicial District Court, Case Number A-17-757091-B, which is Motorola Solutions, Inc., f/k/a Motorola, Inc.

**2   JUDGE ISSUING DECISION, JUDGMENT, OR ORDER APPEALED FROM:**

The Judgment entered on May 6, 2019 as amended in the and Amended Judgment entered on May 16, 2019 is being appealed was issued by Honorable Nancy L. Alf, Eighth Judicial District Court Judge in and for the County of Clark, Department Number 27.

**3   EACH APPELLANT AND THE NAME AND ADDRESS OF COUNSEL:**

APPELLANT:              Motorola Solutions, Inc., f/k/a
                        Motorola, Inc.

COUNSEL:                Mazur & Brooks, A PLC
                        Michael D. Mazur, Esq.
                        Nevada Bar No. 11202
                        2355 Red Rock Street, Ste 100
                        Las Vegas, Nevada 89146
                        complaint@mazurbrooks.com

**4.   EACH RESPONDENT AND THE NAME AND ADDRESS OF COUNSEL:**

RESPONDENT:             Mercy M. Abraham

COUNSEL:                Michael B. Lee, P.C.
                        Michael B. Lee, Esq.
                        Nevada Bar No. 14582
                        1820 E Sahara Avenue, Ste 110
                        Las Vegas, Nevada 89104
                        mike@mblnv.com

2

**MAZUR & BROOKS**
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

MAZUR & BROOKS
A Professional Law Corporation
2355 Red Rock Street, Suite 100
Las Vegas, Nevada 89146

**5.    INDICATE IF ATTORNEYS ABOVE ARE NOT LICENSED TO PRACTICE LAW IN NEVADA.  INDICATE IF DISTRICT COURT GRANTED PERMISSION TO APPEAR UNDER SCR 42 :**

Each one of the attorneys identified above are licensed to practice law in the State of Nevada and no attorney identified above has requested and/or been granted permission to appear pursuant to SCR 42 by the District Court.

**6.    INDICATE WHETHER APPELLANT WAS REPRESENTED BY APPOINTED OR RETAINED COUNSEL IN THE DISTRICT COURT:**

The Appellant in the above entitled matter was represented by retained counsel.

**7.    INDICATE WHETHER APPELLANT IS REPRESENTED BY APPOINTED OR RETAINED COUNSEL ON APPEAL:**

The Appellant in this matter will be represented by retained counsel on appeal.

**8.    INDICATE WHETHER APPELLANT WAS GRANTED LEAVE TO PROCEED IN FORMA PAUPERIS, AND DATE OF ENTRY OF DISTRICT COURT ORDER GRANTING SUCH LEAVE:**

The Appellant has not requested or been granted leave to proceed in forma pauperis.

**9.    INDICATE DATE PROCEEDINGS COMMENCED IN DISTRICT COURT:**

The date of commencement of case number A-17-757091-B in the Eighth Judicial District Court, in Clark County, Nevada was June 19, 2017.

**10.    PROVIDE BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT IN THE DISTRICT COURT, INCLUDING TYPE OF JUDGMENT OR ORDER BEING APPEALED AND RELIEF GRANTED:**

Appellant obtained a judgment against Defendant Harold Pick ("Pick") in the principal amount of $1,200,000 in U.S. District Court in California and subsequently domesticated in Nevada. Pick transferred real property that he owned in Las Vegas, Nevada without receiving equivalent

3

value to Defendant Mercy M. Abraham ("Abraham").  Appellant filed the lawsuit for fraudulent conveyance against Defendants Pick and Abraham.  After the lawsuit was filed, Appellant filed a *lis pendens* upon the real property which was the subject matter of the fraudulent conveyance.  Defendant Abraham filed counter claims for slander of title and quiet title and was awarded damages and attorneys' fees.  Appellant is seeking review of its defenses that were asserted.  Specifically, the litigation privilege which would bar any recovery against Appellant and the award of attorneys' fees for slander of title.

**11.    HAS CASE PREVIOUSLY BEEN SUBJECT OF AN APPEAL/ORIGINAL WRIT PROCEEDING IN THE SUPREME COURT?  IF SO, PROVIDE CAPTION AND SUPREME COURT DOCKET NUMBER OF PRIOR PROCEEDING**

This case has not been the subject of an appeal or writ proceeding in the Supreme Court.

**12.    DOES APPEAL INVOLVE CHILD CUSTODY OR VISITATION**

This appeal does not involve child custody or visitation.

**13.    DOES THIS APPEAL INVOLVE THE POSSIBILITY OF SETTLEMENT**

Appellant will explore settlement possibilities.

DATED this 4th day of June 2019.

MAZUR & BROOKS
A Professional Law Corporation

By:   /s/ Michael D. Mazur
       MICHAEL D. MAZUR, ESQ.
       Nevada Bar No.:  011202
       2355 Red Rock Street, Suite 100
       Las Vegas, Nevada 89146
       Telephone:   (702) 564-3128
       Facsimile:   (702) 564-3175

       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June 2019, that I served one (1) copy of the foregoing document titled **CASE APPEAL STATEMENT** upon the following parties of record via the Eighth Judicial District Courts Electronic File and Serve Program (Odyssey):

Michael B. Lee, Esq.
mike@mblnv.com

Harold Pick
haroldpick@yahoo.com

/s/  Dianna Mullis
Employee of Attorney for Plaintiff

# EXHIBIT L

## TO REQUEST FOR JUDICIAL NOTICE

**FILED**

**NOT FOR PUBLICATION**

NOV 22 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOTOROLA, INC., FKA Motorola Solutions, Inc., a Delaware corporation, | No. 16-55312 |
| Plaintiff-Appellee, | D.C. No. 2:04-cv-02655-JFW-SH |
| v. | |
| HAROLD PICK, DBA C. Donnelly Communications, DBA Radio Design, an individual, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted November 13, 2017[**]
Pasadena, California

Before: KOZINSKI, HAWKINS, and PARKER,[***] Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Defendant Harold Pick ("Pick") appeals the district court's denial of his motion to vacate a renewal of judgment in favor of Motorola Solutions, Inc. ("MSI"). We affirm.

The district court correctly concluded MSI had standing to seek renewal of the judgment against Pick. It was not necessary for Motorola, Inc. to execute a separate assignment of its rights in the judgment to MSI because this automatically occurred as an operation of Delaware law. 8 Del Code § 259 (a) ("when any merger . . . shall become effective under this chapter. . . . all debts due to any of [the] constituent corporations . . . shall be vested in the corporation surviving or resulting from such merger"). To the extent Pick argued it was possible the judgment against him had already been transferred to another entity prior to the merger, MSI properly controverted this speculation with a sworn affidavit in opposition to Pick's motion to vacate the renewal. Finally, the district court sufficiently articulated reasons in support of its decision by incorporating by reference the arguments set forth in MSI's opposition.

**AFFIRMED.**

2

# EXHIBIT M

## TO REQUEST FOR JUDICIAL NOTICE

(SPACE BELOW FOR FILING STAMP ONLY)

1  Alan I. Nahmias, Esq. [SBN 125140]
   Jeffrey E. Wulkan, Esq. Of Counsel [SBN 83037]
2  **MIRMAN, BUBMAN & NAHMIAS, LLP**
   21860 Burbank Boulevard, Suite 360
3  Woodland Hills, CA  91367-7406
   Telephone Number: (818) 451-4600
4  Facsimile Number: (818) 451-4620
   Email: anahmias@mbnlawyers.com
5  Attorneys for Plaintiff, Motorola Solutions, Inc.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 27 2014

Sherri R. Carter, Executive Officer/Clerk
By D. McKINNEY, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES –WEST DISTRICT**

| | |
|---|---|
| 11  MOTOROLA SOLUTIONS, INC., f/k/a MOTOROLA, INC., a Delaware corporation,<br><br>13                                    Plaintiff,<br><br>14  vs.<br><br>15<br>HAROLD PICK, an individual;  ANN C. PICK, aka ANNEDORE PICK, an individual; JOY FRANCIS, aka JAY FRANCIS, an individual; THE ACCOMODATOR GROUP, INC., a California corporation; WIRELESS US LC, a Nevada limited liability company; and DOES 1-100, inclusive,<br><br>                                    Defendants. | CASE NO: *SC123039*<br><br>**COMPLAINT TO SET ASIDE FRAUDULENT TRANSFERS, IMPOSITION OF CONSTRUCTIVE TRUST AND EQUITABLE LIEN, INJUNCTIVE RELIEF, APPOINTMENT OF RECEIVER, DAMAGES; AND FOR DECLARATORY RELIEF TO REFORM DEED TO REFLECT SECURITY INTEREST**<br><br>RICHARD A. STONE<br>CASE MANAGEMENT CONFERENCE<br>12/15/14  Deputy<br>              Date           8:30 am |

22                    **GENERAL ALLEGATIONS**

23      1.      At all times mentioned herein, Plaintiff, Motorola Solutions, Inc. ("Plaintiff"), is, and

24  was a Delaware corporation, with a principal place of business at Schaumberg, Illinois, and

25  authorized to do business in California.  Plaintiff was formerly known as Motorola, Inc.

26      2.      Plaintiff is informed and believes and thereon alleges that at all times mentioned

27  herein defendant Harold Pick ("Harold") is, and was, a resident of Los Angeles County, California,

28  and is current residing at 2493 S. Bundy Drive, Los Angeles, CA 90064 (the "Property").

{00322430}                              1

3.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein defendant Ann C. Pick, aka Annedore Pick ("Ann") is, and was, a resident of Los Angeles County, California, and is currently residing at the Property, and is the mother of defendant Harold.

4.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein defendant Joy Francis, aka Jay Francis ("Francis"), is, and was a resident of Bonsall, San Diego County, CA and/or Clark County, Nevada.

5.     Plaintiff is informed and believes and thereon alleges that defendant The Accomodator Group, Inc. (the "Accomodator"), is, and at all times mentioned herein was, a corporation organized under the laws of the State of California doing business at 8200 Wilshire Blvd., Beverly Hills, CA 90211 whose business was the handling of I.R.C. §1031 exchanges by acting as a de facto escrow for funds received from sales of real property to be rolled over by seller into tax-deferred exchanges by the purchase of new real property.  Plaintiff is informed and believes and thereon alleges that Charles Shamash is an officer or director of the Accomodator and was legal counsel for Ann and Harold.

6.     Plaintiff is informed and believes and thereon alleges that defendant Wireless US LC ("Wireless"), is, and at all times mentioned herein was, a Nevada limited liability company with a principal place of business in Las Vegas, NV, and doing continuous and substantial business within the State of California.

7.     Plaintiff is unaware of the true names and capacities of defendants sued herein by their fictitious names as Does 1-100.  Plaintiff is informed and believes and thereon alleges that each fictitiously- named defendant is responsible either contractually, tortiously, statutorily, or equitably for the harm suffered by Plaintiff as alleged hereafter.  Plaintiff will amend this Complaint to allege the true names and capacities of Does 1-100 when ascertained.

8.     Plaintiff is informed and believes and thereon alleges that each defendant was the agent, employee, servant, partner, or joint venturer of the other defendants and that each defendant acted within the course and scope of said agency, service, employment, partnership, or joint venture in doing the harm suffered by Plaintiff as alleged hereafter.

