**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD PICK, an individual; et al.,<br><br>　　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>JAMES A. KAY, Jr., an individual; et al.,<br><br>　　　　　Defendants-Appellees. | No.　20-55804<br><br>D.C. No.<br>2:19-cv-07137-DMG-FFM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted January 11, 2022
Pasadena, California

Before: CLIFTON, M. SMITH, and WATFORD, Circuit Judges.

Appellants Harold Pick, Jay Francis, and Wireless US, LC appeal from the district court's dismissal of their action against appellees James Kay and Lucky's Two-Way Radios, Inc. (Kay appellees) and Motorola Solutions, Inc. and Peter Carlson (Motorola appellees) under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* We affirm.

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** The district court did not err in dismissing appellants' complaint under the *Noerr-Pennington* doctrine. Petitioning conduct is immunized from statutory liability under *Noerr-Pennington* if: (1) the lawsuit at issue imposes a burden on petitioning rights; (2) the alleged conduct forming the basis of the lawsuit constitutes protected petitioning activity; and (3) the relevant statute can be construed to preclude the burden on protected activity. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 930 (9th Cir. 2006). All three prongs are satisfied here.

First, appellants' RICO action alleges that three lawsuits pursued by appellees constituted RICO predicate acts because they violated the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 1512 *et seq.* These lawsuits sought to enforce a valid $1.2 million judgment that Motorola obtained against Pick, such that imposing RICO liability would burden appellees' right to seek redress from the courts. *See Ad Visor, Inc. v. Pacific Telephone & Telegraph Co.*, 640 F.2d 1107, 1110 (9th Cir. 1981); *Sosa*, 437 F.3d at 932.

Second, the filing of the three lawsuits by the Motorola appellees, and any conduct incidental to filing, are quintessential protected petitioning activities. *See Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005); *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 646 (9th Cir. 2009). Funding of the litigation by the Kay appellees also constitutes protected activity in our circuit. *See Sosa*, 437 F.3d at 937; *Liberty Lake Invs., Inc. v. Magnuson*, 12 F.3d 155, 158–59

(9th Cir. 1993).

Third, the statute on which appellants predicate their RICO action, the VWPA, can be construed to preclude this burden on protected petitioning activity. The VWPA imposes liability for actions "harmful" to any person, undertaken knowingly and "with the intent to retaliate" for providing law enforcement with truthful information relating to the commission of a federal crime. 18 U.S.C. § 1513(e). Because the statute does not "clearly" require the imposition of liability for the protected petitioning conduct at issue, "we must construe [the statute] so as to avoid burdening" that conduct. *Sosa*, 437 F.3d at 931. Thus, the underlying lawsuits cannot constitute RICO predicate acts unless *Noerr-Pennington*'s sham litigation exception applies.

**2.** The district court correctly determined that appellants failed to adequately plead the sham litigation exception to *Noerr-Pennington*, under either an objectively baseless or serial litigation theory. Under the sham litigation exception, the *Noerr-Pennington* doctrine does not protect either an individual lawsuit that is "objectively baseless," or a series of lawsuits "'brought pursuant to a policy of starting legal proceedings without regard to the merits' and for an unlawful purpose." *Id.* at 938 (quoting *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998)).

First, appellants cannot adequately plead that any of the three lawsuits at

issue were "objectively baseless." A lawsuit is not objectively baseless when it is "arguably warranted by existing law" or "based on an objectively good faith argument." *International Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1188 (9th Cir. 2017) (quoting *Pro. Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 65 (1993)). The California lawsuit resulted in a jury finding that Pick had fraudulently transferred property to evade judgment, so far from being objectively baseless, it was judicially determined to be meritorious. The first Nevada lawsuit was dismissed for lack of standing based on reasoning that our circuit later rejected and thus cannot be deemed objectively baseless either. The second Nevada lawsuit presents a closer question. As Pick points out, that lawsuit resulted in an adverse finding against Motorola, but the court there determined that the action lacked merit with respect to an individual who is not a party to the RICO action before us. As none of the lawsuits were objectively baseless, appellees' motive for bringing them is immaterial. *See Liberty Lake Invs.*, 12 F.3d at 159.

  Nor does the sham litigation exception apply under a serial litigation theory. Even assuming that one of the suits at issue here was meritless, a single meritless suit cannot support the application of the sham litigation exception based on a serial litigation theory. *See International Longshore*, 863 F.3d at 1187.

  Because, as a matter of law, appellants cannot plead the sham litigation

exception, the district court did not abuse its discretion in denying leave to amend.

3.  We need not address whether appellants adequately alleged an alternative RICO theory of corporate bribery under California Penal Code § 641.3.  Because the *Noerr-Pennington* doctrine bars a RICO claim based on appellees' three lawsuits, appellants have failed to allege at least two predicate acts as required to establish a claim under RICO.  18 U.S.C. § 1962(c).

Appellees' unopposed request for judicial notice (Dkt. 33) is GRANTED.

**AFFIRMED.**