9.     On or about November 17, 2005, Plaintiff obtained a Judgment (the "Judgment") in the amount of $1,200,000, plus costs in the sum of $131, 344.86, against Harold, et al., in the action

entitled <u>Motorola, Inc. v. Pick, et al.</u>, U.S. District Court for the Central District of California, Case No. CV04-2655 ABC(SHx).  True and correct copies of the Judgment and Cost Bill as taxed are attached hereto as Exhibits "1" and "2" and are incorporated herein by this reference.  The Judgment became final on or about December 17, 2005.  The Judgment has never been appealed and the time for appealing has expired.  Plaintiff is the owner of the Judgment of which no part has been satisfied.

        10.     Plaintiff is informed and believes and thereon alleges that the Judgment and accruing interest rendered Harold insolvent at all times mentioned herein.

        11.     On or about February 7, 2006, Plaintiff caused to be recorded an Abstract of Judgment in the records of the Los Angeles County Recorder's Office.

        12.     Plaintiff is informed and believes and thereon alleges that Ann filed a Chapter 7 Bankruptcy in 2012, <u>In re Ann Pick</u>, United States Bankruptcy Court, Central District of California Case No. 2:12-bk-19929-TD, and whose schedules showed that Ann was insolvent at the time of filing.

        13.     Plaintiff is informed and believes and thereon alleges that on or about May 22, 2009, Harold inherited real property located 2131 Ortega Street, San Francisco, CA ("Ortega").   Thereafter, on or about October 27, 2009, Harold sold Ortega and received $571,639.56.

        14.     Plaintiff is informed and believes and thereon alleges that Harold gave all of the funds from the sale of Ortega to his attorney, Charles Shamash ("Shamash"), to deposit the funds into Shamash's client trust account to shield those funds from Harold's creditors, including Plaintiff.

        15.     Plaintiff is informed and believes and thereon alleges that Harold created a scheme to hide his money from the sale of Ortega, to then launder the money through his attorney's client trust account and then through Accomodator,  and to purchase real property in the name of his mother, Ann, and a friend, Francis, and to then occupy the Property as his residence.

        16.     Plaintiff is informed and believes and thereon alleges that Ann, Francis, Accomodator, Wireless, and Does 1-100 were aware of Harold's scheme and agreed to, aided, abetted, and otherwise assisted Harold in his scheme to hide his money from creditors, including Plaintiff, by allowing Harold to transfer his money to them for their purchase of the Property without providing any ownership or security interest in the Property to Harold.  As aiders, abettors and co-conspirators,

3
COMPLAINT

1  Ann, Francis, Wireless, Accomodator, and Does 1-100 are liable to the same extent that Harold
2  would be for the harm suffered by Plaintiff as alleged hereafter.

3      17.     Plaintiff is informed and believes and thereon alleges that on or about November 2012,
4  Harold decided to purchase the Property through his mother, Ann, and his friend, Francis.  On behalf
5  of Ann, he located the Property, located a real estate agent, negotiated the purchase price of $557,000,
6  assisted Ann in filling out the necessary paperwork for the purchase, and supplied her with funds to
7  pay for the Property.  Harold instructed Shamash to transfer his funds held in Shamash's client trust
8  account into an escrow established for the purchase of the Property. Plaintiff is informed and believe
9  and thereon alleges that Shamash transferred the funds, $240,000 of the $571,000 on account, to his
10 company, Accomodator, which then wire transferred the $240,000 on or about December 10, 2012 to
11 Peninsula Escrow for the purchase of the Property by Ann.

12     18.     In addition to the $240,000 paid by Harold through Accomodator into escrow, Plaintiff
13 is informed and believes and thereon alleges that in December 2012, Harold borrowed $30,000 from
14 his employer, Acumen Communications, Inc.("Acumen"), and had Acumen pay this to Ann who
15 deposited it and who then wired $23,205.10 of the $30,000 into escrow.  Plaintiff is informed and
16 believes and thereon alleges that Harold is paying back the loan through his labor for Acumen.

17     19.     Plaintiff is further informed and believes and thereon alleges that as part of the
18 purchase price for the Property, Harold contributed an additional $20,504.00 into escrow on behalf of
19 Ann, consisting of $10,000 wired at his direction by Shamash from the monies remaining on deposit
20 in Shamash's client trust account, $10,000 by cashiers check, and $504 in cash from Harold's own
21 petty cash.

22     20.     Plaintiff is informed and believes and thereon alleges that Harold did not receive any
23 value for the $283,709.10 that he contributed to his scheme to purchase the Property in his mother
24 Ann's name and that of his friend, Francis.  Attached hereto as Exhibit "3" is a true and correct copy
25 of the Deed for the Property, which shows that only Ann and Francis appear as fee owners.  Plaintiff
26 is further informed and believes and thereon alleges that Harold did not receive a security interest in
27 the form of a mortgage or deed of trust in the Property in exchange for his contribution of
28 $283,709.10 to the purchase price for the Property.

4

21.     Plaintiff is informed and believes and thereon alleges that on or about December 11, 2012, defendant Francis, with knowledge of Harold's scheme, through Francis' company, Wireless, of which Francis and his wife, Bini Francis, was a managing member, wired $100,000 from a Wireless bank account into Peninsula Escrow which was applied towards the purchase price of the Property.  In exchange for the $100,000, Francis, not Wireless, obtained a one-half interest in the Property as a joint tenant with Ann.  In effect, Francis obtained an interest in the Property worth $278,500.00 at the time of the purchase of the Property in December 2012(one-half of the $557,000 purchase price), in exchange for his company's contribution of only $100,000.  Plaintiff is informed and believes and thereon alleges that Francis' and Wireless' participation in Harold's scheme to avoid Harold's creditors by arranging the purchase of the Property and making at least one-half of the equity in the Property safe from Harold's creditors was knowing and done with substantial certainty of the effect of Francis' and Wireless' participation in Harold's scheme.

22.     Plaintiff is informed and believes and thereon alleges that the current fair market value of the Property is $947,500.00.

## FIRST CAUSE OF ACTION-TO SET ASIDE FRAUDULENT TRANSFER UNDER CAL. CIVIL CODE SECTION 3439.04(a)(1)

### (Against All Defendants)

23.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-22, and incorporates them by reference as though fully set forth herein.

24.     On or about July 2014, Plaintiff discovered that Harold had transferred $283,709.10 of his personal funds to or for the benefit of an insider, his mother, Ann, to purchase the Property in her name and that of his friend, Francis.

25.     Plaintiff is further informed and believes and thereon alleges that Harold transferred other funds from the sale of Ortega to others.

26.     Plaintiff is informed and believes and thereon alleges that Harold's transfers were made with the actual intent or with substantial certainty by Harold to hinder, delay, or defraud all of Harold's then and future creditors, including Plaintiff, in the collection of their claims against him.

27.     The fraudulent transfers were a substantial factor in causing Plaintiff's harm by

1    preventing Plaintiff from being able to levy on Harold's money to satisfy its Judgment.

2        28.    As direct and proximate result of the actions of defendants, and each of them, Plaintiff

3    has suffered the loss of its ability to collect on its Judgment against Harold and has therefore been

4    damaged in an amount exceeding $1.3 million.

5        29.    Pursuant to California Civil Code sections 3439.07 and 3439.08(b), (c), the Court may

6    avoid the transfers to the extent necessary to satisfy the Judgment and enter judgment against the

7    defendants in the amount of $283,709.10, enjoin further disposition by the defendants of the funds

8    held by Harold and the Property, including encumbering the Property, appoint a receiver to take

9    charge of Harold's assets and the Property, and any other relief the circumstances may require,

10   including a lis pendens, the imposition of a constructive trust on the Property and increased value of

11   the Property in the future with defendants as constructive trustees for Plaintiff's benefit, or for the

12   imposition of an equitable lien against the Property in the amount of the transfers, and any increased

13   value of the Property in the future.

14       30.    The conduct of the defendants Harold and Ann was done with actual malice, or in

15   conscious disregard for the rights of others such as Plaintiff by despicable conduct, or by fraud in that

16   they knew by Harold's creating the scheme and Ann's aiding, abetting, or otherwise assisting in

17   furtherance of the scheme, Harold's creditors, including Motorola, would be harmed by the hiding of

18   Harold's assets in a property standing in the name of others.  As such, Plaintiff should be awarded

19   exemplary damages against Harold and Ann in an amount according to proof and pursuant to

20   California Civil Code section 3294.

21          **SECOND CAUSE OF ACTION –SET ASIDE FRAUDULENT TRANSFER MADE BY**

22              **INSOLVENT UNDER CAL. CIVIL CODE SECTION 3439.04 (a)(2)(B)**

23                             **(Against All Defendants)**

24       31.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-22, and 24-25,

25   27-30 and incorporates them by reference as though fully set forth herein.

26       32.    Plaintiff is informed and believes and thereon alleges that Harold did not receive any

27   value in exchange for his transfer of $283,709.10 and that he intended to incur, or believed or in the

28   exercise of reasonable care should have believed that he would incur debts beyond his ability to pay

1  as they became due by the fraudulent transfer.

2  **THIRD CAUSE OF ACTION- SET ASIDE FRAUDULENT TRANSFER MADE BY**

3  **INSOLVENT UNDER CAL. CIVIL CODE SECTION 3439.05**

4  **(Against All Defendants)**

5  33.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1-22, and 24-25,

6  27-30 and incorporates them by reference as though fully set forth herein.

7  34.   Plaintiff is informed and believes and thereon alleges that Harold did not receive

8  reasonably equivalent value in exchange for his transfer of $283,709.10 and that Harold was insolvent

9  as defined in California Civil Code section 3439.02 at that time or became insolvent as defined in

10  California Civil Code section 3439.02 as a result of the transfer.

11  **FOURTH CAUSE OF ACTION-DECLARATORY RELIEF TO**

12  **REFORM DEED AND CREATE EQUITABLE MORTGAGE**

13  **(Against Defendants Francis, Wireless, Ann, Does 1-100)**

14  35.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1-22, and 24-25,

15  27-28 and incorporates them by reference as though fully set forth herein.

16  36.   An actual controversy exists between Plaintiff and defendants in that Plaintiff contends

17  that the joint tenancy interest that Francis received in the Property was an absolute deed intended to

18  be a security for Francis' or Wireless' loan and was in fact a disguised or hidden security interest

19  since Plaintiff is informed and believes and thereon alleges that their contribution was a loan, or was

20  made with the intent to defraud creditors of Harold, and that Francis or Wireless should only have an

21  equitable mortgage on the Property to the extent of their contribution of $100,000 to the purchase

22  price and not a fee interest.  Plaintiff is informed and believes and thereon alleges that defendants do

23  not agree with this contention.

24  37.   Pursuant to Cal. Civil Code sections 3439.07 and 3439.10, and Cal. Civil Procedure

25  Code section 1060, Plaintiff is an interested party with respect to the Property and may and does seek

26  a declaration of its rights to or in the Property, including the reformation of the joint tenancy deed to

27  reflect the true nature of defendants' interest in the Property as a security interest and not a fee

28  interest, and to prevent defendants Francis and Wireless from obtaining a wrongful windfall for their

7

contribution to the purchase price of the Property, all to Plaintiff's detriment.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment on the Complaint as follows:

### ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1. That the transfer of Harold's assets, including those used to purchase the Property be declared void as to Plaintiff to the extent necessary to satisfy Plaintiff's Judgment in the sum of $1,331,344.80, plus interest at the maximum legal rate from December 17, 2005;

2. That the Property and any funds contributed by Harold for which he received no reasonably equivalent value be attached in accordance with California Code of Civil Procedure section 481.010, *et seq.*;

3. That defendants and their representatives, attorneys, and agents, be restrained from selling, transferring, conveying, assigning, leasing, or otherwise disposing of the Property or encumbering it without the prior consent of the Court;

4. That the Judgment be declared an equitable lien on the Property to the extent of the funds fraudulently transferred by Harold to purchase the Property, or alternatively, that defendants be deemed to hold the Property in trust for the benefit of Plaintiff and that they be required to account to Plaintiff for all proceeds earned from or taken in exchange for the Property;

5. For the appointment of a receiver over the Property and Harold's assets to satisfy the Judgment;

6. For damages against all defendants except Harold in the sum of $1,331,344.80, or according to proof;

7. For exemplary damages according to proof against Harold and Ann

### ON THE FOURTH CAUSE OF ACTION:

8. For a declaration of the rights of Plaintiff and defendants in the Property, and for the reformation of the deed to the Property to reflect that Francis and/or Wireless are not joint tenants with Ann and have an equitable mortgage in the amount of $100,000 against the Property;

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ON ALL CAUSES OF ACTION:

9. For costs of suit;

10. For such other and further relief as the Court deems necessary and proper.

Dated: August 27, 2014                    MIRMAN, BUBMAN & NAHMIAS, LLP

By: _____
Jeffrey E. Wulkan,
Attorneys for Plaintiff, Motorola Solutions, Inc.

COMPLAINT



MANATT, PHELPS & PHILLIPS, LLP
MARK S. LEE (Bar No. CA 94103)
SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
CRAIG S. RUTENBERG (Bar No. CA 205309)
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

Attorneys for Plaintiff
MOTOROLA, INC.

FILED
CLERK, U.S. DISTRICT COURT

NOV 1 6 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

✓ SCAN
___ Priority
___ Send
✓ Clsd
✓ Enter
✓ JS(5)/JS-6
___ JS-2/JS-3

ENTERED
CLERK, U.S. DISTRICT COURT

NOV 1 7 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTOROLA, INC., a Delaware Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>HAROLD PICK, an individual, HAROLD PICK dba RADIO DESIGN, HAROLD PICK dba DONNELLY COMMUNICATIONS RADIO DESIGN, an entity of unknown type, C. DONNELLY COMMUNICATIONS, INC., a California corporation, ERNEST LINDSEY, an individual, ALDO R. INTERIANO, an individual, COVERT SERVICES, INC., a California corporation, COVERT SERVICES, INC. dba RADIO DESIGN AND ENGINEERING, RADIO DESIGN AND ENGINEERING aka RADIO DESIGN & ENGINEERING, an entity of unknown type, DALE KETCHERSID, an individual, DALE KETCHERSID dba RADIO DESIGN & ENGINEERING, VIDEO/COMMUNICATIONS SYSTEMS DESIGN, an entity of unknown type, THE DELUCA GROUP CORPORATION, a California corporation, TODD DAVIS, an individual, RADIO HUT CORPORATION, a California corporation, RADIO COMMUNICATIONS SYSTEM, INC., an entity of unknown type, ROBERT SHARP, an individual, JIM HARRIS, an individual, INSTACOM INDUSTRIES, an entity of unknown type; PAUL MENDLE, an | No.  CV04 – 2655 ABC (SHx)<br><br>[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION<br><br>( Unopposed )<br><br>Hon. Audrey B. Collins |

DOCKETED ON CM

NOV 1 7 2005

BY _____ 001

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

350

285     EXHIBIT "_1_"     PAGE _10_

individual, EPW COMMUNICATIONS, INC., an entity of unknown type, ERIC P. WINKLE, an individual, SHADOW TEAM CORPORATION, a Nevada corporation, and PAUL NORTON, an individual,

Defendants.

SCANNED

The jury, having rendered verdicts on liability and damages in favor of Plaintiff Motorola, Inc.("Motorola") and against defendants Harold Pick ("Pick"), Dale Ketchersid ("Ketchersid") and Covert Services, Inc. ("CSI") (collectively, "Defendants"), judgment is entered as follows:

## I.    JUDGMENT

1.    Judgment is entered in favor of Motorola and against Defendants on Motorola's claim for copyright infringement.

2.    Judgment of one million two hundred thousand dollars ($1,200,000.00) is entered in favor of Motorola and against Pick on Motorola's claim for copyright infringement.  Pick is found to have willfully infringed Motorola's copyrights.

3.    Judgment of one hundred twenty thousand dollars ($120.000.00) is entered in favor of Motorola and against Ketchersid on Motorola's claim for copyright infringement.

4.    Judgment of one hundred twenty thousand dollars ($120.000.00) is entered in favor of Motorola and against CSI on Motorola's claim for copyright infringement.

5.    Judgment is entered in favor of Defendants and against Motorola on Motorola's claims for trademark infringement and false designation of origin under the Lanham Act pursuant to 15 U.S.C. § 1114 et seq.

6.    Judgment is entered in favor of Motorola and against Defendants on Pick and CSI's claim for conversion.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

EXHIBIT "___1___" PAGE ___11___

1    7.    Judgment is entered in favor of Motorola and against Defendant CSI

2  on CSI's claim for intentional interference with contract.

3    8.    Motorola's state law claims for fraud, breach of contract, breach of the

4  implied covenant of good faith and fair dealing, unfair competition and conspiracy

5  are dismissed with prejudice.

6    9.    Defendants' claim for breach of contract is dismissed with prejudice.

7

8  **II.    PERMANENT INJUNCTION**

9    Defendants Pick, Ketchersid and CSI, and their officers, directors, principals,

10  agents, representatives, shareholders, partners, employees, successors and assigns,

11  and all those in active concert or participation with them who receive notice of this

12  Order are hereby, PERMANENTLY ENJOINED from:

13    a.    copying, duplicating, reproducing, posting, circulating,

14  transmitting (electronically or otherwise), selling, offering for sale, distributing,

15  transferring, renting, lending, exchanging, trading, using, adapting, modifying,

16  altering, or otherwise making unauthorized use of the following software programs:

17  Motorola Astro Tuner R01.00.00 (Txu 1-011-511); XTS 3500 RSS R01.00.00 (TX

18  4-953-825); MCS2000 RSS R05.00.00 (TX 5-610-204); MaxTrac Conventional

19  (RSS) R07.02.00 (TX 5-122-610); Quantar Base Station RSS R09.03.00 (TX 4-

20  646-138); MTX-900S Radio Service Software (version R02.03.00) (TX 4-013-

21  823); Radio Service Software for the Radius GP300/P110 (version R03.00.00) (TX

22  3 545-723); GP300/GP350 RSS R08.02.00 (TX 4-416-951); Motorola Professional

23  Radio CPS R01.00.02 (Txu 880-345); Motorola Professional Radio CPS R05.00.00

24  (Txu 1-013-436); Motorola Professional Radio R01.00.00 (Txu 882-166);

25  Motorola Professional Radio R02.00.00 (Txu 1-015-189) (the "Motorola

26  Copyrighted Software"), as well as Motorola Saber Series, XTS Series, MTS

27  Series, Depot Tool, Lab Tools, and System Key Generators, and any prior or

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

EXHIBIT "___1___" PAGE ___12___

1  subsequent versions or derivatives that are substantially similar thereto, and any

2  other proprietary software owned or developed by or for Motorola that is licensed

3  by Motorola for use with Motorola products, and any other software programs

4  protected by any Motorola Certificate of Copyright Registration; and

5         b.    assisting, aiding, or abetting any other person or entity from

6  engaging in any of the acts set forth in (a) above.

7

## III.   IMPOUNDMENT AND INSPECTION

8

9         1.    Defendants are ordered to deliver up to Motorola within ten (10) days

10  of entry of this Judgment for destruction or other reasonable disposition, any and all

11  copies of Motorola software made or used by Defendants.

12         2.    Within ten (10) days of entry of this Judgment, Defendants shall

13  themselves destroy any and all copies of Motorola software on their computer hard

14  drives or electronic storage devices or elsewhere, to the extent not practical to

15  deliver up such copies to Motorola.  Defendants shall, within five (5) days

16  thereafter, provide to counsel for Motorola a certificate signed under penalty of

17  perjury by all Defendants confirming that they are no longer in possession of any

18  copies of Motorola software, nor is any such software under their custody or

19  control.

20         3.    Motorola shall be permitted to conduct one (1) inspection per month to

21  examine Defendants' computers and electronic storage devices to confirm that

22  Defendants are not in possession of any copies of Motorola software in violation of

23  this Injunction.  Defendants shall permit Motorola to conduct such inspection at

24  Defendants' places of business, ~~and~~ and any other locations at which such data

25  may be stored, immediately upon request within the hours of 8:00 a.m. and 6:00

26  p.m.  If necessary to complete its inspection, Motorola may retain custody of

27  Defendants' computer hard drives and electronic storage devices for a period not to

28  exceed forty-eight (48) hours.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

EXHIBIT " 1 " PAGE 13

1      4.    Motorola may make copies of any Motorola software found during

2  such inspection.  If notified by Motorola that its software has been found during

3  any such inspection, Defendants are prohibited, by this Order, from altering,

4  concealing, modifying, deleting, transferring, destroying, removing or otherwise

5  tampering with such software pending resolution of the dispute by this Court.

6      5.    Should Motorola find copies of its software during an inspection, it

7  shall immediately so notify the Court by way of *Ex parte* application for seizure

8  order and order to show cause re: contempt, with notice to the Defendants.

## IV.   COSTS, FUNDS ON DEPOSIT AND JURISDICTION

1.   Motorola is awarded costs in the amount of $ *( to be determined by Clerk of court )*

2.   The Clerk of the Court is directed to release to Motorola the seventeen thousand dollars ($17,000.00) which is currently on deposit with the Court in this action, together with any interest that has accrued thereon, in partial satisfaction of the above $120,000.00 judgment against CSI.

3.   The Court shall retain jurisdiction to enforce this Judgment and the permanent injunction included herein, as well as to consider any post trial motions to increase damages or award attorneys' fees.

Dated: November *16*, 2005

*Audrey B Collins*

Hon. Audrey B. Collins
United States District Judge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

SCANNED

1    Respectfully submitted,

2

3    MANATT, PHELPS & PHILLIPS, LLP
     MARK S. LEE (Bar No. CA 94103)
4    SHARI MULROONEY WOLLMAN (Bar No. CA 137142)
     CRAIG S. RUTENBERG (Bar No. CA 205309)
5    11355 West Olympic Boulevard
     Los Angeles, CA 90064-1614
6    Telephone:  (310) 312-4000
     Facsimile:   (310) 312-4224

7

8    Mark S. Lee

9    Attorneys for Plaintiff

10   MOTOROLA, INC.

11   40938243.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

6

290

EXHIBIT "__1__" PAGE __15__

# PROOF OF SERVICE

I, Rebecca Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614.  On **November 2, 2005,** I served a copy of the within document(s):

## [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Richard Gibson, Esq.
Law Offices of Richard Gibson
1801 Avenue of the Stars, Suite 406
Los Angeles, California 90067
Fax No. (310) 277-6035

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **November 2, 2005,** at Los Angeles, California.

*Rebecca Weaver*
_____
Rebecca Weaver

40938829.1

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

291

EXHIBIT " 1 " PAGE 16

ORIGINAL

# UNITED STATES DISTRICT COURT
### Central District of California

## BILL OF COSTS

MOTOROLA, INC.

Case Number: CV 04-2655 ABC (SHx)

HAROLD PICK, et al.

Judgment having been entered in the above entitled action on __11/17/05__ against Defendants /
Date

the Clerk is requested to tax the following as costs:

| | | |
|---|---|---|
| Fees of the Clerk ............................................... Priority | $ | 300.00 |
| Fees for service of summons and subpoena ..................... Send | | 17,189.68 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | Enter | |
| (Expedited or daily transcripts require prior Court Order.) Closed | | |
|   1.  Trial Transcripts, if requested by the Court or prepared pursuant to stipulation. JS-2/JS-3 Only | | Ø |
|   2.  Deposition Transcripts (includes non-expedited transcripts, the reporter's appearance fee, fees | | |
|      for binding, bates stamping, non-expedited shipping & handling, processing fee, ASCII disks, | | |
|      production and code compliance charge, electronic transmission charge, miniscripts | | 9,398.41 |
|      and witness handling charges)............................................ | | 10,126.41 |
| Fees and disbursements for printing ..................................... | | |
|   (The costs of copies of an exhibit attached to a document necessarily filed and served.) | | 23,012.00 |
| Fees for witnesses (itemize on page 2 of 3) .............................. | | 43,347.94 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ...... | | 158.64 |
| Docket fees under 28 U.S.C. 1923 ...................................... | | 32.50 |
| Costs as shown on Mandate of Court of Appeals .......................... | | Ø |
| Compensation of court-appointed experts ................................ | | Ø |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | | Ø |
| Other costs to be taxed pursuant to prior Court approval (please itemize) ............ | | 37,905.69 |
| | 131,344.86 |
| TOTAL | $ | 132,072.86 |

DOCKETED ON CM
DEC 8 2005
BY ____ 112

353

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was **personally served on Richard Gibson, Esq., 1801 Avenue of the Stars, #406, Los Angeles, CA 90067** on 11/18/05.

Signature of Attorney      Mark S. Lee

For: Motorola      Name of Attorney      Date: November 18, 2005
Name of Claiming Party

Costs are taxed in the amount of $131,344.86      and included in the judgment.

SHERRI R. CARTER      By: _____      12/8/05
Clerk of Court      Deputy Clerk      Date
     JUDY A. MATT...

CV-59 (12/03)      BILL OF COSTS      Page 1 of 3

American LegalNet, Inc.    www.USCourtForms.com

1292

EXHIBIT " 2 " PAGE 17

This page is part of your document - DO NOT DISCARD





## 20121936455

Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

12/14/12 AT 08:00AM

| FEES: | 19.00 |
| TAXES: | 3,119.20 |
| OTHER: | 0.00 |
| PAID: | 3,138.20 |



LEADSHEET



201212140180016

00006928443

004504919

SEQ:
15

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED





RECORDING REQUESTED BY:
First American Title Company

WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

Ann C. Pick and Joy Francis
2493 South Bundy Drive
Los Angeles, CA 90064



12/14/2012

*20121936455*

APN: 4257-021-069
TITLE ORDER NO.: 4177202-31
ESCROW NO.: 6824-DL

THIS SPACE FOR RECORDER'S USE ONLY

## GRANT DEED

The undersigned Grantor(s) declare that the DOCUMENTARY TRANSFER TAX IS: $ 612.70 County, $2,506.50 City
XX computed on the full value of the interest of property conveyed, or
____ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.
____ OR transfer is EXEMPT from tax for the following reason

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Juana Garcia, a Married Woman as
her Sole and Separate property and Edna Garcia, a Married Woman as her Sole and Separate property
(WHO ACQUIRED TITLE AS A SINGLE WOMAN) as Joint Tenants
HEREBY GRANT(S) to Ann C. Pick, a widow and
Joy Francis, a married man as his sole and separate property, as joint tenants

All that real property situated in the City of Los Angeles, County of Los Angeles, State of California, described as:
Lot 118, of Tract No. 7782, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in
Book 85, Page(s) 63 of Maps, in the office of the County Recorder of said County.
Except the northeasterly 12 feet of said lot.
Excepting therefrom all oil, gas, minerals and other hydrocarbon substances below a depth of 500 feet, without rights of
surface entry, as reserved in Instruments of Record.
Commonly Known As: 2493 South Bundy Drive, Los Angeles, CA 90064
Dated: November 14, 2012

STATE OF CALIFORNIA
COUNTY OF Los Angeles
On 11/27/2012 , before me,
Guillermina S. Andres , a Notary Public
personally appeared Juana Garcia,
Edna Garcia
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the
State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature Guillermina S Andres

Juana Garcia

Edna Garcia

GUILLERMINA S. ANDRES
Commission # 1930970
Notary Public - California
Los Angeles County
My Comm. Expires Mar 31, 2015

(SEAL)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

# EXHIBIT N

## TO REQUEST FOR JUDICIAL NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/30/15 | **DEPT. WEN** |
| HONORABLE  CRAIG D. KARLAN          JUDGE | MANNY MABUNGA          DEPUTY CLERK |
| HONORABLE                  JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #        NONE          Deputy Sheriff | NONE          Reporter |

| | | | |
|---|---|---|---|
| 1:30 pm | SC123039 | Plaintiff Counsel | NO APPEARANCES |
| | MOTOROLA SOLUTIONS, INC. | | |
| | VS | Defendant Counsel | |
| | HAROLD PICK ET. AL. | | |
| | DEFT. 170.6 AGAINST JUDGE STONE | | |

**NATURE OF PROCEEDINGS:**

1) DEFENDANT, HAROLD PICK'S DEMURRER TO PLAINTIFF, MOTOROLA SOLUTIONS, INC.'S COMPLAINT:

2 DEFENDANT'S (SAME AS ABOVE) MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT:


In the above-matter heretofore submitted, the court rules as follows:

RULING:

The demurrer of Defendant Harold Pick to the complaint of Plaintiff Motorola Solutions, Inc. is OVERRULED. The motion of Defendant Harold Pick to strike portions of complaint of Plaintiff Motorola Solutions, Inc., is DENIED.

Defendant Pick shall file and serve his answer within 20 days.

Clerk to give notice.

REASONING:

Demurrer:
A demurrer is a pleading used to test the legal sufficiency of other pleadings. It raises issues of law, not fact, regarding the form or content of the opposing party's pleading (complaint, answer or

Page   1 of   11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | **DEPT. WEN** |
|---|---|---|---|
| DATE: 11/30/15 | | | |
| HONORABLE CRAIG D. KARLAN JUDGE | | MANNY MABUNGA | DEPUTY CLERK |
| HONORABLE # | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 1:30 pm | SC123039 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MOTOROLA SOLUTIONS, INC. VS HAROLD PICK ET. AL. | Defendant Counsel | |

DEFT. 170.6 AGAINST JUDGE STONE

**NATURE OF PROCEEDINGS:**

cross-complaint). (Code Civ. Proc., §§ 422.10, 589; see Donabedian v. Mercury Ins. Co. (2004) 116 Cal.App.4th 968, 994.) It is not the function of the demurrer to challenge the truthfulness of the complaint and for purposes of the ruling on the demurrer, all facts pleaded in the complaint are assumed to be true. A demurrer can be used only to challenge defects that appear on the face of the pleading under attack; or from matters outside the pleading that are judicially noticeable. (Blank v. Kirwan (1985) 39 Cal.3d 311, 318; Donabedian, at p. 994.)

A demurrer for uncertainty may be granted when a defendant cannot reasonably determine what he or she is required to respond to; for example, when a plaintiff joins multiple causes of action as one, fails to properly identify each cause of action, or fails to state against which party each cause of action is asserted if there are multiple defendants. (Williams v. Beechnut Nutrition Corp. (1986) 185 Cal. App. 3d 135, 139, fn. 2.)

In determining whether the complaint is sufficient as against the demurrer on the ground that it does not state facts sufficient to constitute a cause of action, the rule is that if on consideration of all the facts stated it appears the plaintiff is entitled to any relief against the defendants the complaint will be held good although the facts may not be clearly stated, or may be intermingled with a

Page 2 of 11 DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 11/30/15 | | | **DEPT.** WEN |
|---|---|---|---|
| HONORABLE CRAIG D. KARLAN | JUDGE | MANNY MABUNGA | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| # NONE | Deputy Sheriff | NONE | Reporter |

| 1:30 pm | SC123039 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MOTOROLA SOLUTIONS,INC.<br>VS<br>HAROLD PICK ET. AL. | Defendant Counsel | |
| | DEFT. 170.6 AGAINST JUDGE STONE | | |

**NATURE OF PROCEEDINGS:**

statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged. (Gressley v. Williams (1961) 193 Cal.App.2d 636, 639 [distinguished on other grounds].)

Here, Defendant Harold Pick ("Mr. Pick") demurs to the complaint of Plaintiff Motorola Solutions, Inc. ("Plaintiff").

First Cause of Action - Set Aside Fraudulent Transfer:
Civil Code section 3439.04, subdivision (a)(1), states, in relevant part:

(a)  A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(1)  With actual intent to hinder, delay, or defraud any creditor of the debtor.

Plaintiff's first cause of action is sufficiently pleaded. Plaintiff alleges that it is a creditor of Mr. Pick (Complaint, 9), and following the United States District Court entering judgment against him, Mr. Pick transferred funds with intent to hinder, delay, or defraud Plaintiff (Complaint, 13-21; see,

Page   3 of   11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/30/15

**DEPT. WEN**

HONORABLE CRAIG D. KARLAN    JUDGE

MANNY MABUNGA    DEPUTY CLERK

HONORABLE    JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

#

NONE    Deputy Sheriff

NONE    Reporter

1:30 pm | SC123039

MOTOROLA SOLUTIONS, INC.
VS
HAROLD PICK ET. AL.

Plaintiff Counsel

Defendant Counsel

NO APPEARANCES

DEFT. 170.6 AGAINST JUDGE STONE

**NATURE OF PROCEEDINGS:**

e.g., Complaint,  15 ["Harold created a scheme to hide his money from the sale of Ortega, to then lauder the money through his attorney's client trust account then through Accomodator, and to purchase real property in the name of his mother Ann, and a friend, Francis, and to then occupy the Property as his residence."]). Plaintiff further alleges that as a result of Mr. Pick's conduct, "Plaintiff has suffered the loss of its ability to collect on its judgment against Harold and therefore has been damaged in the amount of $1.3 million." (Complaint, 28.) Furthermore, "[w]hether a conveyance was made with fraudulent intent is a question of fact, and proof often consists of inferences from the circumstances surrounding the transfer" (Filip v. Bucurenciu (2005) 129 Cal.App.4th 825, 834), and as such, determination of Mr. Pick's intent is inappropriate for resolution via demurrer.

Therefore, the demurrer to the first cause of action is OVERRULED.

Second Cause of Action - Set Aside Fraudulent Transfer Made By Insolvent:
Civil Code section 3439.04, subdivision (a)(2)(B), states:

(a)  A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the

Page   4 of  11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/30/15 | **DEPT. WEN** |
| HONORABLE CRAIG D. KARLAN          JUDGE | MANNY MABUNGA          DEPUTY CLERK |
| HONORABLE                    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #          NONE          Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| 1:30 pm | SC123039 | Plaintiff Counsel |
| | MOTOROLA SOLUTIONS,INC. VS HAROLD PICK ET. AL. | Defendant Counsel |
| | | NO APPEARANCES |

DEFT. 170.6 AGAINST JUDGE STONE

**NATURE OF PROCEEDINGS:**

debtor made the transfer or incurred the obligation as follows:

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

        []

(B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Plaintiff's second cause of action is sufficiently pleaded. Plaintiff alleges that it is a creditor of Mr. Pick (Complaint,  9) and following the United States District Court entering judgment against him, Mr. Pick transferred the Property to a third party (Complaint,  21). Furthermore, the complaint alleges that Mr. Pick did not receive reasonably equivalent value for the transfer, and he believed or reasonably should have believed he would incur debts beyond his ability to pay as they became due. (Complaint,  32 ["Harold did not receive any value in exchange for his transfer of $283,709.10 and that he intended to incur, or believed or in the exercise of reasonable care should have believed that he would incur debts beyond his ability to pay as they became due by the fraudulent transfer"].)

Page   5 of  11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/30/15 | **DEPT. WEN** |
| HONORABLE CRAIG D. KARLAN          JUDGE | MANNY MABUNGA          DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| #        NONE          Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| 1:30 pm | SC123039 | Plaintiff Counsel |
| | MOTOROLA SOLUTIONS, INC. | NO APPEARANCES |
| | VS | Defendant |
| | HAROLD PICK ET. AL. | Counsel |
| | DEFT. 170.6 AGAINST JUDGE STONE | |

**NATURE OF PROCEEDINGS:**

Therefore, the demurrer to the second cause of action is OVERRULED.

Third Cause of Action - Set Aside Fraudulent Transfer Made By Insolvent:
Civil Code section 3439.05 states:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

The third cause of action is sufficiently pleaded for the same reasons set forth the first and second causes of action. (See Complaint, 33 [incorporating paragraphs 1-22 and 24-25], 34 [alleging "that Harold was insolvent . . . at the time or became insolvent . . . as result of the transfer"].)
Therefore, the demurrer to the third cause of action is OVERRULED.

Fourth Cause of Action - Declaratory Relief:
A cause of action for declaratory relief requires a showing of a person interested under a written instrument or a contract or a declaration of his or her rights or duties with respect to another or in

Page   6 of   11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

301

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/30/15

DEPT. WEN

HONORABLE  CRAIG D. KARLAN                JUDGE

MANNY MABUNGA

DEPUTY CLERK

HONORABLE                             JUDGE PRO TEM
#

ELECTRONIC RECORDING MONITOR

NONE                          Deputy Sheriff

NONE

Reporter

| 1:30 pm | SC123039 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MOTOROLA SOLUTIONS,INC. VS HAROLD PICK ET. AL. | Defendant Counsel | |
| | DEFT. 170.6 AGAINST JUDGE STONE | | |

**NATURE OF PROCEEDINGS:**

respect to, in, over or upon property and an actual
controversy. (Code Civ. Proc., § 1060.) "For
declaratory relief, the party must show it has
either suffered or is about to suffer an injury of
'sufficient magnitude reasonably to assure that all
of the relevant facts and issues will be adequately
presented.' " (Homes v. City of Sierra Madre (2008)
167 Cal.App.4th 531, 542.) "[D]eclaratory relief
operates prospectively only, rather than to redress
past wrongs." (Gafcon, Inc. v. Ponsor & Assocs.
(2002) 98 Cal. App. 4th 1388, 1404.)

Although Plaintiff's opposition fails to address Mr.
Pick's demurrer to the fourth cause of action for
declaratory relief, the Court finds that this cause
of action is sufficiently pleaded as Plaintiff
alleges an actual controversy relating to "its
rights or in the Property, including the reformation
of the joint tenancy deed to reflect the true nature
of the defendants' interest in the Property . . . ."
(Complaint,  37.)

Mr. Pick argues that Civil Code section 3439.04 et
seq. provides "a statutory scheme to provide the
relief Plaintiff is seeking and under such
circumstances, the Court may deny declaratory
relief." (Opposition, p. 10:26-28.) The fact that
the Court may ultimately decline to award
declaratory relief does not preclude Plaintiff from
pleading the cause of action. (Filarsky v. Superior
Court (2002) 28 Cal.4th 419, 433 ["The mere

Page   7 of  11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/30/15

HONORABLE  CRAIG D. KARLAN          JUDGE

HONORABLE                            JUDGE PRO TEM
#
            NONE                    Deputy Sheriff

DEPT. WEN

MANNY MABUNGA          DEPUTY CLERK

ELECTRONIC RECORDING MONITOR

NONE                   Reporter

| 1:30 pm | SC123039 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | MOTOROLA SOLUTIONS,INC.<br>VS<br>HAROLD PICK ET. AL. | Defendant Counsel | |
| | DEFT. 170.6 AGAINST JUDGE STONE | | |

**NATURE OF PROCEEDINGS:**

circumstance that another remedy is available is an insufficient ground for refusing declaratory relief, and doubts regarding the propriety of an action for declaratory relief pursuant to Code of Civil Procedure section 1060 generally are resolved in favor of granting relief"].)

Therefore, the demurrer to the fourth cause of action is OVERRULED.

Motion to Strike:
Motions to strike are used to reach defects or objections to pleadings that are not challengeable by demurrer (i.e., words, phrases, prayer for damages, etc.). (See Code Civ. Proc., §§ 435, 436 & 437.) A motion to strike must be filed within the time allowed to respond (e.g., 30 days after service of the complaint or cross-complaint) unless extended by court order. Where there are grounds for a demurrer and a motion to strike, they must be filed together and noticed for hearing at the same time. (Code Civ. Proc., § 435(b)(3); Cal. Rules of Court, rule 3.1322.) A motion to strike can be made to strike irrelevant, false or improper matter inserted in any pleading or to strike any pleading or part thereof not drawn or filed in conformity with the laws of this state, a court rule or order of the court. (Code Civ. Proc., § 436.) The grounds for moving to strike must appear on the face of the pleading or by way of judicial notice. (Code Civ. Proc., § 437.)

Page  8 of  11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 11/30/15 | | **DEPT. WEN** |
| HONORABLE CRAIG D. KARLAN   JUDGE | MANNY MABUNGA | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| #   NONE   Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 1:30 pm | SC123039 | Plaintiff Counsel | |
| | MOTOROLA SOLUTIONS,INC. | | NO APPEARANCES |
| | VS | Defendant Counsel | |
| | HAROLD PICK ET. AL. | | |
| | DEFT. 170.6 AGAINST JUDGE STONE | | |

**NATURE OF PROCEEDINGS:**

Here, Mr. Pick moves to strike allegations relating to and the prayer for punitive damages in Plaintiff's complaint. The malice, fraud, and oppression required by Civil Code section 3294 imply that the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime. Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called willful or wanton. (Taylor v. Superior Court (1979) 24 Cal.3d 890, 894; Grieves v. Superior Court (1984) 157 Cal.App.3d 159, 166.)

Fraud, in the context of punitive damages, means " 'an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.' " (Farias v. Dealer Services Corp. (2009) 178 Cal.App.4th 156, 175, quoting Civ. Code, § 3294, subd. (c)(3).)

As "fraud" is one of three specific grounds supporting punitive damages and first cause of action-which the Court finds is sufficiently

Page   9 of   11   DEPT. WEN

MINUTES ENTERED
11/30/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 11/30/15 | **DEPT. WEN** |
| HONORABLE CRAIG D. KARLAN   JUDGE | MANNY MABUNGA   DEPUTY CLERK |
| HONORABLE #   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE   Reporter |

| | | |
|---|---|---|
| 1:30 pm | SC123039 | Plaintiff Counsel |
| | MOTOROLA SOLUTIONS, INC. | NO APPEARANCES |
| | VS | |
| | HAROLD PICK ET. AL. | Defendant Counsel |
| | | |
| | DEFT. 170.6 AGAINST JUDGE STONE | |

**NATURE OF PROCEEDINGS:**

pleaded-is premised upon Mr. Pick's alleged
fraudulent conduct, the complaint may properly
include a claim for punitive damages. Therefore, the
motion to strike is DENIED, with prejudice.


                CLERK'S CERTIFICATE OF MAILING


I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
RULING ON SUBMITTED MATTER
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in SANTA MONICA,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.


Dated: 11/30/2015

Sherri R. Carter, Executive Officer/Clerk

By: _____
              MANNY MABUNGA


              Page  10 of  11    DEPT. WEN

| |
|---|
| **MINUTES ENTERED** 11/30/15 **COUNTY CLERK** |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 11/30/15

**DEPT. WEN**

HONORABLE  CRAIG D. KARLAN          JUDGE

MANNY MABUNGA          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM

ELECTRONIC RECORDING MONITOR

#

NONE          Deputy Sheriff

NONE          Reporter

| 1:30 pm | SC123039 | Plaintiff Counsel | NO APPEARANCES |
|---------|----------|-------------------|----------------|

MOTOROLA SOLUTIONS, INC.
VS
HAROLD PICK ET. AL.

Defendant Counsel

DEFT. 170.6 AGAINST JUDGE STONE

**NATURE OF PROCEEDINGS:**


JEFFREY WULKAN, ESQ.
Mirman, Bubman & Nahmias, LLP
21860 Burbank Blvd., Suite 360
Woodland Hills, Ca 91367-7406


HAROLD PICK
2493 South Bundy Drive
Los Angeles, Ca 90064


HAROLD PICK
10670 La Cienega Blvd., Unit C
Inglewood, Ca 90304

Page  11 of  11    DEPT. WEN

```
MINUTES ENTERED
11/30/15
COUNTY CLERK
```

# EXHIBIT O

## TO REQUEST FOR JUDICIAL NOTICE

1    Alan I. Nahmias, Esq. [SBN 125140]
     Jeffrey E. Wulkan, Esq. Of Counsel [SBN 83037]
2    **MIRMAN, BUBMAN & NAHMIAS, LLP**
     21860 Burbank Boulevard, Suite 360
3    Woodland Hills, CA  91367-7406
     Telephone: (818) 451-4600
4    Facsimile: (818) 451-4620
     Email: anahmias@mbnlawyers.com
5
     Attorneys for Plaintiff, Motorola Solutions, Inc.
6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 29 2018

Sherri R. Carter, Executive Officer/Clerk
By: Tom G. Holmes, Deputy

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF LOS ANGELES –WEST DISTRICT**

10

11   MOTOROLA SOLUTIONS, INC., f/k/a        ) CASE NO: SC123039
     MOTOROLA, INC., a Delaware             ) Filed: 8/27/14
12   corporation,                           ) Assigned to: Judge Craig Karlan
                                            )
13             Plaintiff,                    ) PLAINTIFF'S NOTICE OF RULING DENYING
                                            ) DEFENDANT JOY FRANCIS' MOTION FOR
14   vs.                                     ) JUDGMENT ON THE PLEADINGS
                                            )
15   HAROLD PICK, an individual;  ANN C.     ) Date:  6/27/18
     PICK, aka ANNEDORE PICK, an            ) Time:  8:30 a.m.
16   individual; JOY FRANCIS, aka JAY       ) Dept.  WE "N"
     FRANCIS, an individual; THE            )
17   ACCOMODATOR GROUP, INC., a             ) Trial Date: 7/30/18
     California corporation; WIRELESS US LC, )
18   a Nevada limited liability company; and )
     DOES 1-100, inclusive,                 )
19                                          )
               Defendants.                   )
20                                          )
     _____)

21        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        **PLEASE TAKE NOTICE** that on June 27, 2018, in the Los Angeles Superior Court, West

23   District Santa Monica Courthouse, Department "N", the Hon. Craig Karlan presiding, Defendant Joy

24   Francis' Motion for Judgment on the Pleadings came on for hearing.  Appearing for Plaintiff, Motorola

25   Solutions, Inc., was Jeffrey E. Wulkan for Mirman, Bubman & Nahmias, LLP. Defendant Joy Francis

26   and Defendant Harold Pick appeared "in propria persona".  Raymond Aver appeared for Defendant

27   Accomodator Group, Inc.

28        Upon reading the Motion, Opposition, and Reply, and oral argument, the Court adopted its

                                            1

1    Tentative Ruling as the Order of the Court and denied the Motion.  A copy of the Tentative Ruling is

2    attached hereto.  Plaintiff was ordered to give notice.

3

4    Dated: June 27, 2018                    **MIRMAN, BUBMAN & NAHMIAS, LLP**

5

6                                            By: _____

7                                            Jeffrey E. Wulkan,
                                             Attorneys for Plaintiff, Motorola Solutions, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Ruling Denying Francis' Motion for Judgment on the Pleadings

## TENTATIVE RULING

Defendant Joy Francis's Motion for Judgment on the Pleadings as to the first, second, third and fourth causes of action in Plaintiff's Complaint is DENIED. Plaintiff to give notice.

## REASONING

Request for Judicial Notice

Plaintiff Motorola Solutions, Inc., requests that the Court take judicial notice of its ruling on November 30, 2015, overruling Defendants Joy Francis's Demurrer to Plaintiff's Complaint. (Plaintiff's RJN, Ex. 1.) The Court make take judicial notice of the records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States. (See Evid. Code, section 452, subd. (d).) As such, Plaintiff's Request for Judicial Notice is GRANTED.

Motion for Judgment on the Pleadings

A defendant's motion for judgment on the pleadings may be made after the time to demur has expired and an answer has been filed. (Code Civ. Proc., § 438, subd. (f).) A motion by a defendant may be made on the grounds that (1) the court "lacks jurisdiction of the subject of one or more of the causes of action alleged" or (2) the complaint or cross-complaint "does not state facts sufficient to constitute a cause of action against that defendant." (Code Civ. Proc., § 438, subdivision (c).)

A motion for judgment on the pleadings has the same function as a general demurrer but is made after the time for demurrer has expired. Except as provided by statute, the rules governing demurrers apply. (See *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999.) "A motion for judgment on the pleadings is akin to a general demurrer; it tests the sufficiency of the complaint to state a cause of action. [Citations.] The court must assume the truth of all factual allegations in the complaint, along with matters subject to judicial notice." (See *Wise v. Pacific Gas and Elec. Co.* (2005) 132 Cal.App.4th 725, 738.)

Like a general demurrer, "ordinarily, a [motion for judgment on the pleadings] does not lie as to a portion of a cause of action, and if any part of a cause of action is properly pleaded, the [motion] will be overruled." (*Fire Ins. Exchange v. Superior Court* (2004) 116 Cal.App.4th 446, 452.) In considering a motion for judgment on the pleadings, courts consider whether properly pled factual allegations—assumed to be true and liberally construed—are sufficient to constitute a cause of action. (*Stone Street Capital, LLC v. Cal. State Lottery Com'n* (2008) 165 Cal.App.4th 109, 116.)

The hearing on a motion for judgment on the pleadings may not be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable. (*Silguero v. Creteguard, Inc.* (2010) 187 Cal.App.4th 60, 64.) Judgment on the pleadings cannot depend upon questions of witness credibility or evidentiary conflicts, but must be denied where there are material factual issues that require evidentiary resolution. (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 605.)

1

Here, Plaintiff Motorola Solutions, Inc., filed its Complaint on August 27, 2014, to set aside the transfer of Harold Pick's funds used to purchase a property on Bundy Drive alleging it was a fraudulent transfer. The Complaint also seeks declaratory relief to reform the deed to the Bundy property and to create an equitable lien as against Defendant Joy Francis, Wireless US, LLC, and Ann Pick. Specifically, Plaintiff's Complaint alleges causes of action for:

1. Set Aside Fraudulent Transfer (Civ. Code, § 3439.04, subd. (a)(1));
2. Set Aside Fraudulent Transfer Made By Insolvent (Civ. Code, § 3439.04, subd. (a)(2)(B);
3. Set Aside Fraudulent Transfer Made By Insolvent (Civ. Code, § 3439.05);
4. Declaratory Relief to Reform Deed and Create Equitable Mortgage

On February 13, 2015, Defendant Joy Francis filed a general demurrer to all causes of action alleging none of the causes of action state a viable claim and a special demurrer to all causes of action alleging the Complaint is uncertain.

On November 30, 2015, the Court overruled Defendant Francis's general and special demurrers to all causes of action, finding the first three "allegations are sufficient to state causes of action" and "the fourth cause of action for declaratory relief is sufficiently pleaded as to Francis and Wireless." (Court's Nov. 30, 2015, Ruling on Demurrer.)

Now, Defendant Francis moves for judgment on the pleadings as to the first, second, third and fourth causes of action in Plaintiff's Complaint. Code of Civil Procedure section 438(g)(1) states:

(g) The motion provided for in this section [motion for judgment on the pleadings] may be made even though either of the following conditions exist:

(1) The moving party has already demurred to the complaint or answer, as the case may be, on the same grounds as is the basis for the motion provided for in this section and the demurrer has been overruled, provided that there has been a *material change in applicable case law or statute since the ruling on the demurrer.*

(Code Civ. Proc., § 438, subd. (g)(1), *emphasis added.*)

Thus, under section 438(g)(1), a party moving for judgment on the pleadings whose demurrer has already been overruled on the same grounds must show *"that there has been a material change in applicable case law or statute since the ruling on the demurrer."*

Here, Defendant has already demurred to the Complaint on the same grounds as the Motion for Judgment on the Pleadings, namely, each cause of action in the Complaint fails to state sufficient facts. Defendant Francis, though, does not cite to *any material change in applicable case law or statute since the Court ruled* on the Demurrer on November 30, 2015. Instead, Defendant's Motion mainly consists of factual assertions regarding the elements of Plaintiff's claims. As such, Defendant has not met the threshold requirement for this Motion to be brought. Accordingly, Defendant Joy Francis's Motion for Judgment on the Pleadings is DENIED.

2

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 21860 Burbank Boulevard, Suite 360, Woodland Hills, California 91367.

   On June 27, 2018, I served the foregoing document described as:
PLAINTIFF'S NOTICE OF RULING DENYING DEFENDANT JOY FRANCIS' MOTION FOR JUDGMENT ON THE PLEADINGS on the interested parties in this action as follows:

   __X__   (BY MAIL)  by placing a true copy thereof enclosed in a sealed envelope addressed as follows:  I deposited such envelope with postage thereon fully prepaid in the United States mail at Woodland Hills, California.

Harold Pick ........................................................................................................ Defendant In Pro Per
10670 La Cienega Blvd., Unit C
Inglewood, CA  90304

Robert Mills, Esq. ...................................................................................... Attorney for Ann Pick
Law Office of Robert Mills
1429 S. Valley Center Avenue
Glendora, CA  91740

Raymond H. Aver ............................................................... Attorney for Accomodator Group
Aver Law Firm
10801 National Boulevard, Suite 100
Los Angeles, CA   90064

Joy Francis, aka Jay Francis ................................................................................ In Pro Per
6026 Villa Roma
Bonsall, CA   92003

   __X__   (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2018, at Woodland Hills, California.

JACQUELINE DALE

# EXHIBIT P

## TO REQUEST FOR JUDICIAL NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                              August 15, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**          10:00 AM

Judge: Honorable Craig D. Karlan          CSR: Carol Lynn Cox, CSR# 5128
Judicial Assistant: D. Salisbury-Mabunga  ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): JEFFREY E. WULKAN (Also appearing by Scott H. Noskin)

For Defendant(s): Leo Fasen; Levi Lesches; Robert Parker Mills

**NATURE OF PROCEEDINGS:** Jury Trial

Trial resumes from the August 14, 2019 date with all counsel, parties and prospective jurors present as heretofore.

At 10:00 a.m., outside the presence of the jury, Court and counsel confer re various trial issues.

A note is given to the Court by juror #5. Court and counsel confer and stipulate that the Court will read an instruction to the jury that will hopefully be an adequate response to the jurors question.

Counsel advise the Court that the Abstract, exhibit 17, includes drivers license and social security numbers. Counsel stipulate to a redaction of exhibit #17 during the break to remove that information.

At 10:15 a.m., in the presence of the jury, the Court reads the jury instruction in response to the jury question.

Mark Steven Lee, is taken out of order to accommodate the witness, is sworn and testifies on behalf of the Plaintiff.

Harold Pick, previously sworn, resumes testimony on behalf of the Plaintiff and pursuant to Evidence Code 776.

At 12:05 p.m., the jury is admonished and excused for the noon recess.

Outside the presence of the jury, Court and counsel confer re scheduling.

At 2:15 p.m., outside the presence of the jury, Court and counsel confer re jury instructions and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

**SC123039**                                                                      August 15, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                            10:00 AM


Judge: Honorable Craig D. Karlan              CSR: Carol Lynn Cox, CSR# 5128
Judicial Assistant: D. Salisbury-Mabunga      ERM: None
Courtroom Assistant: S. Mixon                  Deputy Sheriff: None

---

verdict forms.

At 2:20 p.m., in the presence of the jury, trial resumes with the ongoing testimony of Harold
Pick.

All sides rest subject to the admission of exhibits.

At 4:20 p.m., the jury is admonished and the trial is continued to August 17, 2019 at 10:00 a.m.

Outside the presence of the jury, Court and counsel confer re various trial issues.

Counsel for the Francis and Wireless Defendants oral Motion for Directed Verdict is argued and
deferred to August 16, 2019.

Counsel on behalf of Defendant Mrs. Pick oral Motion for Directed Verdict is argued and
DENIED.

Jury Trial is continued to 08/16/2019 at 09:30 AM in Department N at Santa Monica
Courthouse.

No further notice is required.

# EXHIBIT Q

## TO REQUEST FOR JUDICIAL NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Santa Monica Courthouse, Department N

SC123039                                                          August 16, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                        9:30 AM

Judge: Honorable Craig D. Karlan          CSR: Carol Lynn Cox, CSR #5128
Judicial Assistant: D. Salisbury          ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): JEFFREY E. WULKAN (Also appearing by Scott H. Noskin)

For Defendant(s): Leo Fasen; Levi Lesches; Robert Parker Mills

**NATURE OF PROCEEDINGS:** Jury Trial

Trial resumes from the August 15, 2019 date with all counsel, parties and prospective jurors present as heretofore.

At 10:15 a.m., outside the presence of the jury, Court and counsel confer re various trial issues.

Motion for Directed Verdict on behalf of the Defendant Francis is DENIED.

Plaintiffs oral request for the Court to take Judicial Notice of the Federal Court Judgment is GRANTED.

Counsel on behalf of the Pick Defendants advised the Court that he has reserved a Motion for Leave to File a Cross-Complaint.

Counsel submit a Joint List of Stipulated Facts to be read to the jury prior to closing arguments.

At 10:30 a.m., in the presence of the jury, counsel for Plaintiff reads the Joint List of Stipulated Facts to the jury as follows:

1) On November 17, 2005, Motorola, Inc. obtained a Judgment in the amount of $1,331,344.80 against Harold Pick for copyright infringement in the case of Motorola, Inc. v. Pick, et al., U.S. District Court of California, Cae No. CV04-2655 ABC (SHx).

2) The Original Judgment has never been appealed and the time for appeal has expired.

3) The Original Judgment accrued interest at the Federal Interest Rate on judgments of 4.35% per annum from December 17, 2005, the date the Original Judgment became final.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

**SC123039**                                                                August 16, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                          9:30 AM

Judge: Honorable Craig D. Karlan                CSR: Carol Lynn Cox, CSR #5128
Judicial Assistant: D. Salisbury                ERM: None
Courtroom Assistant: S. Mixon                   Deputy Sheriff: None

4) As of December 10, 2012, the Original Judgment amount was $1,736,137.40, due to accrued interest.

5) Ann aka Annedore Pick is Harold Pick's mother.

6) On or about May 22, 2009, Harold Pick inherited a house located in San Francisco.

7) On or about October 27, 2009, Harold Pick sold the San Francisco house and received $571,639.56.

8) On or about November 2, 2009, Harold Pick gave his attorney, Charles Shamash, the proceeds of the sale of the San Francisco property, in the amount of $571,639.56, to fund a retainer.

9) Charles Shamash deposited the funds he received from Harold Pick into the Attorney Client Trust Account of Caceres & Shamash, LLP.

10) On or about February 10, 2011, Harold Pick loaned $240,000.00 to Charles Shamash.

11) On or about February 10, 2011, Harold Pick paid The Accomodator Group, Inc. $7,200.00 for services.

12) Charles Shamash is and was the Corporate Secretary and Chief Financial Officer of the Accomodator Group, Inc.

13) An escrow was opened at Peninsula Escrow to handle the paperwork for the purchase of the House.

14) On or about December 10, 2012, Harold Pick instructed Charles Shamash to pay off his $240,000.00 loan by wire transferring the sum of $240,000.00 to an escrow opened at Peninsula Escrow for the purchase of the house.

15) On or about December 10, 2012, Accomodator Group, Inc. wired $240,000.00 on account of Harold Pick into the escrow for the purchase of the House at Peninsula Escrow.

16) On or about December 11, 2012, Harold Pick requested a refund of the remaining balance of the funds from the Caceres & Shamash Attorney Client Trust Account in the sum of $10,000.00, and Caceres & Shamash, LLP caused a wire transfer in the sum of $10,000.00 to Peninsula Escrow for the purchase of the House.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

**SC123039**                                                                    August 16, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                          9:30 AM

Judge: Honorable Craig D. Karlan              CSR: Carol Lynn Cox, CSR #5128
Judicial Assistant: D. Salisbury              ERM: None
Courtroom Assistant: S. Mixon                 Deputy Sheriff: None

17) On or about December 11, 2012, Harold Pick asked Hector Mosquera of Acumen
Communications, Inc. to speak with Ann Pick about obtaining a loan for $30,000 for the
purchase of the House.

18) Acumen Communications, Inc. loaned Ann Pick $30,000.00.

19) Ann Pick transferred roughly $23,205.10 of the $30,000.00 received from Acumen into the
escrow at Peninsula Escrow for the purchase of the House.

20) On or about December 11, 2012, Harold Pick received a check in the amount of $10,000.00
from Robert Selman for the purchase of the House, and exchanged the Selman check for a
cashier's check.

21) Harold Pick deposited the $10,000.00 cashier's check into the escrow at Peninsula Escrow
for the purchase of the House.

22) Harold Pick deposit his cashier's check in the amount of $500.00 into the escrow at Peninsula
Escrow for the purchase of the House.

23) Wireless US, LC wire transferred $100,000.00 of its money from its account at Citibank into
the escrow at Peninsula Escrow for the purchase of the House, on December 11, 2012.

24) Wireless US, LC loaned the amount of $100,000 to Ann Pick, on December 11, 2012.

25) When escrow closed on the purchase of the House, a Grant Deed was issued to Ann Pick and
to Joy Francis as joint tenants with right of survivorship.

26) Ann Pick was 85 years old at the time of the purchase of the House.

27) Joy Francis was 46 years old at the time of the purchase of the House.

28) The only individuals on title to the House were Ann Pick and Joy Francis.

29) Motorola, Inc. caused an abstract of judgment against Harold Pick to be recorded on March
7, 2006 with the Los Angeles County Recorder's Office.

30) Neither Motorola, Inc., nor Motorola Solutions, Inc. took any action to enforce or collect the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                                      August 16, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                9:30 AM

Judge: Honorable Craig D. Karlan            CSR: Carol Lynn Cox, CSR #5128
Judicial Assistant: D. Salisbury            ERM: None
Courtroom Assistant: S. Mixon               Deputy Sheriff: None

Original Judgment against Harold Pick since causing the abstract of judgment to be recorded on
March 7, 2006, until filing the Complaint commencing this lawsuit.

31) On August 27, 2014, Motorola Solutions, Inc. filed the Complaint commencing this lawsuit.

This stipulation is signed, filed and entered this date.

Counsel present closing arguments.

At 12:00 p.m., the jury is admonished and excused for the noon recess.

Outside the presence of the jury, Court and counsel confer re jury instructions and exhibits.

Plaintiff MOTOROLA SOLUTIONS,INC.'s exhibit 2 (Grant Deed to Bundy), Defendant
HAROLD PICK's exhibit 10 (Citibank Statement), and Defendant HAROLD PICK's exhibit 14
(Rental Agreement re: Bundy Property) are admitted in evidence.

Respective counsel view and approve all exhibits submitted to the jury.

At 1:45 p.m., in the presence of the jury, trial resumes with the closing argument of Defense
counsel.

At 3:20 p.m., Final jury instructions are given by the Court. The Courtroom Assistant is sworn to
take charge of the jury and alternate jurors.

At 4:10 p.m., the jury begins deliberations.

Outside the presence of the jury, Court and counsel confer.

Mr. Lesches' oral request that "Business Partner" be stricken from instruction number 4201(a) is
granted.

Mr. Lesches' oral request to bring a verdict form for Statute of Limitation is GRANTED.

Counsel stipulate that any requested readback jury room outside the presence of counsel.

At 4:30 p.m., the jury is excused and the trial is continued to August 19, 2019 at 9:00 a.m.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

**SC123039**                                                                August 16, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                          9:30 AM

Judge: Honorable Craig D. Karlan          CSR: Carol Lynn Cox, CSR #5128
Judicial Assistant: D. Salisbury          ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

Mr. Lesches raises the issue of unclean hands. The Court instructs counsel to review the answer and see if there is any mention of it. It may be complete moot to begin with.

Jury Trial is continued to 08/19/2019 at 09:00 AM in Department N at Santa Monica Courthouse.

On the Court's own motion, the Hearing on Motion - Other to Specially Set Case for Trial scheduled for 02/27/2020, and Hearing on Motion to Dismiss scheduled for 04/14/2020 are advanced to this date and vacated .

No further notice is required.

Minute Order                                                                 Page 5 of 5

321

# EXHIBIT R

## TO REQUEST FOR JUDICIAL NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

**SC123039**                                                            August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                        8:30 AM

Judge: Honorable Craig D. Karlan          CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury          ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): Leo Fasen; Levi Lesches

**NATURE OF PROCEEDINGS:** Jury Trial

Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date, Kristin L. Cyphers, CSR #13518. Matter is called for hearing.

At 8:40 a.m., the jury resumes deliberations.

At 10:40 a.m., the jury returns into the courtroom with the following Special Verdict:

VERDICT #1 - SPECIAL VERDICT FORM JAY FRANCIS/WIRELESS, LC

We answer the questions submitted to us as follows:

1. Did Plaintiff have a right to payment from Defendant Harold Pick?

Answer: "YES"

2. Did Defendant Harold Pick transfer property to Defendant Jay Francis/Wireless US, LC?

Answer: "YES"

3. Did Defendant Harold Pick transfer the property with the intent to hinder, delay, or defraud one or more of his creditors?

Answer: "YES"

4. Was Defendant Harold Pick's conduct a substantial factor in causing Plaintiff's harm?

Answer: "YES"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                                                    August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                          8:30 AM

Judge: Honorable Craig D. Karlan              CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury              ERM: None
Courtroom Assistant: S. Mixon                 Deputy Sheriff: None

5. Did Defendant Jay Francis/Wireless US, LC receive the property from Defendant Harold Pick in good faith?

Answer: "YES"

6. Did Defendant Harold Pick fail to receive a reasonably equivalent value in exchange for the transfer?

Answer: "NO"

7. Did Defendant Harold Pick believe or should he reasonably have believed that he would incur debts beyond his ability to pay as they became due?

Answer: "YES"

8. Was Defendant Harold Pick's conduct a substantial factor in causing Plaintiff's harm?

Answer: "YES"

9. Did Plaintiffs right to payment from Defendant Harold Pick arise before Defendant Harold Pick transferred his money?

Answer: "YES"

10. Was Defendant Harold Pick insolvent at the time or did Defendant Harold Pick become insolvent as a result of the transfer of money?

Answer: "YES"

11. Was Defendant Harold Pick's conduct a substantial factor in causing Plaintiff's harm?

Answer: "YES"

12. What are Plaintiff's damages?

Answer: "0"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                                        August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                8:30 AM

Judge: Honorable Craig D. Karlan            CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury            ERM: None
Courtroom Assistant: S. Mixon               Deputy Sheriff: None

13. Did Plaintiff fail to timely file its Complaint in this action and thereby exceed the Statute of Limitations?

Answer: "NO"

Dated: August 20, 2019 Samantha Graham, FOREPERSON

The Verdict is read; re-reading as recorded is waived. The jury is polled as follows:

Question 1: All answer in the affirmative.
Question 2: 10 answer in the affirmative, 2 answer in the negative.
Question 3: All answer in the affirmative.
Question 4: All answer in the affirmative.
Question 5: 10 answer in the affirmative, 2 answer in the negative.
Question 6: 10 answer in the affirmative, 2 answer in the negative.
Question 7: All answer in the affirmative.
Question 8: 11 answer in the affirmative, 1 answers in the negative.
Question 9: All answer in the affirmative.
Question 10: All answer in the affirmative.
Question 11: 11 answer in the affirmative, 1 answers in the negative.
Question 12: 11 answer in the affirmative, 1 answers in the negative.
Question 13: All answer in the affirmative.

VERDICT #2 - SPECIAL VERDICT FORM ANN PICK

We answer the question submitted to us as follows:

1. Did Plaintiff have a right to payment from Defendant Harold Pick?

Answer: "YES"

2. Did Defendant Harold Pick transfer property to Defendant Ann Pick?

Answer: "YES"

3. Did Defendant Harold Pick transfer the property with the intent to hinder, delay, or defraud one or more of his creditors?

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                                    August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**            8:30 AM

Judge: Honorable Craig D. Karlan          CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury          ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

Answer: "YES"

4. Was Defendant Harold Pick's conduct a substantial factor in causing Plaintiff's harm?

Answer: "YES"

5. Did Defendant Ann Pick receive the property from Defendant Harold Pick in good faith?

Answer: "YES"

6. Did Defendant Harold Pick fail to receive a reasonably equivalent value in exchange for the transfer?

Answer: "NO"

7. Did Defendant Harold Pick believe or should he reasonably have believed that he would incur debts beyond his ability to pay as they became due?

Answer: "YES"

8. Was Defendant Harold Pick's conduct a substantial factor in causing Plaintiff's harm?

Answer: "YES"

9. Did Plaintiffs right to payment from Defendant Harold Pick arise before Defendant Harold Pick transferred his money?

Answer: "YES"

10. Was Defendant Harold Pick insolvent at that time or did Defendant Harold Pick become insolvent as a result of the transfer of money?

Answer: "YES"

11. Was Defendant Harold Pick's conduct a substantial factor in causing Plaintiff's harm?

Answer: "YES"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                                                       August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                            8:30 AM

Judge: Honorable Craig D. Karlan          CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury          ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

12. What are Plaintiff's damages?

Answer: "0"

13. Did Plaintiff fail to timely file its Complaint in this action and thereby exceed the Statute of
Limitations?

Answer: "NO"

Dated: August 20, 2019 Samantha Graham, FOREPERSON

The Verdict is read; re-reading as recorded is waived. The jury is polled as follows:

Question 1: All answer in the affirmative.
Question 2: All answer in the affirmative.
Question 3: All answer in the affirmative.
Question 4: 11 answer in the affirmative, 1 answers in the negative.
Question 5: All answer in the affirmative.
Question 6: All answer in the affirmative.
Question 7: All answer in the affirmative.
Question 8: 11 answer in the affirmative, 1 answers in the negative.
Question 9: All answer in the affirmative.
Question 10: All answer in the affirmative.
Question 11: 11 answer in the affirmative, 1 answers in the negative.
Question 12: All answer in the affirmative.
Question 13: All answer in the affirmative.

VERDICT #3 - SPECIAL VERDICT RE: CONCEALMENT

We answer the questions submitted to us as follows:

1. Did Defendant Harold Pick intentionally fail to disclose a fact or facts that Plaintiff Motorola
Solutions, Inc. did not know and could not reasonably have discovered?

Answer: "YES"

2. Did Defendant Harold Pick intend to deceive Plaintiff Motorola Solutions, Inc. by concealing
the fact?

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department N

SC123039                                                                August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                    8:30 AM


Judge: Honorable Craig D. Karlan             CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury             ERM: None
Courtroom Assistant: S. Mixon                Deputy Sheriff: None

---

Answer: "YES"

3. Had the omitted information been disclosed, would Plaintiff Motorola Solutions, Inc. reasonably have behaved differently?

Answer: "YES"

4. Was Defendant Harold Pick's concealment a substantial factor in causing harm to Plaintiff Motorola Solutions, Inc.?

Answer: "YES"

5. What are Plaintiff Motorola Solutions, Inc.'s damages?

Answer: A) Past economic loss $250,504.00
B) Future economic loss $ .00

Dated: August 20, 2019 Samantha Graham, FOREPERSON

The Verdict is read; re-reading as recorded is waived. The jury is polled as follows:

Question #1: 9 answer in the affirmative, 3 answer is the negative.
Question #2: 9 answer in the affirmative, 3 answer in the negative.
Question #3: 9 answer in the affirmative, 3 answer in the negative.
Question #4: All answer in the affirmative.
Question #5A:10 answer in the affirmative, 2 answer in the negative.
Question #5B:11 answer in the affirmative, 1 answer in the negative.

The jury is thanked and discharged. The Special Verdicts & Instructions given are filed.

All exhibits and depositions introduced in the trial are returned to the offering party.

Counsel for prevailing party to prepare judgment.

Conference Telephonic is scheduled for 08/21/2019 at 09:15 AM in Department N at Santa Monica Courthouse.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
West District, Santa Monica Courthouse, Department N

**SC123039**                                                      August 20, 2019
**MOTOROLA SOLUTIONS,INC. VS. HAROLD PICK ET. AL.**                    8:30 AM

Judge: Honorable Craig D. Karlan          CSR: Kristin L. Cyphers, CSR# 13518
Judicial Assistant: D. Salisbury          ERM: None
Courtroom Assistant: S. Mixon             Deputy Sheriff: None

Notice is waived by counsel/parties.

# EXHIBIT S

## TO REQUEST FOR JUDICIAL NOTICE

1

2

**FILED**
Superior Court of California
County of Los Angeles

3

AUG 20 2019

4

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Darian Salisbury

5

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF LOS ANGELES**

10                    **WEST DISTRICT-SANTA MONICA COURTHOUSE**

11

12   MOTOROLA SOLUTIONS, INC., f/k/a          CASE NO: SC 123039
                                              *Assigned to: Judge Craig Karlan*
13   MOTOROLA, INC.,  a Delaware              *Dept. WE N*
     corporation,
14

15    Plaintiff,

16   vs.                                      **SPECIAL VERDICT RE: CONCEALMENT**

17   HAROLD PICK, et al.,

18

19   Defendants.

20
          We answer the questions submitted to us as follows:
21
     1. Did Defendant Harold Pick intentionally fail to disclose a fact or facts that Plaintiff Motorola
22
        Solutions, Inc. did not know and could not reasonably have discovered.
23
          _____✓_____ Yes          _____ No
24
        If your answer to Question 1 is yes, then answer Question 2.  If you answered no, stop here,
25
        answer no further questions, and have the presiding juror sign and date this form.
26

27                                              1

28
     _____
                         **SPECIAL VERDICT RE: CONCEALMENT**

LL

LL for Leo Pasen

2. Did Defendant Harold Pick intend to deceive Plaintiff Motorola Solutions, Inc. by concealing the fact?

_____✓_____ Yes    _____ No

If your answer to Question 2 is yes, then answer Question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Had the omitted information been disclosed, would Plaintiff Motorola Solutions, Inc. reasonably have behaved differently?

_____✓_____ Yes    _____ No

If your answer to Question 3 is yes, then answer Question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was Defendant Harold Pick's concealment a substantial factor in causing harm to Plaintiff Motorola Solutions, Inc.?

_____✓_____ Yes    _____ No

If your answer to Question 4 is yes, then answer Question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. What are Plaintiff Motorola Solutions, Inc.'s damages?

A. Past economic loss         $___250,504___

B. Future economic loss       $___0___

Signed: _____
              Presiding Juror

Dated: ___8/20/2019___

After all verdict forms have been signed, notify the clerk/bailiff/court attendant that you are ready to present your verdict in the courtroom.

2

**SPECIAL VERDICT RE: CONCEALMENT**

# EXHIBIT T

## TO REQUEST FOR JUDICIAL NOTICE

Electronically FILED by Superior Court of California, County of Los Angeles on 09/09/2019 04:12 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Bradley,Deputy Clerk

1  Alan I. Nahmias  (SBN 125140)
   Jeffrey E. Wulkan (SBN 83037)
2  **MIRMAN, BUBMAN & NAHMIAS, LLP**
   21860 Burbank Boulevard, Suite 360
3  Woodland Hills, California 91367
   Telephone: (818) 451-4600/Facsimile: (818) 451-4620
4  Email: anahmias@mbnlawyers.com

5  Attorneys for Plaintiff, Motorola Solutions, Inc. fka Motorola, Inc.

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **FOR THE COUNTY OF LOS ANGELES**

10           **WEST DISTRICT-SANTA MONICA COURTHOUSE**

11

12  MOTOROLA SOLUTIONS, INC., f/k/a        CASE NO: SC 123039
    MOTOROLA, INC., a Delaware            Filed: 8/27/14
13  corporation,                          Assigned to: Judge Craig Karlan

14        Plaintiff,                      PLAINTIFF'S BRIEF RE: FOURTH CAUSE OF
                                          ACTION FOR DECLARATORY RELIEF AND
15                                        REFORMATION OF DEED
    vs.
16                                        Hearing Date: 11/7/19
                                          Time: 8:30 a.m.
17  HAROLD PICK, et al.,                  Dept.: WE "N"

18        Defendants.

19

20

21       **TO THE HONORABLE CRAIG KARLAN:**

22       Plaintiff, Motorola Solutions, Inc. fka Motorola, Inc., submits the following Brief re: Fourth

23  Cause of Action to the Complaint-Declaratory Relief and Reformation of Deed.

24       I.    **BACKGROUND**.

25       The Fourth Cause of Action seeks a declaration of rights between Plaintiff and defendants

26  Ann Pick and Joy aka Jay Francis and his company, Wireless US, LC (hereinafter jointly "Francis") ,

27  and a reformation of the Grant Deed dated December 14, 2012 for 2493 S. Bundy Dr., Los Angeles

28  (the "Bundy House"), the subject of this lawsuit, into an equitable mortgage for $100,000 with the

{00571312}                              1

mortgagee being Francis.   It was supported by testimony by Francis in his deposition taken on August 12, 2014 in in re Ann Pick, Central District of California, Case No. 2:12-bk-19929-TD, Adv. Action No. 2:13-ap-01644-TD.

In the deposition, Francis testified that although Francis went on title to the Bundy House as a joint tenant with Ann Pick, the idea was that Ann Pick was borrowing money from Francis and when paid off within six months, Francis would release his ownership interest back to Ann Pick. (Francis Depo., P. 32, L: 21-25; P. 33, L: 22-24; P. 36, L: 13-17; P. 41, L: 18-22.) [A certified copy will be produced at the Hearing on this matter.]

II.   **THE DEED WAS REALLY A DISGUISED MORTGAGE AND THIS COURT MAY REFORM THE DEED**.

Where a deed, absolute on its face, is given to secure a debt, it will be held to be a mortgage. (*Beeler v. American Trust Co*. (1944) 24 Cal.2d 1; *Greene v. Colburn* (1958)160 Cal.App.2d 355, 358). *See also Cal.Civ.Code* § 2924; *Kaiser Industries Corp. v. Taylor* (1971) 17 Cal.App.3d 346, 350-51. Here, Frances received such a deed which must be treated as an equitable mortgage.  *See e.g.*, *Chapman v. Hicks* (1919) 41 Cal.App. 158, 162-163 ("The test of a mortgage is whether the relation of debtor and creditor continues so that there is a subsisting debt after the conveyance [case omitted]; and where a deed, absolute on its face, is given to secure a debt, it will be held to be a mortgage even though the parties stipulate is shall be an absolute conveyance….The intention of the parties must govern, and it matters not what particular form the transaction may take.  If the deed is made for the purpose of securing the payment of a debt, it is a mortgage, 'no matter how strong the language of the deed, or any instrument accompanying it, may be.' [citation omitted.]") Frances' testimony in his deposition in *In Re Ann Pick* and his testimony at Trial supports by clear and convincing evidence that the $100,000 was a loan which was to be paid back within six months with seven percent (7%) interest.  Parol evidence is admissible to prove the true intent of the parties. (*Beeler v. American Trust Co.*, *supra*.) "It is well settled that the remedy of reformation is equitable in nature and not restricted to the exact situations stated in [Civil Code] section 3399." (*Demetris v. Demetris* (1954) 125 Cal.App.2d 440, 443.)

For the foregoing reasons, this Court should decide Plaintiff's Fourth Cause of Action for

{00571312}

2

1   reformation of the Bundy deed to reflect the true intent of the parties, *i.e.*, that the deed should be a

2   mortgage on the Bundy House for $100,000.

3

4   Dated: September 9, 2019          **MIRMAN, BUBMAN & NAHMIAS, LLP**

5

6                                     By: ___/s/ Jeffrey E. Wulkan_____
                                          Jeffrey E. Wulkan,
7                                     Attorneys for Plaintiff, Motorola Solutions, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00571312}                            3
                                    326

PROOF OF SERVICE <span style="font-size:smaller">(SPACE BELOW FOR FILING STAMP ONLY)</span>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 21860 Burbank Boulevard, Suite 360, Woodland Hills, California 91367.

     On September 9, 2019, I served the document described as:

PLAINTIFF'S BRIEF RE: FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF AND REFORMATION OF DEED

on the interested parties in this action as follows:

  __X__  (BY EMAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Robert Mills, Esq.
Attorney for Ann Pick
robert@mills-law-office.com

Leo Fasen
Attorney for Jay Francis and Wireless
lfasen@aol.com

Levi Lesches
Attorney for Harold Pick
levi@lescheslaw.com

     Executed on September 9, 2019, at Woodland Hills, California.

  __X__  (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  ____  (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.


             _____/s/ Jacqueline Dale
             JACQUELINE DALE